UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| | | |
|---|---|---|
| GERTRUDE BAYONNE, | : | 2004 OCT 14  P 12: 47 |
| PLAINTIFF, | : | |
| v. | : | Docket No. 303 CV 0712 (WWE) |
| PITNEY BOWES INC., | : | |
| DEFENDANT. | : | OCTOBER 14, 2003 |

## DEFENDANT'S OBJECTION TO
## PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT

Pursuant to Federal Rules of Civil Procedure 15 and 16(b), the defendant Pitney Bowes Inc. ("Pitney Bowes") hereby objects to Plaintiff's Motion to File An Amended Complaint dated September 17, 2003 (the "Motion to Amend"). In support of this objection, Pitney Bowes avers as follows:

### PRELIMINARY STATEMENT

Plaintiff's Motion to Amend should be denied because the date to file such an amendment, as twice agreed to by the parties and ordered by the Court, has long since passed. The plaintiff has failed to show good cause for her failure to request leave to file an amended complaint within the time provided by the Parties Planning Report and ordered by the Court. Furthermore, the proposed complaint will prejudice the defendant because it seeks to add a new defendant and new theories of relief under an entirely different statutory scheme (which unlike plaintiff's existing claims do not permit a jury trial), thereby creating new legal and factual issues and discovery obligations in the middle of a pending action. Moreover, the new claims are futile because they fail to state a claim upon which relief can be granted. The Motion to Amend should be denied.

## FACTUAL BACKGROUND

This action was commenced on April 21, 2003. The Complaint advanced two causes of action. The first, a claim for retaliation under the American's With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. The second, a state law claim for breach of the implied covenant of good faith and fair dealing. The state law claim was premised entirely on the ADA retaliation claim.

On June 26, 2003, the parties filed a Report of Parties' Planning Meeting dated June 23, 2003 ("Parties Planning Report") and endorsed by the court on June 26, 2003[1]. In the Parties Planning Report, the parties proposed and the court endorsed June 30, 2003 as the deadline for the plaintiff "to file motions to join additional parties or amend the complaint." Three days prior to the filing of the Parties Planning Report, Pitney Bowes filed a Motion to Dismiss all claims in the Complaint. On August 18, 2003, the plaintiff opposed, in part, the Motion to Dismiss via a Memorandum of Law in Opposition to Defendant's Motion to Dismiss. The plaintiff chose not to oppose the dismissal of Count Two, the state law claim for breach of the implied covenant of good faith and fair dealing.

On August 25, 2003 the parties filed an Amended Report of Parties' Planning Meeting dated August 14, 2003 (the "Amended Parties Planning Report ") and endorsed by the court on August 25, 2003. In the Amended Parties Planning Report, the parties again proposed and the court again endorsed June 30, 2003 as the deadline for the plaintiff "to file motions to join additional parties or amend the complaint." This Amended Parties Planning Report was later followed by Defendant's Reply to Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss dated September 5, 2003 and filed September 8, 2003.

---

[1] Copies of the Parties Planning Report and the Amended Parties Planning Report, together with copies of the court's order endorsing these reports, is attached as Exhibit A.

After the Motion to Dismiss was fully briefed, and over a month after counsel for the plaintiff was informed that consent would not be provided to amend the Complaint given the pending Motion to Dismiss, the plaintiff filed the Motion to Amend. Not only is the Motion to Amend untimely and prejudicial given the June 30th deadline set forth in the Amended Parties Planning Report, it appears to have been filed in a bad faith attempt to moot the pending Motion to Dismiss after the issues were fully briefed by both sides. The Plaintiff's Motion to File an Amended Complaint should be denied.

## ARGUMENT

"When a motion for leave to amend is brought after the time for making such motion set forth in the district court scheduling order passes, . . . Fed. R. Civ. P. 16(b) governs." Lowry v. Eastman Kodak Co., 14 Fed. Appx. 27, 30 (2d Cir. 2001). Pursuant to Rule 16(b), scheduling orders "shall not be modified except upon a showing of good cause." Id. The standard under Rule 16(b) is more onerous than the standard under Rule 15. Id. Because the Motion to Amend failed to comply with the deadline set in the Amended Parties Planning Report and twice endorsed by this court, the Rule 16(b) standard governs the Motion to Amend.[2]

The plaintiff makes no attempt to provide "a showing of good cause" in support of the Motion to Amend. Rather, the plaintiff merely informs the court that she "now amends her original complaint to assert the ERISA" claim. Plaintiff's Motion to File an Amended Complaint at 1. The plaintiff's failure to support the Motion to Amend with "a showing of good cause" is

---

[2] Although Rule 15 does not apply in this case, the plaintiff's Motion to Amend should still be denied under that Rule. While Rule 15 provides that leave "be freely given when justice so requires," it is within the sound discretion of the court to determine whether to grant leave to amend. John Hancock Mutual Life Insurance Co. v. Amerford International Corp., 22 F.3d 458, 462 (2d Cir. 1994). The right to leave is "far from absolute," and leave will be denied if it will cause prejudice to the opposing party, was the result of undue delay or bad faith on behalf of the party seeking the amendment or simply due to the futility of the amendment sought. Id.; Cooper v. Lubell, 1987 U.S. Dist. LEXIS 6242 at *3-4 (S.D.N.Y. 1987); Reisner v. General Motors Corp., 511 F. Supp. 1167, 1172 (S.D.N.Y. 1981).

grounds to deny the Motion. In addition, the Motion should be denied because the proposed

amendment is sought in bad faith, is barred by the pleading amendment deadline set in the

Amended Parties Planning Report, will prejudice Pitney Bowes by adding an entirely new theory

of relief and a new party to this action, and is futile given the likelihood that "new" theories of

relief will likely be dismissed pursuant to a Rule 12(b)(6) motion.

