UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

2003 JUN 25  A 9: 49

US DISTRICT COURT
BRIDGEPORT CT

GERTRUDE BAYONNE,
         **Plaintiff,**

                    :

                    :

**v.**                 :

**PITNEY BOWES, INC.,**
         **Defendant.**      :

Civ. Action No.
3:03CV0712(WWE)

**JUNE 23, 2003**

## REPORT OF PARTIES' PLANNING MEETING

The parties file this Report pursuant to F.R.C.P. Rule 26(f) Local Rule 38 and state as follows: The complaint in this action was filed on April 21, 2003, by Gertrude Bayonne ("Plaintiff") against Pitney Bowes, Inc. ("Pitney Bowes" or "Defendant").

The Court issued an Order on Pretrial Deadlines dated April 21, 2003. Such Order and a Copy of the Complaint was served upon the Defendant's Counsel, pursuant to Fed. R.Civ.P. 4, by process server on May 2, 2002. On May 6, 2003, Plaintiff returned the completed Summons to the Clerk of Court via regular mail.

Counsel for the Defendant, Marc L. Zaken, of the law firm of Edwards & Angell, LLC, filed his appearance on May 21, 2003.

On May 21, 2003, Defendant moved for an extension in which to respond to the complaint. Such motion was granted by the Court on May 27, 2003. The Defendant's response to the Complaint is due by June 23, 2003.

FILED

2003 JUN 25 P 5: 02
US DISTRICT COURT
BRIDGEPORT CT

Report Approved
Discovery cutoff date Jan. 30, 2004
Dispositive Motions due by Apr. 1, 2004
SO ORDERED
6 / 26 /20

Warren W. Eginton, Sr.U.S.D.J.

**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2003 JUN 25 · A 9: 49

US DISTRICT COURT
BRIDGEPORT CT

GERTRUDE BAYONNE,
          Plaintiff,      :

                           :    Civ. Action No.
                               3:03CV0712(WWE)

v.                        :

PITNEY BOWES, INC.,        :
          Defendant.          JUNE 23, 2003
                            :

## REPORT OF PARTIES' PLANNING MEETING

    The parties file this Report pursuant to F.R.C.P. Rule 26(f) Local Rule 38 and state as follows: The complaint in this action was filed on April 21, 2003, by Gertrude Bayonne (the "Plaintiff") against Pitney Bowes, Inc. ("Pitney Bowes" or "Defendant").

    The Court issued an Order on Pretrial Deadlines dated April 21, 2003. Such Order and a Copy of the Complaint was served upon the Defendant's Counsel, pursuant to Fed. R.Civ.P. 4, by process server on May 2, 2002. On May 6, 2003, Plaintiff returned the completed Summons to the Clerk of Court via regular mail.

    Counsel for the Defendant, Marc L. Zaken, of the law firm of Edwards & Angell, LLC, filed his appearance on May 21, 2003.

    On May 21, 2003, Defendant moved for an extension in which to respond to the complaint. Such motion was granted by the Court on May 27, 2003. The Defendant's reponse to the Complaint is due by June 23, 2003.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, conferences were held on June 19, 2003 and June 23, 2003. The participants were: Mark P. Carey for Plaintiff and Marc L. Zaken and John G. Stretton for Defendant.

I.     Certification:

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibility for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.    Jurisdiction:

A.  Plaintiff alleges subject matter jurisdiction is based on: Americans With Disabilities Act, 42 U.S.C. § 12117(a).  The Defendant does not admit that the Court has jurisdiction over this dispute and leaves Plaintiff to her proof.

B.     Plaintiff alleges that personal jurisdiction is proper as to Defendant, because Pitney Bowes is authorized to conduct business at its corporate location in the State of Connecticut. The Plaintiff further alleges that, at all relevant times, she was employed at that place of business.

III.   Brief Description of Case:

A.     Claims of Plaintiff:

This is an action for: **Count One**-ADA retaliation and denial of disability benefits (It is the position of Defendant that Count One attempts to state only an

ADA retaliation claim); **Count Two**-Pendent claim for Breach of Covenant of Good Faith and Fair Dealing.

B.      Defenses and Claims of Defendant:

Defendant denies each and every allegation in Plaintiff's Complaint. Further, Defendant asserts that Plaintiff has failed to state a claim upon which relief can be granted.

IV.     Statement of Undisputed Facts:

Each counsel certifies that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

A.      Pitney Bowes is an employer and a publicly held corporation licensed to conduct business in the State of Connecticut and maintains a principal place of business at 1 Elmcroft Road, Stamford, Connecticut 06926.

