CLERK
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAN 5  4 47 PM '04

FILED

| | |
|---|---|
| GERTRUDE BAYONNE,<br>    Ms. Bayonne, | :<br>:  Civ. Action No.<br>    3:03CV0712(WWE) |
| v. | : |
| PITNEY BOWES, INC.,<br>    Defendant. | :<br>:  JANUARY 5, 2004<br>: |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S OBJECTIONS TO FILE AN AMENDED COMPLAINT

Plaintiff Gertrude Bayonne ("Ms. Bayonne") files this memorandum of law in opposition to the Defendant Pitney Bowes, Inc.'s Objection to Ms. Bayonne's Motion to file a Revised Amended Complaint dated December 8, 2003.

**I.    PRELIMINARY STATEMENT**

Based on the following arguments in response to the Defendant's objections and legal maneuvering, the Court should overrule the objections and permit Ms. Bayonne to file her proposed Revised Amend Complaint to include her ERISA claims and two additional retaliation claims. The proposed revised Amended Complaint seeks to add the Pitney Bowes, Inc. LTD Plan, the Pitney Bowes LTD Plan Administrator, the Pitney Bowes LTD Plan Benefits Committee and the Pitney Bowes LTD Plan Disability Department as proper defendants in this action.

The Defendant's have filed its second set of Objections merely to drive up costs of litigation and to harass the Plaintiff. Plaintiff provided a well pleaded complaint which put the Defendants on notice of her claims, pursuant to Fed.R.Civ.P. 8.

## II. STATEMENT OF FACTS

Plaintiff incorporates and refers the Court to the statement of facts set forth in her November 12, 2003 Memorandum of Law in opposition to Defendant's first set of objections.

## III. ARGUMENT

### 1. PLAINTIFF DEMONSTRATED "GOOD CAUSE" TO FILE A REVISED AMENDED COMPLAINT

Plaintiff incorporates and refers this Court to her arguments set forth in her November 12, 2003 Memorandum in Opposition to Defendant's Objections, at pp.1-13.

However, Plaintiff reasserts the following proposition with respect to the Defendant's argument on this point, "Pleading is no longer a game of skill in which one misstep by counsel may be decisive to the outcome.' Conley v. Gibson, 355 U.S. 41, 48 (1957). It is now accepted that the purpose of pleading is 'to facilitate a proper decision on the merits.' Id." Russell v. Northrop Grumman Corp., 921 F.Supp. 143, 148 (E.D.N.Y. March 29, 1996).

The Defendant's objection must be overruled.

### 2. PLAINTIFF'S PROPOSED RETALIATION AND ERISA CLAIMS ARE NOT FUTILE AND NOT SUBJECT TO DISMISSAL

The Defendant's objections seeks relief only permitted pursuant to a motion to

dismiss under Fed.R.Civ.P. 12(b)(6). Based on the following arguments, Defendant's objections must be overruled. In the alternative and permitted by this Court, Ms. Bayonne respectfully requests permission to file her revised proposed Amended Complaint, attached as Exhibit A to her Revised Motion to Amend filed on November 12, 2003.

In deciding a motion to dismiss, a court must accept as true the factual allegations set forth in the Complaint and must draw all reasonable inferences in favor of the non-movant. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984); Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683 (1974); Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir.1996); Marisol A. By Forbes v. Giuliani, 1996 WL 337209 (S.D.N.Y.1996); Presnick v. Santoro, 832 F.Supp.521(D.Conn.1993)("A court must determine whether the plaintiff has a valid claim under any possible theory upon which relief may be granted."); Northup v. Connecticut Commission on Human Rights & Opportunities, WL 3:97CV211(DJS)(D.Conn.1998); Steiner v. Shawmut Nat'l Corp., 776 F.Supp.1236, 1241 (D.Conn.1991). "On such a motion, the defendant bears the burden of persuasion. . .;" Allen v. WestPoint-Pepperell, Inc., 945 F2d 40, 44 (2d Cir.1994)I Cadelinia v. Hilton International, WL 95CV10393(S.D.N.Y.1996).

