UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GERTRUDE BAYONNE, | : | 3:03cv712 |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PITNEY BOWES, INC., | : | |
|     Defendant. | : | |

## RULING ON REVISED MOTION TO AMEND

Plaintiff Gertrude Bayonne filed an action against defendant Pitney Bowes for retaliation in violation of the Americans with Disabilities Act ("ADA"). She moves to amend her complaint by adding section 502 and 510 ERISA claims against Pitney Bowes Long Term Disability Plan ("LTD"), the LTD Administrator, and the Pitney Bowes Disability Department, which were not previously named in the original complaint. Plaintiff also seeks to add new retaliation claims pursuant to the ADA and the Connecticut Fair Employment Practices Act.

Defendant Pitney Bowes objects to the amendment, arguing that the motion to amend controlled by FRCP 16(b), and that plaintiff cannot show "good cause" as required by that Rule.

For the following reasons, the revised motion to amend will be granted.

## BACKGROUND

The following factual background is reflected in the allegations of the first complaint and the papers relevant to the

1

revised motion to amend.

    Plaintiff underwent surgery to remove a small tumor behind her left ear in April, 2000.  In October, 2000, plaintiff began treatment with a neurologist who later diagnosed her with "a permanent neurological deficit."  In September, 2002, plaintiff's neurologist determined that plaintiff was "temporarily 100% disabled" and medically unable to work.  Plaintiff's request for short-term disability benefits was denied on November 22, 2002.

    On November 22, 2002, plaintiff applied to Pitney Bowes LTD Plan for long-term disability benefits, which request was denied by the Plan Administrator on December 16, 2002.

    On April 21, 2003, plaintiff commenced the instant action alleging retaliation based on Pitney Bowes' denial of short-term benefits.

    On June 11, 2003, plaintiff filed her appeal of the December 16, 2002 denial of her long term disability benefits.

    On June 25, 2003, the parties filed the initial 16(b) scheduling order, which was approved on June 26, 2003.  The scheduling order provides that plaintiff had until June 30, 2003 to file an amended complaint.

    On August 8, 2003, the Plan Administrator denied the plaintiff's appeal of the denial of long-term benefits.

    On October 14, 2003, plaintiff filed her motion to amend the complaint, and on November 13, she filed the instant revised motion to amend.

**DISCUSSION**

When a scheduling order has been entered, the lenient standard under FRCP 15(a), which provides that leave to amend "shall be freely given," must be balanced against Rule 16(b)'s "good cause" standard. Grochowski v. Phoenix Construction, 318 F. 3d 80, 86 (2d Cir. 2003).

FRCP 16(b) states that a "schedule shall not be modified except upon a showing of good cause and by leave of the district court." Fed. R. Civ. P. 16(b). Under Rule 16(b), a court may exercise its discretion to deny an amendment because of the moving party's undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previously allowed amendment, undue prejudice to the opposing party or futility of the amendment. See Parker v. Columbia Pictures Indus., 204 F. 3d 326, 339-40 (2d Cir. 2000).

The decision to permit amendment of the proposed joint pretrial order rests within the discretion of the Court and should be granted when "the interests of justice make such a course desirable." Madison Consultants v. Fed. Deposit Ins. Corp., 710 F.2d 57, 62 n. 3 (2d Cir. 1983). In making such a determination, the court should balance "the need for doing justice on the merits" against judicial efficiency. Laguna v American Export Isbrandtsen Lines, Inc., 439 F.2d 97, 101 (quoting 3 J. Moore, Federal Practice ¶ 16.20, at 1136 (3d ed.1968)). The Court should also "consider whether any prejudice to the opposing side will result." Ismail v. Cohen, 706 F. Supp.

243, 255 (S.D.N.Y.1989).

Plaintiff asserts that she did not seek to extend the scheduling order's filing date for amending the complaint because she did not foresee that her appeal would be denied.  Once the denial occurred, plaintiff's attorney began to research her claim in preparation for amending the complaint.  The Court takes plaintiff's representation that she believed her appeal would not be denied as a good faith assertion.  The Court recognizes that plaintiff's attorney could have previously sought to amend the scheduling order to account for the eventuality that her appeal would be denied.  However, at this early point in the litigation, the Court finds that there is good cause to allow for the amendment.

Defendant complains that it will be prejudiced because discovery will be greatly expanded and the resolution of the case will be delayed with the proposed amendments.  Plaintiff counters that the defendant will not be unduly prejudiced by the amendment since discovery has not yet commenced.

The Court is cognizant that the scope of discovery will expand with the proposed amendments.  However, discovery required for the ERISA and retaliation claims relates to the plaintiff's alleged medical condition.  Accordingly, this does not open up an entirely new factual area for discovery.  Since discovery is not yet completed on the plaintiff's original claim, the defendant is not unduly prejudiced by the expanded scope of discovery, and the resolution of the case will not be significantly delayed.

Rather than consider the defendant's futility argument, the Court will consider the merits of the new counts on a motion to dismiss.

## Conclusion

For the foregoing reasons, the revised motion to amend [doc. #16] is GRANTED. The motion to file a reply brief [doc. # 17] is GRANTED. The motion to amend [doc. #14] is DENIED as moot. The scheduling order is amended as follows:

> The motion to dismiss the counts added by the amended complaint should be filed by February 27, 2004; discovery should be completed by June 1, 2004; and dispositive motions are due by August 2, 2004.
>
> SO ORDERED.

                                                                        _____
                                                                        Warren W. Eginton
                                                                        Senior U.S. District Judge

Dated this _____ day of January, 2004 at Bridgeport, Connecticut.