```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

GERTRUDE BAYONNE,            :         3:03cv712
    Plaintiff,               :
                             :
v.                           :
                             :
PITNEY BOWES, INC. et al.,   :
    Defendants.              :
```

## RULING ON MOTION TO DISMISS

Plaintiff Gertrude Bayonne filed an action against defendant Pitney Bowes for, inter alia, retaliation in violation of the Americans with Disabilities Act ("ADA").

Defendant Pitney Bowes has moved to dismiss the action. For the following reasons, the motion to dismiss will be denied.

## BACKGROUND

The following factual background is reflected in the allegations of the amended complaint.

Gertrude Bayonne underwent surgery to remove a small tumor behind her left ear in April, 2000. In October, 2000, plaintiff began treatment with a neurologist who later diagnosed her with "a permanent neurological deficit."

In August, 2002, plaintiff wrote to defendant to request a reduced work schedule of 32 hours per week. Defendant granted plaintiff's request for the reduced hours. In September, 2002, plaintiff's neurologist determined that plaintiff was "temporarily 100% disabled" and medically unable to work.

1

Plaintiff's request for short-term disability benefits was denied on November 22, 2002.

On April 21, 2003, plaintiff commenced the instant action alleging retaliation based on Pitney Bowes' denial of short-term benefits.

## DISCUSSION

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The function of a motion to dismiss "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980). In considering a motion to dismiss, a court must presume all factual allegations of the complaint to be true and must draw any reasonable inferences in favor of the non-moving party. Cruz v. Beto, 405 U.S. 319, 322 (1972).

Plaintiff alleges that defendant retaliated against her in violation of the ADA by denying her short-term disability benefits after she had applied for them as a reasonable accommodation. Defendant asserts that she cannot base her ADA retaliation claim on the alleged denial of benefits.

The retaliation provision of the ADA, 42 U.S.C. Section 12203, provides as follows. Section 12203(a) states that no "person shall discriminate against any individual because such

2

individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act."  Section 12203(b)[1], which makes it unlawful "to coerce, intimidate, threaten or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed...any right granted or protected by this chapter."  Section 12203(c) explicitly adopts the same remedies for violations of the retaliation and intimidation provisions as are available under section 12117 for violations of the ADA's prohibition against discrimination and failure to accommodate.

To state a claim for retaliation under the ADA, a plaintiff must allege that: (1) she engaged in a protected activity; (2) the employer knew about her participation in the protected activity; (3) an adverse employment action occurred; and (4) there is a causal connection between the adverse employment action and the employee's participation in the protected activity.  Sarno v. Douglas Ellman-Gibbons & Ives, Inc., 183 F. 3d 155, 159 (2d. Cir. 1999).

Defendants argue that plaintiff has not alleged the first element, that she "engaged in a protected activity."  Sarno v. Douglas Ellman-Gibbons & Ives, Inc., 183 F.3d 155, 159 (2d Cir.

---

[1] Plaintiff's brief cites to section 12203(b), but it is not clear from the complaint whether plaintiff alleges a violation of that section.

1999).  Plaintiff counters that her request for benefits from defendant's short term disability program is a protected activity under the ADA.  Plaintiff argues that the short-term disability benefits are a "reasonable accommodation" under the Act.  Therefore, plaintiff argues her request to receive such benefits is a "request for a reasonable accommodation" and should be protected activity.

The filing of complaints with the Equal Employment Opportunity Commission and opposition by an employee to an employer's discriminatory practices are examples of protected activities under the ADA.  Sacay v. The Research Foundation of the City University of New York, 44 F. Supp. 2d 505, 509 (E.D.N.Y. 1999).  Another example of a protected activity is a "request for a reasonable accommodation." Conley v. United Parcel Service, 88 F. Supp. 2d 16, 20 (E.D.N.Y. 2000).  The First Circuit has stated that a short term leave of absence may constitute a "reasonable accommodation." Criado v. IBM Corp., 145 F.3d 437, 443 (1st Cir. 1998).

Construing the complaint in the light most favorable to the plaintiff for purposes of ruling on this motion, the Court assumes that an application for short-term disability benefits was necessitated by the need for a leave of absence.  Accordingly, the Court finds that plaintiff has alleged that she engaged in a "protected activity" under the ADA.

The second element, that the employer had knowledge of the

activity, is not contested. Plaintiff has alleged that her protected activity was a communication with her employer.

Plaintiff has adequately alleged an adverse employment action. The Second Circuit instructs that an adverse employment action can include negative evaluation letters, express accusations of lying, assignment of lunchroom duty, reduction of class preparation periods, failure to process teacher's insurance forms, transfer from library to classroom teaching as an alleged demotion, and assignment to a classroom on the fifth floor. Bernheim v. Litt, 79 F. 3d 318, 324-26 (2d Cir. 1996). Adverse employment action has also been defined broadly to include "discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand." Morris v. Lindau, 196 F.3d. 102, 110 (2d Cir. 1999).

Here, the alleged denial of benefits is akin to a reduction in pay, and therefore, the Court is satisfied that plaintiff has alleged an adverse employment action.

As to the fourth element of retaliation of a causal connection between her participation in a protected activity and the adverse employment action, the Court will leave plaintiff to her proof. Accordingly, the motion to dismiss will be denied.

## CONCLUSION

For the foregoing reasons, the motion to dismiss [doc. #7] is DENIED. The plaintiff is instructed to amend the complaint to clarify whether plaintiff alleges a cause of action for coercion, harassment or interference pursuant to Section 12203(b).

So Ordered this 27th day of January, 2004.

```
             /s/
_____
WARREN W. EGINTON, SENIOR UNITED
STATES DISTRICT JUDGE
```