## I.    The Proposed Amendment is Untimely

The parties twice agreed to set June 30, 2003 as the deadline for the plaintiff "to file

motions to join additional parties or amend the complaint." See Parties' Planning Report dated

June 23, 2003; Amended Parties Planning Report dated August 14, 2003. The original Parties

Planning Report was filed after the Motion to Dismiss was filed. According to the plaintiff, she

received notice, on August 8, 2003, that her appeal of the June 11, 2003 denial of her long-term

disability benefits was denied, the subject of the proposed ERISA claim. See Proposed

Amended Complaint, ¶ 58 (alleging that, on August 8, 2003, the appeal of the June 11, 2003

denial was denied). Upon receiving notice, counsel for the plaintiff, on August 12, 2003, raised

the issue of amending the Complaint to include a claim regarding the denial of the long-term

disability benefits. Pitney Bowes advised counsel for the plaintiff that it would not consent to

the proposed amendment. The Amended Parties Planning Report, which the Court again

adopted, did not alter the June 30th deadline to request leave to file an amended complaint.

Nevertheless, plaintiff's Motion to Amend was filed on September 17, 2003, over one month

after plaintiff received notice of the denial of her appeal for long-term disability benefits, after

plaintiff's counsel discussed the proposed amendment with counsel for Pitney Bowes, and after

the parties filed the Amended Parties Planning Report.

The plaintiff's failure to abide by the scheduling order endorsed by the court in the

Amended Parties Planning Report requires that the plaintiff demonstrate "good cause" in support

of the Motion to Amend.  Fed. R. Civ. P. 16(b); <u>Lowry v. Eastman Kodak Co.</u>, 14 Fed. Appx. at

30.  The plaintiff made absolutely no attempt to comply with Rule 16(b).  The Motion to Amend

does not provide the court with any basis from which it could conclude that "good cause" exists

to support the proposed amendment.  Accordingly, the deadline set in the Amended Parties

Planning Report bars the proposed amendment.  Plaintiff's Motion to File an Amended

Complaint should be denied.

## II.    The Proposed Amendment Will Prejudice the Defendant

The proposed amendment will also cause undue prejudice to the defendant.  Undue

prejudice is frequently found where an amendment seeks to "bring entirely new and separate

claims, adds new parties, or at least entails more than an alternative claim or a change in the

allegations of the complaint."  <u>Conroy Datsun Ltd v. Nissan Motor Corp.</u>, 506 F. Supp. 1051,

1054 (N.D.Ill. 1980); <u>see also</u> Cooper v. Lubell, 1987 U.S. Dist. LEXIS 6242 at *5 (S.D.N.Y.

1987) (motion to amend denied where the proposed amendment would open up an entirely new

factual area for discovery); <u>McCann v. Frank B. Hall & Co., Inc.</u>, 109 F.R.D. 363, 367 (N.D.Ill.

1986) ("where the amendment significantly changes the complaint, thereby necessitating

substantial additional discovery, leave to amend should be denied").  Here, not only is the

plaintiff attempting to introduce three additional causes of action based on an entirely separate

statutory scheme under ERISA, she attempting to introduce a new party defendant, The Pitney

Bowes, Inc. Long Term Disability Plan.  The pending original Complaint consists only of a

claim for retaliation under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et

seq.  The three additional claims now proposed by the plaintiff are: (1) a claim for breach of

fiduciary duty for an improper denial of benefits under section 502 of ERISA; (2) a claim for

retaliation under section 510 of ERISA; and (3) a claim for failure to provide pertinent

documents in violation of section 502(c)(1) of ERISA.  The addition of these claims would

undoubtedly alter the nature and scope of this action, would greatly expand the amount of

discovery needed and would inevitably prolong the resolution of the pending case.  Pitney

Bowes should not now be forced to incur the additional expense and invest the additional

resources necessary to defend against the proposed claims given the pending Motion to Dismiss.

The ERISA claims, if joined with the ADA claim in this action, will also procedurally

complicate the trial of this matter.  For instance, unlike the ADA claim, there is no right to a jury

trial in connection with the proposed ERISA claims.  Muller v. First Unum Life Insurance

Company, 341 F.3d 119, 124 (2d Cir. 2003) ("there is no right to a jury trial under ERISA").

Thus, the plaintiff is seeking to join with the ADA claim, for which the plaintiff requests a trial

by jury, ERISA claims that are not subject to trial by jury.  The two claims are not compatible in

the same action and will likely be bifurcated at the time of trial.  Judicial economy will not be

served by joining the two sets of claim.  The Motion to Amend should be denied.

### III.    The Proposed Amendment is Pursued in Bad Faith

In an attempt to forestall a ruling on defendant's pending Motion to Dismiss, plaintiff's

counsel filed the Motion to Amend after more than one month after first raising the issue of

moving to amend the Complaint to assert claims under ERISA on August 12, 2003.  See

Plaintiff's Motion to File an Amended Complaint at 1.  Given the pending Motion to Dismiss,

defendant's counsel did not consent to the Motion to Amend.  The plaintiff then waited until after

the Motion to Dismiss was fully briefed to file the Motion to Amend, which was well over a

month after the conversation occurred regarding the proposed amendment.  The plaintiff fails to

offer any explanation for this delay in filing her Motion to Amend.

A motion to amend will be denied if the court determines it was filed in bad faith, such as

to forestall a ruling on a pending motion.  Reisner v. General Motors Corp., 511 F. Supp. at 1172

(denying a request to amend the complaint where the court found credence in the argument that

the proposed pleading was likely "an attempt to forestall a ruling against the plaintiffs on a

motion for summary judgment").  The only logical conclusion to be drawn from the timing of the

Motion to File an Amended Complaint is that its purpose was to forestall a ruling on the ADA

claim and the possible end of the case.  Whether made for negotiating leverage or other

undisclosed reasons, the timing of plaintiff's Motion to Amend her pleadings by adding a new

party and new claim is in appropriate and should not be permitted at this stage.