B.      Gertrude Bayonne resides at 44 Strawberry Hill Avenue, Unit 3H, Stamford, Connecticut 06902.

V.      Case Management Plan:

A.      Standing Order on Scheduling in Civil Cases:

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

1.      Motions to dismiss based on the pleadings shall be filed by June 23, 2003.

3

2.      Formal discovery shall be completed by January 30, 2004.

3.      Motions for Summary Judgment shall be filed by April 1, 2004.

B.    Scheduling Conference with the Court:

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(B). The parties prefer a conference by telephone.

C.    Early Settlement Conference:

1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice, and hereby state the following:

a.   Plaintiff Position: Plaintiff requests a settlement conference.

b.   Defendant's Position: Defendant does not request an immediate settlement conference at this time.

2.    The parties do not request a referral for alternative dispute resolution pursuant to Local Civil Rule 36.

D.    Joinder of Parties and Amendment of Pleadings:

1.   Plaintiff should be allowed until June 30, 2003 to file motions to join additional parties or amend the complaint.

2.   Defendants should be allowed until July 30, 2003 to file motions to join additional parties, add counterclaims or amend the pleadings.

E.    Discovery:

1.    The parties anticipate that discovery will be conducted on the following subjects:

    a.    Plaintiff's claim for retaliation and denial of disability benefits;

    b.    Plaintiff's mitigation;

    c.    Plaintiff's damages;

    d.    Defendant's affirmative defenses and counter claims.

    e.    In addition to the foregoing, the plaintiff:

        i)    reserves the right to seek discovery on other issues that may arise during the course of litigation;

        ii)    reserves the right to object to individual discovery requests as appropriate.

    f.    In addition to the above, Defendant anticipates discovery on the following subjects:

        1)    all subjects and issues fairly arising out of the claims of Plaintiff's complaint;

        2)    Plaintiff's medical and psychological history;

        3)    Plaintiff's job duties and responsibilities while employed;

4)  Plaintiff's job performance and work history at Pitney Bowes;

5)  Plaintiff's employment history prior to and following employment with Pitney Bowes; and

6)  Other civil or administrative charges filed by Plaintiff.

g.  In addition to the foregoing, the Defendant:

1)  reserves the right to seek discovery on other issues that may arise during the course of litigation;

2)  reserves the right to object to individual discovery requests as appropriate.

2.  All discovery, including depositions of expert witnesses pursuant to Fed.R.Civ.P. 26(b)(4), will commence immediately and be completed (not propounded) by the proposed discovery deadline.

3.  Discovery will not be conducted in phases.

4.  Discovery on all issues will be completed by the proposed discovery deadline of January 30, 2004.

5.  The parties anticipate that Plaintiff will require a total of 3-7 depositions of fact witnesses and that Defendant will require a total of 3 to

5 depositions of fact witnesses. Depositions will be completed by January 30, 2004.

6. The parties both request permission to serve more than 25 interrogatories.

7. Plaintiff does intend to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by 60 days before close of discovery. Plaintiff proposes that depositions of any such experts will be completed by January 30, 2004.

8. Defendant reserves its right to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by 30 days after Plaintiff discloses her experts. Depositions of any experts will be completed by February 30, 2004.

10. A damage analysis will be provided by any party who has a claim or counterclaim for damages by July 30, 2003.


F.    Not Applicable.

H.    Joint Trial Memorandum:

The joint trial memorandum required by the Standing Order on Trial Memorandum in Civil Cases will be filed within 30 days after the Court's decision on any dispositive motion or 30 days after the close of discovery, whichever is later.

7

VI.    Trial Readiness:

A.    The case will be ready for trial by 60 days after the Court rules on dispositive motions or February 1, 2004, whichever is later.

B.    As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Dated: Southport, CT
June 23, 2003

PLAINTIFF,
GERTRUDE BAYONNE

By:

Mark P. Carey (ct17828)
Carey & Associates, P.C.
Attorneys At Law
71 Old Post Road, Suite One
Southport, CT 06490
(203) 255-4150 tel.
(203) 255-0380 fax.
Mcarey@capclaw.com

Attorney for Plaintiff

Dated: Stamford, CT
June 24, 2003

Pitney Bowes, Inc,
DEFENDANT

By:

Marc L. Zaken (CT03110)
John G. Stretton (CT 19902)
Edwards & Angell, LLC
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901
(203) 975-7505 tel.
(203) 975-7180 fax.
mzaken@EdwardsAngell.com
jstretton@EdwardsAngell.com

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY, that the foregoing Parties Planning Report was delivered via facsimile and UPS Next Day Service, fee prepaid, this the 23rd day of June, 2003 to:

Marc L. Zaken
Edwards & Angell, LLC
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901

Mark P. Carey

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT 2003 AUG 20 ᴩ 12: 28

US DISTRICT COURT

GERTRUDE BAYONNE,
          Plaintiff,

                                        Civ. Action No.
                                        3:03CV0712(WWE)

v.