The Court, therefore, "may dismiss a complaint only if it is clear that no relief could be granted under set of facts that could be proved consistent with the allegations." Hishon, 467 U.S. at 73, 104 S.Ct. 2232; Conley, 355 U.S. 41. Further, "a court must construe pleadings liberally, and mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." Aristotle P. v. Johnson, 721 S.Supp. 1002, 1004 (N.D. Ill.1989). In civil rights actions, courts must apply this standard with even greater force. See Bernheim, 79 F.3d at 321; Aristotle P, 721 F.Supp. at 1004.

The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. See Afrons v. E.I. DuPont de Nemours & Co., 261 F.2d 434 (2d Cir.1958). Moreover, the courts are reluctant to dispose of the complaint on technical grounds in view of the policy of the federal rules to determine actions on their merits. Afrons, 261 F.2d 434; Nagler v. Admiral Corp., 248 F2d 319 (2d Cir.1957). Courts also hesitate to dismiss because of the possible waste of judicial time if on appeal the dismissal is reversed and remanded. See Cook v. Nichol, Inc. v. Plimsoll Club, 451 F.2d 505(5th Cir.1971). A court should be especially reluctant to dismiss on the basis of the pleadings when the asserted theory of liability is novel or extreme, since it is important that new legal theories be explored and assayed in the light of actual facts rather than a pleader's supposition. See Sherman v. St. Barnabas Hosp., 535 F.Supp.564, 572 (D.C.N.Y.1982).

### A.   Plaintiff's Proposed Retaliation Claims are Not Futile and Not Subject to Dismissal

Plaintiff incorporates and refers this Court to her arguments set forth in her August 18, 2003 Memorandum in Opposition to Defendant's Motion to Dismiss. The Revised Amended Complaint is well pleaded and demonstrates the viability of Plaintiff's claims for retaliation pursuant to the ADA and Connecticut law. The analysis of both retaliation claims is typically based on the analysis pursuant to the ADA.

Defendant's objection should be overruled for the foregoing reasons.

### B.   Section 502(a)(1) and 502(a)(3) Claims

Plaintiff incorporates and refers this Court to her legal argument set forth in her

November 12, 2003 Memorandum in Opposition to Defendant's Objections, at pp. 19-23. After reviewing Plaintiff's initial response, Defendant now takes a second bite at the apple, but fails.

Plaintiff asserts that she has pled a viable claim pursuant to Section 502(a)(1) and Section 502(a)(3), and provided the Defendant with reasonable notice of her claims. As previously asserted, Plaintiff can maintained both actions in the same case. In Plaintiff's Revised Amended Complaint, as proposed, she claims a wrongful denial of LTD benefits. She can successfully demonstrate she provided objective medical evidence to the Plan Administrator and was denied benefits based on a rationale not consistent with the medical evidence in the record. But now Defendant's objection seeks to challenge the pleading on its merits, which is not the focus of our inquiry here.

On the other hand, if the Court denies the Section 502(a)(1) claim based on a wrongful denial of claim argument, Plaintiff has asserted and has the ability to use Section 502(a)(3) to provide "other appropriate equitable relief." Under this theory, Plaintiff can successfully assert the various breaches of fiduciary duties exhibited by the Plan Administrator.

In reviewing Defendant's brief on this issue, the undersigned is wholly amazed! The Second Circuit. in Devlin v. Empire Blue Cross & Blue Shield, 274 F.3d 76 (2d Cir.2001) (cert. denied by, Empire Blue Cross and Blue Shield v. Byrnes, 537 U.S. 1170, 123 S.Ct. 1015, 154 L.Ed.2d 911, 70 USLW 3742, 71 USLW 3501, 71 USLW 3503, 29 Employee Benefits Cas. 2280 (U.S. Jan 27, 2003) (NO. 01-1710)), specifically provided that the plaintiff could maintain both a Section 502(a)(1)(B) and Section (a)(3) action together. There was no fundamental mischaracterization of Devlin, just Defendant's

proposition that there was one. If one reviews the impact of the <u>Devlin</u> decision in other cases, one quickly will see that it is cited so many times for the same proposition, that a plaintiff can plead and maintain both claims.