## IV.    LEAVE TO AMEND SHOULD BE DENIED BECAUSE THE PROPOSED AMENDMENTS ALLEGING ERISA CLAIMS ARE FUTILE AND ARE SUBJECT TO DISMISSAL.

It is well-established that leave to amend should be denied where the proposed

amendments are futile and could not withstand a motion to dismiss.  Forman v. Davis, 371 U.S.

178, 182, 9 L.Ed. 2d 222, 83 S.Ct. 227 (1962) (leave to amend may be denied where

amendments futile); Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2nd Cir. 2001) (motion

for leave to file an amended complaint denied as "futile" where the proposed new claims cannot

withstand a 12(b)(6) motion to dismiss for failure to state a claim); Absher v. Flexi Intern'l

Software, 2003 U.S. Dist. LEXIS 6089, * 7 (D. Conn. March 31, 2003) (a proposed amendment

need not be allowed if it is futile and cannot withstand a motion to dismiss); Senich v. American-

Republican, 215 F.R.D. 40, 41 (D. Conn. 2003) (a motion for leave to amend the complaint may

be denied if the defendant can demonstrate the futility of the amendment).  Plaintiff's proposed

new ERISA claims in Counts Two, Three and Four[3] fail to state a claim and, therefore, the amended complaint is futile.

**A.    Plaintiff's Proposed Count Two Alleging Breach of Fiduciary Duty For Failure To Pay Benefits Is Not A Viable Claim.**

Plaintiff's proposed Count Two alleges a breach of fiduciary duty by failing to award plaintiff long-term disability benefits. Although plaintiff labeled it as a claim for benefits, plaintiff pleads a breach of fiduciary duty claim for wrongful failure to pay benefits. <u>Tyree v. Smith</u>, 289 F.Supp. 174, 176-77 (E.D. Tenn. 1968) (claim is judged by is substance and not its label). Specifically, plaintiff alleges that the Plan breached "its fiduciary duty to properly administer the plan solely for the benefit of" Ms. Bayonne. Amend. Compl., ¶ 69. Plaintiff alleges that the Plan failed to comply with the provision of ERISA § 404, 29 U.S.C. § 1104, which sets forth the duties and standard of care for a fiduciary. Amend. Compl., ¶ 66. Plaintiff goes on to allege that a "result of Defendant Plan's breach of its fiduciary duties owing to Ms. Bayonne..." she was unable to receive her long-term disability benefits. Amend. Compl., ¶ 69. Plaintiff claims that as a result of those alleged breaches of fiduciary duty she is entitled to long-term disability benefits under 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3). Amend. Compl., ¶ 71.

Plaintiff's Count Two fails to state a claim because it is well established that there is no recognized breach of fiduciary duty claim based on a failure to award ERISA benefits. <u>See, e.g.,</u> <u>Mose v. United States Health Care Systems of Pennsylvania</u>, 1996 U.S. Dist. LEXIS 9913 (E.D. Penn. 1996) ("denial of benefits cannot form the basis for a suit for breach of fiduciary duty"); <u>Blickenstaff v. R. R. Donnelly & Sons Co.</u>, 2001 U.S. Dist. LEXIS 8761 (S.D. Ind. Jan. 29, 2001) ("the simple allegation that a fiduciary denied the plaintiff's claim for benefits does not, by

---

[3] Count One of the proposed Amended Complaint is the same Count One of the current complaint and which is the subject of the pending motion to dismiss.

itself, state a claim for breach of fiduciary duty."); <u>Revello v. Metro. Ins. Co.</u>, 1984 U.S. Dist. LEXIS 23199 (S.D. N.Y. 1984) (stating that a wrongful failure to provide benefits does not qualify as "fiduciary malfeasance"). Thus, plaintiff's claim is improper as a matter of law.

Plaintiff's claim is further improper because the Plan cannot be sued for breach of fiduciary duty and, therefore, is not a proper defendant. The Plan cannot be a fiduciary of itself. <u>See, e.g.</u>, ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A) (defining ERISA fiduciaries); ERISA 402(a)(2), 29 U.S.C. 1102(a)(2) (stating that the ERISA plan must designate one or more named fiduciaries). Thus, plaintiff's allegations that the Plan breached its fiduciary duties, Amend. Complaint, ¶¶ 66-70, are patently improper and cannot form the basis for a claim. <u>See, e.g.</u>, <u>Steinman v. Hicks</u>, 252 F.Supp.2d 746, 756-57 (C.D. Ill. 2003) (ERISA plan is not a fiduciary and, therefore, cannot be sued for breach of fiduciary duty); <u>Local 159 v. Nor-Cal Plumbing</u>, 185 F.3d 978, 982 (9th Cir. 1999) (ERISA plans cannot be fiduciaries to themselves); <u>Adams v. Koppers Co.</u>, 684 F.Supp. 399, 401 (W.D. Pa. 1988) (plan is not a fiduciary).

A further failing with plaintiff's attempted Count Two is that the civil enforcement provisions of ERISA she relies upon does not permit the individual remedy she seeks, namely long-term disability benefits. ERISA § 409, 29 U.S.C. § 1109, sets forth the remedies available for a breach of fiduciary duty, including those duties set forth in ERISA § 404, which plaintiff cites in support of her claim. Amend. Complaint, ¶ 66. Plaintiff does not seek any of the remedies permitted under ERISA § 409, but rather individual benefits. Therefore, her breach of fiduciary duty claim is futile. <u>Massachusetts Mutual Life Ins. Co. v. Russell</u>, 473 U.S. 134, 144, 87 L.Ed.2d 96, 105 S.Ct. 3085 (1985).