PITNEY BOWES INC.,
          Defendant.                    AUGUST 14, 2003

### AMENDED
### REPORT OF PARTIES' PLANNING MEETING

The parties file this Report pursuant to F.R.C.P. Rule 26(f) Local Rule 38 and

te as follows: The complaint in this action was filed on April 21, 2003, by Gertrude

yonne  (the "Plaintiff") against Pitney Bowes Inc. ("Pitney Bowes" or "Defendant").

The Court issued an Order on Pretrial Deadlines dated April 21, 2003.  Such

der and a Copy of the Complaint was served upon the Defendant's Counsel, pursuant

Fed. R.Civ.P. 4, by process server on May 2, 2002.  On May 6, 2003, Plaintiff returned

completed Summons to the Clerk of Court via regular mail.

Counsel for the Defendant, Marc L. Zaken, of the law firm of Edwards & Angell,

LLC, filed his appearance on May 21, 2003.

On May 21, 2003, Defendant moved for an extension in which to respond to the

complaint.  Such motion was granted by the Court on May 27, 2003.  Defendant filed a

Motion to Dismiss all claims on June 23, 2003.

Report Approved.
Discovery cutoff date 2 - 28 - 2004
Dispositive Motions due by 4 - 15 - 2004
SO ORDERED
6 / 25 / 2003

Warren W. Eginton, Sr.U.S.D.J.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| GERTRUDE BAYONNE,<br>　　　　Plaintiff, | : | |
| | : | |
| | : | Civ. Action No. |
| v. | : | 3:03CV0712(WWE) |
| | : | |
| PITNEY BOWES INC.,<br>　　　　Defendant. | : | |
| | : | AUGUST 14, 2003 |
| | : | |

## AMENDED
## REPORT OF PARTIES' PLANNING MEETING

The parties file this Report pursuant to F.R.C.P. Rule 26(f) Local Rule 38 and state as follows: The complaint in this action was filed on April 21, 2003, by Gertrude Bayonne (the "Plaintiff") against Pitney Bowes Inc. ("Pitney Bowes" or "Defendant").

The Court issued an Order on Pretrial Deadlines dated April 21, 2003. Such Order and a Copy of the Complaint was served upon the Defendant's Counsel, pursuant to Fed. R.Civ.P. 4, by process server on May 2, 2002. On May 6, 2003, Plaintiff returned the completed Summons to the Clerk of Court via regular mail.

Counsel for the Defendant, Marc L. Zaken, of the law firm of Edwards & Angell, LLC, filed his appearance on May 21, 2003.

On May 21, 2003, Defendant moved for an extension in which to respond to the complaint. Such motion was granted by the Court on May 27, 2003. Defendant filed a Motion to Dismiss all claims on June 23, 2003.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, conferences were held on June 19, 2003, June 23, 2003 and August 11, 2003. The participants were: Mark P. Carey for Plaintiff and Marc L. Zaken and John G. Stretton for Defendant.

I.    Certification:

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibility for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.    Jurisdiction:

A.  Plaintiff alleges subject matter jurisdiction is based on: Americans With Disabilities Act, 42 U.S.C. § 12117(a). The Defendant does not admit that the Court has jurisdiction over this dispute and leaves Plaintiff to her proof.

B.    Plaintiff alleges that personal jurisdiction is proper because Defendant Pitney Bowes is authorized to conduct business at its corporate location in the State of Connecticut. The Plaintiff further alleges that, at all relevant times, she was employed at that place of business.

NYC_150693_3//STRETTON

III.    Brief Description of Case:

    A.    Claims of Plaintiff:

This is an action for: **Count One**-ADA retaliation and denial of disability benefits
(It is the position of Defendant that Count One attempts to state only an ADA
retaliation claim); **Count Two**-Pendent claim for Breach of Covenant of Good
Faith and Fair Dealing.

    B.    Defenses and Claims of Defendant:

Defendant denies each and every allegation in Plaintiff's Complaint.  Further,
Defendant asserts that Plaintiff has failed to state a claim upon which relief can be
granted.


IV.    Statement of Undisputed Facts:

Each counsel certifies that they have made a good faith attempt to determine
whether there are any material facts that are not in dispute. The parties state that the
following material facts are undisputed:

    A.    Pitney Bowes is an employer and a publicly held corporation licensed to
conduct business in the State of Connecticut and maintains a principal place of
business at 1 Elmcroft Road, Stamford, Connecticut 06926.

    B.    Gertrude Bayonne resides at 44 Strawberry Hill Avenue, Unit 3H,
Stamford, Connecticut 06902.

- 3 -

V.    Case Management Plan:

A.    Standing Order on Scheduling in Civil Cases:

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

1.    Motions to dismiss based on the pleadings shall be filed by June 23, 2003.

2.    Formal discovery shall be completed by February 28, 2004.

3.    Motions for Summary Judgment shall be filed by April 15, 2004.

B.    Scheduling Conference with the Court:

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(B). The parties prefer a conference by telephone.