In the demand for relief, Plaintiff seeks to enjoin the Defendant, the type of equitable relief permitted under 502 (a)(3).

As to the Defendant's argument regarding extracontractual damages, Plaintiff never made a demand for such relief. She merely referenced the direct financial and emotional impact the Defendant's actions have caused her.

Defendant's objections should be overruled for the foregoing reasons.

### C.    Section 510 Claim

Defendant next attempts to dismiss Plaintiff's Section 510 claim. Plaintiff incorporates and refers this Court to her argument set forth in her November 12, 2003 Memorandum in Opposition to Defendant's Objections, at pp.23-29.

The only new argument appearing in Defendant's objection is the one that asserts Section 502(a) provides the appropriate remedy instead of Section 510. Defendant expects Plaintiff and this Court to accept "one little presumption", that it did not discrimination against her! Section 502(a) DOES NOT provide the same remedy as set forth under Section 510, that is why the language in Section 510 is vastly different. No where in Section 502(a) does it use the phrase "discriminate." Section 510 is the correct section and Plaintiff states a viable claim as set forth in the Revised Amended Complaint. The Defendant's arguments now appear more ridiculous that logical.

Defendant's objection should be overruled for the foregoing reasons.

### 3.    PLAINTIFF'S PROPOSED AMENDMENTS DO NOT PREJUDICE DEFENDANT

6

Defendant asserts prejudice, but again has trouble demonstrating exactly what the prejudice of the Revised Amended Complaint will be. Defendant merely asserts the same objection, almost verbatim, as in its October 14, 2003 Objection. Plaintiff incorporates and refers the Court to her November 12, 2003 Memorandum of Law in Opposition to Defendant's Objections, at pp. 13-15.

Defendant's objection should be overruled for the foregoing reasons.

### 4. PLAINTIFF'S PROPOSED AMENDMENTS ARE NOT PURSUED IN BAD FAITH

Defendant asserts Plaintiff filed her motion to file a revised amended complaint in bad faith, AND she and the Court must accept such a broad conclusion. Stated differently, according to Defendant, if Defendant Pitney Bowes believes it is so then so be it! Allegations of bad faith are normally reserved for the most glaring cases in which parties intentionally deceive the opponent. The undersigned cannot actually think of a case where this has in fact happened, and citation to a specific example is irrelevant because Defendant cannot establish bad faith on the part of Plaintiff. Defendant proffers exactly the same argument raised as part of the original objection filed on October 14, 2003. Plaintiff incorporates and refers the Court to her November 12, 2003 Memorandum of Law in Opposition to Defendant's Objections, at pp. 16-17, in response to this same objection. Based on the foregoing argument, the Defendant's objection based on bad faith must be rejected.

The undersigned is concerned that counsel for the Defendant has twice brought up a wholly unsubstantiated bad faith argument before this Court, in direct contrast to the

prohibitions set forth in Fed.R.Civ.P.11. Specifically, the undersigned is concerned the Defendant's counsel may have violated Rule 11(b)(1)(2) & (3).

## IV.  CONCLUSION

Ms. Bayonne respectfully requests that the Court overrule the Defendant's Objections to Ms. Bayonne's Motion to file a Revised Amended Complaint based on the foregoing arguments. Ms. Bayonne requests that the Court grant her revised motion to file a proposed Revised Amended Complaint.

Dated: Southport, CT  
January 5, 2004

PLAINTIFF,  
GERTRUDE BAYONNE

By: /s/ Mark P. Carey  
Mark P. Carey (ct17828)  
Carey & Associates, P.C.  
Attorneys At Law  
71 Old Post Road, Suite One  
Southport, CT 06490  
(203) 255-4150 tel.  
(203) 255-0380 fax.  
Mcarey@capclaw.com

Attorney for Plaintiff

### CERTIFICATE OF SERVICE

THIS IS TO CERTIFY, that the foregoing was delivered via first class mail, postage prepaid, this the 5th day of January, 2004 to:

Marc L. Zaken  
Edwards & Angell, LLC  
Three Stamford Plaza  
301 Tresser Boulevard  
Stamford, CT 06901

/s/ Mark P. Carey

8