Finally, plaintiff's allegation in paragraph 71 of the proposed amended complaint that she seeks relief under 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3) simultaneously is patently improper

because it is well established that a participant cannot maintain a claim seeking benefits under both ERISA § 502(a)(1)(B) [29 U.S.C. § 1132(a)(1)(B)] and § 502(a)(3) [29 U.S.C. § 1132(a)(3)].  See, e.g., Motesano v. Xerox Corp. Retirement Income Guarantee Plan, 117 F.Supp. 2d 147, 165-66 (D. Conn. 2000) (claim under ERISA Section 502(a)(1)(B) and a claim for breach of fiduciary duty under ERISA Section 503(a)(3) cannot be maintained simultaneously), aff'd in part and rev'd on other grounds, 256 F.3d 86 (2nd Cir. 2001), citing Varity Corp. v. Howe, 516 U.S. 489, 134 L.Ed.2d 130, 116 S.Ct. 1065 (1996).  Because plaintiff has improperly pled a breach of fiduciary duty claim which does not provide the remedy she seeks and has pled duplicative theories which the courts have rejected, plaintiff's proposed Count Two is subject to immediate dismissal for failure to state a claim.

**B.      Plaintiff's Proposed Count Three Under ERISA Section 510 Fails To State A Claim Because Plaintiff Fails To Allege An Adverse Employment Action Recognized By Section 510 And Fails To Allege Facts Showing Specific Intent To Interfere With ERISA Rights.**

Plaintiff's proposed Count Three alleges that Defendant Pitney Bowes Inc. violated ERISA Section 510 (ERISA's anti-discrimination provision) by taking certain adverse employment actions against her to interfere with her right to benefits.  The problem with plaintiff's allegation is that only adverse employment actions *affecting the employer-employee relationship* and intentionally taken to prevent a person from obtaining ERISA benefits (i.e., firing the individual) constitutes a violation of ERISA Section 510.  See Dister v. The Continental Group, Inc., 859 F.2d 1108, 1110-1117 (2nd Cir. 1988) (entering judgment for employer because employer did not terminate plaintiff for the purpose of denying him attainment of ERISA benefits).  Section 510 was designed primarily to prevent employers from discharging employees "in order to keep them from obtaining vested pension rights."  Id. at 1111.  To properly state a Section 510 claim, "an employee must show that the employer engaged in a

prohibited conduct *for the purpose of interfering with the employee's attainment of any right* to which he may become entitled under an ERISA-protected plan." Gandelman v. Aetna Ambulance Service, Inc., 48 F.Supp.2d 169, 173 (D. Conn. 1999) (emphasis added); see e.g., Lindeman v. Mobil Oil Corp., 141 F.3d 290, 295 (7th Cir. 1998) (a participant in an ERISA plan must demonstrate a specific intent of preventing or retaliating for the use of benefits). The employee must show that there was an adverse employment action taken. Swanson v. U.S. Local 13 Pension Plan, 779 F.Supp. 690, 702 (W.D. N.Y. 1991) (§ 510 only "reaches conduct which directly affects the employer-employee relationship in a fundamental way . . . so as to interfere with . . . pension rights), aff'd 953 F.2d 636 (2nd Cir. 1991). As a matter of law, none of the adverse employment actions alleged by plaintiff[4] constitute a violation of ERISA Section 510 and, therefore, her claim is futile.

In addition, even if the alleged conduct could constitute an adverse employment action under Section 510, none of the alleged actions logically could have been taken for the intentional purpose of interfering with plaintiff's right to long-term disability benefits under the Plan. Whether defendant Pitney Bowes Inc. denied plaintiff's request for short-term disability benefits,[5] Amend. Complaint, ¶ 75, or interfered with her COBRA coverage has absolutely no impact on plaintiff's ability to obtain long-term disability benefits from the Plan. See Plan, attached as part of Exhibit B to Amend. Complaint. Moreover, because Pitney Bowes Inc. denied plaintiff continuing short-term disability benefits before she even applied for long-term

---

[4] The alleged adverse employment actions which plaintiff pleads are: (1) Pitney Bowes Inc. denied her claim for short-term disability benefits; (2) Pitney Bowes Inc. and the Plan provided her a copy of her claims file twenty days late; (3) Pitney Bowes Inc. interfered with her COBRA coverage; and (4) Pitney Bowes and the Plan denied her claim for long-term disability benefits and her appeal. Amend. Complaint, ¶¶ 75-85.

[5] Short-term disability benefits offered to eligible employees is a payroll practice provided by defendant Pitney Bowes Inc. that is unrelated to whether a person qualifies for long-term disability benefits from the defendant Plan. The defendant Plan has no control over short-term disability benefits. See Pitney Bowes Inc. Long-Term Disability Plan, attached as part of Exhibit B to proposed Amended Complaint.

disability benefits under the Plan, the company's decision to deny short-term disability benefits could not have been in retaliation for applying for long-term disability benefits.

Finally, the fact that the Plan Administrator ultimately denied plaintiff's claim for long-term disability benefits cannot support a Section 510 claim against Pitney Bowes Inc., as Pitney Bowes Inc. did not and does not make that decision. See Plan § 7.6, attached as part of Exhibit B to proposed amended complaint and also labeled by plaintiff as "Appeal Record Page 50" ("The Employee Benefits Committee shall be the Plan Administrator"); Plan § 7.5 (one of powers and duties of Employee Benefits Committee is "to determine questions of eligibility and of the status and rights of participants"); See, e.g., Crocco v. Xerox Corp., 137 F.3d 105 (2nd Cir. 1998) (employer not responsible for benefit decisions where plan documents name a plan administrator). Because plaintiff (1) fails to plead recognized adverse employment actions; (2) fails to plead facts which suggest an interference with long-term disability benefits, and (3) instead alleges wrongful acts not under the employer's control, her Section 510 is both legally and factually futile.