C.    Early Settlement Conference:

1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice, and hereby state the following:

a.    Plaintiff Position: Plaintiff requests a settlement conference.

b.    Defendant's Position: Defendant does not request a settlement conference at this time.

2.    The parties do not request a referral for alternative dispute resolution pursuant to Local Civil Rule 36.

D.    Joinder of Parties and Amendment of Pleadings:

1.  Plaintiff should be allowed until June 30, 2003 to file motions to join additional parties or amend the complaint.

2.  Defendants should be allowed until July 30, 2003 to file motions to join additional parties, add counterclaims or amend the pleadings.

E.    Discovery:

1.  The parties anticipate that discovery will be conducted on the following subjects:

  a.    Plaintiff's claim for retaliation and denial of disability benefits;

  b.    Plaintiff's mitigation;

  c.    Plaintiff's damages;

  d.    Defendant's affirmative defenses and counter claims.

  e.    In addition to the foregoing, the plaintiff:

    i)    reserves the right to seek discovery on other issues that may arise during the course of litigation;

    ii)    reserves the right to object to individual discovery requests as appropriate.

  f.    In addition to the above, Defendant anticipates discovery on the following subjects:

NYC_150693_3//STRETTON

1)    all subjects and issues fairly arising out of
       the claims of Plaintiff's complaint;

2)    Plaintiff's medical and psychological
       history;

3)    Plaintiff's job duties and responsibilities
       while employed;

4)    Plaintiff's job performance and work history
       at Pitney Bowes;

5)    Plaintiff's employment history prior to and
       following employment with Pitney Bowes;
       and

6)    Other civil or administrative charges filed by
       Plaintiff.

g.    In addition to the foregoing, the Defendant:

1)    reserves the right to seek discovery
       on other issues that may arise during
       the course of litigation;

2)    reserves the right to object to
       individual discovery requests as
       appropriate.

2.  All discovery, including depositions of expert witnesses pursuant to

NYC_150693_3//STRETTON

Fed.R.Civ.P. 26(b)(4), will commence immediately and be completed (not propounded) by February 28, 2004, the proposed discovery deadline.

3. Discovery will not be conducted in phases.

4. Discovery on all issues will be completed by the proposed discovery deadline of February 28, 2004.

5. The parties anticipate that Plaintiff will require a total of 3-7 depositions of fact witnesses and that Defendant will require a total of 3-7 depositions of fact witnesses. Depositions will be completed by February 28, 2004.

6. The parties both request permission to serve more than 25 interrogatories.

7. Plaintiff does intend to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by November 1, 2003. Plaintiff proposes that depositions of any such experts will be completed by January 1, 2004.

8. Defendant reserves its right to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by January 1, 2004. Depositions of any experts will be completed by February 28, 2004.

9. A damage analysis will be provided by any party who has a claim or counterclaim for damages by July 30, 2003.

F.     Not Applicable.

NYC_150693_3/JSTRETTON

H.    Joint Trial Memorandum:

The joint trial memorandum required by the Standing Order on Trial Memorandum in Civil Cases will be filed within 30 days after the Court's decision on any dispositive motion or, if no such motion is made, by June 1, 2004.

VI.    Trial Readiness:

A.    The case will be ready for trial 60 days after the Court rules on dispositive motions or, if no such motion is made, by July 1, 2004.

NYC_150693_3/JSTRETTON

B.    As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Dated: Southport, CT
August ____, 2003

PLAINTIFF,
GERTRUDE BAYONNE

By: _____
        Mark P. Carey (ct17828)
        Carey & Associates, P.C.
        Attorneys At Law
        71 Old Post Road, Suite One
        Southport, CT 06490
        (203) 255-4150 tel.
        (203) 255-0380 fax.
        Mcarey@capclaw.com

Dated: Stamford, CT
August 14, 2003

Pitney Bowes Inc.
DEFENDANT

By: _____
        Marc L. Zaken (CT03110)
        John G. Stretton (CT 19902)
        Edwards & Angell, LLC
        Three Stamford Plaza
        301 Tresser Boulevard
        Stamford, CT 06901
        (203) 975-7505 tel.
        (203) 975-7180 fax.
        mzaken@EdwardsAngell.com
        jstretton@EdwardsAngell.com

NYC_150693_3/JSTRETTON

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY, that the foregoing Parties Planning Report was delivered via facsimile and UPS Next Day Service, fee prepaid, this the 19th day of August, 2003 to:

Marc L. Zaken
Edwards & Angell, LLC
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901

Mark P. Carey

- 10 -