**C.    Plaintiff's Proposed Count Four Alleging Violations Of ERISA Section 502(c)(1) For A Short Delay In Providing A Copy Of Her Claim File Is Wrongfully Directed At The Plan.**

Plaintiff's proposed Count Four alleges that she made a request for copies "of her STD and LTD claim files" and that the "*Defendant Plan* failed to provide a timely response" because the response was provided within 50 days instead of within 30 days as contemplated by ERISA. Amend. Complaint, ¶ 88 (emphasis added). Plaintiff asserts her claim under ERISA Section 502(c)(1). As a matter of law, and as shown below, the Plan cannot be sued under Section 502(c). Nor does plaintiff allege that the 20-day delay caused her any harm or prejudiced her in any way as typically required to find a 502(c)(1) violation. For both reasons, plaintiff's Count Four fails to state a claim under Section 502(c)(1) of ERISA.

First, as a matter of law, the Plan cannot be sued for a violation of Section 502(c)(1).  The statute provides that that "[a]ny *administrator* . . . who fails or refuses to comply with a request for information…" may "in the court's discretion" be held personally liable in the amount of up to $100 per day.  ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1) (emphasis added); Lee v. Burkhart, 991 F.2d 1004, 1010 n. 5 (2nd Cir. 1993) (holding that only person "designated" as the plan administrator can be liable under 502(c)); Schultz v. Texaco Inc., 127 F.Supp.2d 443, 449 (S.D.N.Y. 2001) (dismissing 502(c) claims against defendants because "only a plan administrator can be found liable for failure to provide the required information"); Cline v. Industrial Maint. Eng'g Contracting Co., 200 F.3d 1223, 1234-35 (9th Cir. 2000) (judgment in favor of defendant plan and other defendants because plaintiff could not prove they were the "plan administrator" and, therefore, 502(c) penalties were improper); Ross v. Rail Car America Group Disability Plan, 285 F.3d 735, 743-44 (8th Cir. 2002) (only the plan administrator can be liable under Section 502(c)).

The Plan clearly identifies the Plan Administrator as the Employee Benefits Committee. See Plan ¶ 7.6, attached as part of Exhibit B to proposed amended complaint and also labeled by plaintiff as "Appeal Record Page 50" ("The Employee Benefits Committee shall be the "Plan Administrator").  Accordingly, the Plan is not a proper defendant for a claim raised under ERISA Section 502(c)(1) and plaintiff's claim against the Plan is futile as a matter of law.

Second, plaintiff does not allege any harm or prejudice to her as a result of the alleged short twenty-day delay and, therefore, penalties are inappropriate.  See, e.g., Demery v. Extebank Deferred Compensation Plan, 216 F.3d 283, 290 (2nd Cir. 2000) (district court properly refused to impose Section 502(c) penalties where the plaintiffs suffered no harm as a result of the delay); Balzanto v. Nicholas Cuda, Ltd., 2002 WL 63519 (N.D. Ill. Jan 17, 2002) (plaintiff not entitled

to 502(c) penalties where documents were provided within 58 days of request because although technically late there was no prejudice or harm to plaintiff and it "does not amount to a long or unreasonable delay justifying penalties"); Plotkin v. Bearings Ltd., 777 F.Supp. 1105, 1107-08 (E.D. N.Y. 1991) (Section 502(c) penalties are not imposed "for 'technical violations' of that statute" and, regardless, plaintiff failed to allege he was "harmed or otherwise prejudiced by the delay"); Kelly v. Chase Manhattan Bank, 717 F.Supp. 227, 233 (S.D.N.Y. 1989) ("clear weight of authority indicates that penalties will not be imposed on a plan administrator absent a showing by the plaintiff that he has suffered some degree of harm resulting from the delay").  For these reasons, plaintiff's proposed Count Four fails to state a claim.

## CONCLUSION

Plaintiff's Motion to Amend adding new parties and entirely new claims should be denied at this late stage in the litigation. Plaintiff failed to seek amendments prior to the deadline set forth in the Planning Report and the Amended Planning Report and, therefore, is not entitled to bring them in this action. Moreover, plaintiff has not established good cause as to why she should be permitted to bring entirely new claims against an entirely new defendant in this case, especially where the new claims do not permit a jury and the pending claim does permit a jury. The trial would have to be bifurcated, thus complicating the matter further. Furthermore, the proposed ERISA claims plaintiff seeks to add are each legally deficient and, if allowed, would not withstand a motion to dismiss. For all the foregoing reasons, the defendant Pitney Bowes respectfully requests that Plaintiff's Motion to File an Amended Complaint be denied.

THE DEFENDANT,

PITNEY BOWES INC.
BY ITS ATTORNEYS

Marc L. Zaken (CT 03110)
mzaken@edwardsangell.com
John G. Stretton (CT 19902)
jstretton@edwardsangell.com
EDWARDS & ANGELL, LLC
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901
(203) 353-6819

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Objection was mailed via first class mail,

postage prepaid to counsel for the Plaintiff, addressed as follows:

> Mark P. Carey
> Carey & Associates, P.C.
> 71 Old Post Road South, Suite One
> Southport, CT 06890

this 14th day of October, 2003.

John G. Stretton

**FILED**

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

2003 JUN 25  A 9 49

US DISTRICT COURT
BRIDGEPORT CT

GERTRUDE BAYONNE,
      **Plaintiff,**

                   :     **Civ. Action No.**
                   :     **3:03CV0712(WWE)**

**v.**                   :

PITNEY BOWES, INC.,
               **Defendant.**   :     **JUNE 23, 2003**

### REPORT OF PARTIES' PLANNING MEETING

    The parties file this Report pursuant to F.R.C.P. Rule 26(f) Local Rule 38 and state as follows: The complaint in this action was filed on April 21, 2003, by Gertrude Bayonne ("Plaintiff") against Pitney Bowes, Inc. ("Pitney Bowes" or "Defendant").

    The Court issued an Order on Pretrial Deadlines dated April 21, 2003.  Such Order and a Copy of the Complaint was served upon the Defendant's Counsel, pursuant to Fed. R.Civ.P. 4, by process server on May 2, 2002.  On May 6, 2003, Plaintiff returned the completed Summons to the Clerk of Court via regular mail.

    Counsel for the Defendant, Marc L. Zaken, of the law firm of Edwards & Angell, LLC, filed his appearance on May 21, 2003.

    On May 21, 2003, Defendant moved for an extension in which to respond to the Complaint. Such motion was granted by the Court on May 27, 2003.  The Defendant's response to the Complaint is due by June 23, 2003.

FILED JMS
2003 JUN 16 P 5: 02
U.S. DISTRICT COURT
BRIDGEPORT CT

Report Approved.
Discovery cutoff date __Jan. 30, 2004__
Dispositive Motions due by __Apr. 1, 2004__
SO ORDERED __6 / 26 /2003__

Warren W. Eginton, Sr. U.S.D.J.

**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2003 JUN 25 · A 9: 49

US DISTRICT COURT
BRIDGEPORT CT

GERTRUDE BAYONNE,
           Plaintiff,

                        :        Civ. Action No.
                              3:03CV0712(WWE)

v.                       :

PITNEY BOWES, INC.,
           Defendant.         :        JUNE 23, 2003

## REPORT OF PARTIES' PLANNING MEETING

    The parties file this Report pursuant to F.R.C.P. Rule 26(f) Local Rule 38 and state as follows: The complaint in this action was filed on April 21, 2003, by Gertrude Bayonne (the "Plaintiff") against Pitney Bowes, Inc. ("Pitney Bowes" or "Defendant").

    The Court issued an Order on Pretrial Deadlines dated April 21, 2003. Such Order and a Copy of the Complaint was served upon the Defendant's Counsel, pursuant to Fed. R.Civ.P. 4, by process server on May 2, 2002. On May 6, 2003, Plaintiff returned the completed Summons to the Clerk of Court via regular mail.

    Counsel for the Defendant, Marc L. Zaken, of the law firm of Edwards & Angell, LLC, filed his appearance on May 21, 2003.

    On May 21, 2003, Defendant moved for an extension in which to respond to the complaint. Such motion was granted by the Court on May 27, 2003. The Defendant's reponse to the Complaint is due by June 23, 2003.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, conferences were held on June 19, 2003 and June 23, 2003. The participants were: Mark P. Carey for Plaintiff and Marc L. Zaken and John G. Stretton for Defendant.

I.     Certification:

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibility for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.    Jurisdiction:

A.  Plaintiff alleges subject matter jurisdiction is based on: Americans With Disabilities Act, 42 U.S.C. § 12117(a). The Defendant does not admit that the Court has jurisdiction over this dispute and leaves Plaintiff to her proof.

B.      Plaintiff alleges that personal jurisdiction is proper as to Defendant, because Pitney Bowes is authorized to conduct business at its corporate location in the State of Connecticut. The Plaintiff further alleges that, at all relevant times, she was employed at that place of business.

III.   Brief Description of Case:

A.     Claims of Plaintiff:

This is an action for: **Count One**-ADA retaliation and denial of disability benefits (It is the position of Defendant that Count One attempts to state only an

ADA retaliation claim); **Count Two**-Pendent claim for Breach of Covenant of Good Faith and Fair Dealing.

B.      Defenses and Claims of Defendant:

Defendant denies each and every allegation in Plaintiff's Complaint. Further, Defendant asserts that Plaintiff has failed to state a claim upon which relief can be granted.

IV.    Statement of Undisputed Facts:

Each counsel certifies that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

A.      Pitney Bowes is an employer and a publicly held corporation licensed to conduct business in the State of Connecticut and maintains a principal place of business at 1 Elmcroft Road, Stamford, Connecticut 06926.

B.      Gertrude Bayonne resides at 44 Strawberry Hill Avenue, Unit 3H, Stamford, Connecticut 06902.

V.     Case Management Plan:

A.      Standing Order on Scheduling in Civil Cases:

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

1.      Motions to dismiss based on the pleadings shall be filed by June 23, 2003.

2.    Formal discovery shall be completed by January 30, 2004.

3.    Motions for Summary Judgment shall be filed by April 1, 2004.

B.    Scheduling Conference with the Court:

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(B). The parties prefer a conference by telephone.

C.    Early Settlement Conference:

1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice, and hereby state the following:

a.    Plaintiff Position: Plaintiff requests a settlement conference.

b.    Defendant's Position: Defendant does not request an immediate settlement conference at this time.

2.    The parties do not request a referral for alternative dispute resolution pursuant to Local Civil Rule 36.

D.    Joinder of Parties and Amendment of Pleadings:

1.    Plaintiff should be allowed until June 30, 2003 to file motions to join additional parties or amend the complaint.

2.    Defendants should be allowed until July 30, 2003 to file motions to join additional parties, add counterclaims or amend the pleadings.

E.    Discovery:

4

1.    The parties anticipate that discovery will be conducted on the following subjects:

      a.     Plaintiff's claim for retaliation and denial of disability benefits;

      b.     Plaintiff's mitigation;

      c.     Plaintiff's damages;

      d.     Defendant's affirmative defenses and counter claims.

      e.     In addition to the foregoing, the plaintiff:

           i)     reserves the right to seek discovery on other issues that may arise during the course of litigation;

           ii)     reserves the right to object to individual discovery requests as appropriate.

      f.     In addition to the above, Defendant anticipates discovery on the following subjects:

           1)     all subjects and issues fairly arising out of the claims of Plaintiff's complaint;

           2)     Plaintiff's medical and psychological history;

           3)     Plaintiff's job duties and responsibilities while employed;

    4)     Plaintiff's job performance and work history at Pitney Bowes;

    5)     Plaintiff's employment history prior to and following employment with Pitney Bowes; and

    6)     Other civil or administrative charges filed by Plaintiff.

g.    In addition to the foregoing, the Defendant:

    1)     reserves the right to seek discovery on other issues that may arise during the course of litigation;

    2)     reserves the right to object to individual discovery requests as appropriate.

2. All discovery, including depositions of expert witnesses pursuant to Fed.R.Civ.P. 26(b)(4), will commence immediately and be completed (not propounded) by the proposed discovery deadline.

3. Discovery will not be conducted in phases.

4. Discovery on all issues will be completed by the proposed discovery deadline of January 30, 2004.

5. The parties anticipate that Plaintiff will require a total of 3-7 depositions of fact witnesses and that Defendant will require a total of 3 to

5 depositions of fact witnesses. Depositions will be completed by January

30, 2004.

6.  The parties both request permission to serve more than 25

interrogatories.

7.  Plaintiff does intend to call expert witnesses at trial. Plaintiff will

designate all trial experts and provide opposing counsel with reports

from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by 60 days

before close of discovery. Plaintiff proposes that depositions of any

such experts will be completed by January 30, 2004.

8.  Defendant reserves its right to call expert witnesses at trial. Defendant

will designate all trial experts and provide opposing counsel with

reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by 30

days after Plaintiff discloses her experts. Depositions of any experts

will be completed by February 30, 2004.

10. A damage analysis will be provided by any party who has a claim

or counterclaim for damages by July 30, 2003.


F.     Not Applicable.

H.     Joint Trial Memorandum:

The joint trial memorandum required by the Standing Order on Trial

Memorandum in Civil Cases will be filed within 30 days after the Court's

decision on any dispositive motion or 30 days after the close of discovery,

whichever is later.

VI.    Trial Readiness:

A.    The case will be ready for trial by 60 days after the Court rules on

dispositive motions or February 1, 2004, whichever is later.

B.    As officers of the Court, undersigned counsel agree to cooperate with each

other and the Court to promote the just, speedy and inexpensive determination of this

action.

Dated: Southport, CT
June 23, 2003

PLAINTIFF,
GERTRUDE BAYONNE

By:

Mark P. Carey (ct17828)
Carey & Associates, P.C.
Attorneys At Law
71 Old Post Road, Suite One
Southport, CT 06490
(203) 255-4150 tel.
(203) 255-0380 fax.
Mcarey@capclaw.com

Attorney for Plaintiff

Dated: Stamford, CT
June 24, 2003

Pitney Bowes, Inc,
DEFENDANT

By:

Marc L. Zaken (CT03110)
John G. Stretton (CT 19902)
Edwards & Angell, LLC
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901
(203) 975-7505 tel.
(203) 975-7180 fax.
mzaken@EdwardsAngell.com
jstretton@EdwardsAngell.com

8

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY, that the foregoing Parties Planning Report was delivered via facsimile and UPS Next Day Service, fee prepaid, this the 23rd day of June, 2003 to:

Marc L. Zaken
Edwards & Angell, LLC
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901

Mark P. Carey

FILED

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

2003 AUG 20 P 12: 28

US DISTRICT COURT
BRIDGE...

GERTRUDE BAYONNE,
        **Plaintiff,**

                              **Civ. Action No.**
                              **3:03CV0712(WWE)**

**v.**

**PITNEY BOWES INC.,**
        **Defendant.**                     **AUGUST 14, 2003**

### AMENDED
### REPORT OF PARTIES' PLANNING MEETING

The parties file this Report pursuant to F.R.C.P. Rule 26(f) Local Rule 38 and

te as follows: The complaint in this action was filed on April 21, 2003, by Gertrude

yonne (the "Plaintiff") against Pitney Bowes Inc. ("Pitney Bowes" or "Defendant").

The Court issued an Order on Pretrial Deadlines dated April 21, 2003. Such

der and a Copy of the Complaint was served upon the Defendant's Counsel, pursuant

Fed. R.Civ.P. 4, by process server on May 2, 2002. On May 6, 2003, Plaintiff returned

: completed Summons to the Clerk of Court via regular mail.

Counsel for the Defendant, Marc L. Zaken, of the law firm of Edwards & Angell,

LC, filed his appearance on May 21, 2003.

On May 21, 2003, Defendant moved for an extension in which to respond to the

complaint. Such motion was granted by the Court on May 27, 2003. Defendant filed a

Motion to Dismiss all claims on June 23, 2003.

Report Approved.
Discovery cutoff date 2 - 28 - 2004
Dispositive Motions due by 4 - 15 - 2004
SO ORDERED

Warren W. Eginton, Sr. U.S.D.J.

6 / 25 / 2003

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERTRUDE BAYONNE,<br>            Plaintiff, | :<br>:<br>: |
| | :     Civ. Action No. |
| | :     3:03CV0712(WWE) |
| v. | : |
| | : |
| PITNEY BOWES INC., | : |
|             Defendant. | :     AUGUST 14, 2003 |
| | : |

## AMENDED
## REPORT OF PARTIES' PLANNING MEETING

The parties file this Report pursuant to F.R.C.P. Rule 26(f) Local Rule 38 and state as follows: The complaint in this action was filed on April 21, 2003, by Gertrude Bayonne (the "Plaintiff") against Pitney Bowes Inc. ("Pitney Bowes" or "Defendant").

The Court issued an Order on Pretrial Deadlines dated April 21, 2003. Such Order and a Copy of the Complaint was served upon the Defendant's Counsel, pursuant to Fed. R.Civ.P. 4, by process server on May 2, 2002. On May 6, 2003, Plaintiff returned the completed Summons to the Clerk of Court via regular mail.

Counsel for the Defendant, Marc L. Zaken, of the law firm of Edwards & Angell, LLC, filed his appearance on May 21, 2003.

On May 21, 2003, Defendant moved for an extension in which to respond to the complaint. Such motion was granted by the Court on May 27, 2003. Defendant filed a Motion to Dismiss all claims on June 23, 2003.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, conferences were held on June 19, 2003, June 23, 2003 and August 11, 2003. The participants were: Mark P. Carey for Plaintiff and Marc L. Zaken and John G. Stretton for Defendant.

I.    Certification:

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibility for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

II.    Jurisdiction:

A.  Plaintiff alleges subject matter jurisdiction is based on: Americans With Disabilities Act, 42 U.S.C. § 12117(a).  The Defendant does not admit that the Court has jurisdiction over this dispute and leaves Plaintiff to her proof.

B.    Plaintiff alleges that personal jurisdiction is proper because Defendant Pitney Bowes is authorized to conduct business at its corporate location in the State of Connecticut. The Plaintiff further alleges that, at all relevant times, she was employed at that place of business.

III.    Brief Description of Case:

A.    Claims of Plaintiff:

This is an action for: **Count One**-ADA retaliation and denial of disability benefits

(It is the position of Defendant that Count One attempts to state only an ADA

retaliation claim); **Count Two**-Pendent claim for Breach of Covenant of Good

Faith and Fair Dealing.

B.    Defenses and Claims of Defendant:

Defendant denies each and every allegation in Plaintiff's Complaint. Further,

Defendant asserts that Plaintiff has failed to state a claim upon which relief can be

granted.


IV.    Statement of Undisputed Facts:

Each counsel certifies that they have made a good faith attempt to determine

whether there are any material facts that are not in dispute. The parties state that the

following material facts are undisputed:

A.    Pitney Bowes is an employer and a publicly held corporation licensed to

conduct business in the State of Connecticut and maintains a principal place of

business at 1 Elmcroft Road, Stamford, Connecticut 06926.

B.    Gertrude Bayonne resides at 44 Strawberry Hill Avenue, Unit 3H,

Stamford, Connecticut 06902.

V.    Case Management Plan:

    A.    Standing Order on Scheduling in Civil Cases:

    The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

        1.    Motions to dismiss based on the pleadings shall be filed by June 23, 2003.

        2.    Formal discovery shall be completed by February 28, 2004.

        3.    Motions for Summary Judgment shall be filed by April 15, 2004.

    B.    Scheduling Conference with the Court:

    The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(B). The parties prefer a conference by telephone.

    C.    Early Settlement Conference:

        1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice, and hereby state the following:

            a.    Plaintiff Position: Plaintiff requests a settlement conference.

            b.    Defendant's Position: Defendant does not request a settlement conference at this time.

        2.    The parties do not request a referral for alternative dispute resolution pursuant to Local Civil Rule 36.

NYC_150693_3/JSTRETTON

D.    Joinder of Parties and Amendment of Pleadings:

1.  Plaintiff should be allowed until June 30, 2003 to file motions to join additional parties or amend the complaint.

2.  Defendants should be allowed until July 30, 2003 to file motions to join additional parties, add counterclaims or amend the pleadings.

E.    Discovery:

1.  The parties anticipate that discovery will be conducted on the following subjects:

      a.    Plaintiff's claim for retaliation and denial of disability benefits;

      b.    Plaintiff's mitigation;

      c.    Plaintiff's damages;

      d.    Defendant's affirmative defenses and counter claims.

      e.    In addition to the foregoing, the plaintiff:

          i)    reserves the right to seek discovery on other issues that may arise during the course of litigation;

          ii)    reserves the right to object to individual discovery requests as appropriate.

      f.    In addition to the above, Defendant anticipates discovery on the following subjects:

NYC_150693_3/JSTRETTON

Fed.R.Civ.P. 26(b)(4), will commence immediately and be completed (not propounded) by February 28, 2004, the proposed discovery deadline.

3.  Discovery will not be conducted in phases.

4.  Discovery on all issues will be completed by the proposed discovery deadline of February 28, 2004.

5.  The parties anticipate that Plaintiff will require a total of 3-7 depositions of fact witnesses and that Defendant will require a total of 3-7 depositions of fact witnesses. Depositions will be completed by February 28, 2004.

6.  The parties both request permission to serve more than 25 interrogatories.

7.  Plaintiff does intend to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by November 1, 2003. Plaintiff proposes that depositions of any such experts will be completed by January 1, 2004.

8.  Defendant reserves its right to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by January 1, 2004.  Depositions of any experts will be completed by February 28, 2004.

9. A damage analysis will be provided by any party who has a claim or counterclaim for damages by July 30, 2003.

F.    Not Applicable.

NYC_150693_3/JSTRETTON

H.    Joint Trial Memorandum:

The joint trial memorandum required by the Standing Order on Trial

Memorandum in Civil Cases will be filed within 30 days after the Court's

decision on any dispositive motion or, if no such motion is made, by June

1, 2004.

VI.    Trial Readiness:

A.    The case will be ready for trial 60 days after the Court rules on dispositive

motions or, if no such motion is made, by July 1, 2004.

NYC_150693_3/JSTRETTON

B.     As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Dated: Southport, CT
August _____, 2003

PLAINTIFF,
GERTRUDE BAYONNE

By:

Mark P. Carey (ct17828)
Carey & Associates, P.C.
Attorneys At Law
71 Old Post Road, Suite One
Southport, CT 06490
(203) 255-4150 tel.
(203) 255-0380 fax.
Mcarey@capclaw.com

Dated: Stamford, CT
August 14, 2003

Pitney Bowes Inc.
DEFENDANT

By:

Marc L. Zaken (CT03110)
John G. Stretton (CT 19902)
Edwards & Angell, LLC
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901
(203) 975-7505 tel.
(203) 975-7180 fax.
mzaken@EdwardsAngell.com
jstretton@EdwardsAngell.com

NYC_150693_3/JSTRETTON

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY, that the foregoing Parties Planning Report was delivered via facsimile and UPS Next Day Service, fee prepaid, this the _____ day of August, 2003 to:

Marc L. Zaken
Edwards & Angell, LLC
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901

Mark P. Carey

NYC_150693_3/JSTRETTON