## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GERTRUDE BAYONNE,                        :
                                         :
       Plaintiff,                      :
                                         :    **CIVIL ACTION NO.**
       v.                              :    **303 CV 0712 (WWE)**
                                         :
PITNEY BOWES, INC., THE PITNEY  :
BOWES, INC. LONG TERM            :
DISABILITY PLAN, THE PITNEY      :
BOWES, INC. LONG TERM            :
DISABILITY PLAN                          :
ADMINISTRATOR AND THE PITNEY:
BOWES, INC. DISABILITY           :
DEPARTMENT                               :
                                         :
       Defendants.                     :    **MARCH 26, 2004**

## ANSWER TO REVISED AMENDED COMPLAINT

Defendants Pitney Bowes Inc. ("Pitney Bowes"), the Pitney Bowes Inc. Long-Term Disability Plan (the "Plan"), the Pitney Bowes Inc. Long-Term Disability Plan Administrator (the "Plan Administrator") and, to the extent that such an entity has the capacity to be sued, the Pitney Bowes Inc. Disability Department (the "Disability Department") (collectively "Defendants"), answer Plaintiff's Revised Amended Complaint (the "Complaint") as follows:

## I.    PRELIMINARY STATEMENT

1.    Answering paragraph one, Defendants admit that the Complaint purports to assert causes of action relating to the ADA.  Except as expressly admitted, Defendants deny the allegations of paragraph one.

2.    Answering paragraph two, Defendants assert that the statements in that paragraph constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer.  To the extent the statements contain allegations of fact, Defendants deny each and every allegation.

3.    Answering paragraph three, Defendants admit that the Complaint purports to assert a cause of action for benefits under 29 U.S.C. § 1132(a)(1)(B) and (a)(3).  Except as expressly admitted, Defendants deny the allegations of paragraph three.

4.    Answering paragraph four, Defendants admit that the Complaint purports to assert a cause of action relating to the Connecticut's Fair Employment Practices Act ("CFEPA").  Except as expressly admitted, Defendants deny the allegations of paragraph four.

## II.    JURISDICTION AND VENUE

5.    Answering paragraph five, Defendants admit that Plaintiff purports to bring this action under 42 U.S.C. § 12117, under which subject matter jurisdiction would be conferred pursuant to 28 U.S.C. § 1331, and further purports to bring this action under Conn. Gen. Stat. § 46a, under which Plaintiff asserts pendent jurisdiction pursuant to 28 U.S.C. § 1367.  Except as expressly admitted, Defendants deny the allegations of paragraph five.

6.    Answering paragraph six, Defendants admit that Plaintiff purports to bring this action under 29 U.S.C. § 1132(a)(1)(B) and (a)(3) and 29 U.S.C. § 1140, under which subject matter jurisdiction would be conferred pursuant to 29 U.S.C. § 1132(e).  Except as expressly admitted, Defendants deny the allegations of paragraph six.

7.    Answering paragraph seven, Defendants admit that venue is proper in the District of Connecticut. Defendants further admit that Pitney Bowes is authorized to do business in the State of Connecticut, and that the Plan is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1). Defendants also admit that the Plan Administrator is defined in, and has the discretion afforded under and pursuant to, the terms of the Plan. Defendants further admit that the Disability Department is located in Connecticut and undertakes actions relating to the day to day administration of the Plan as provided under the Plan. Defendants lack sufficient information to either admit or deny the allegations relating to Plaintiff's residence, and, on that basis, deny those allegations.

**III.    PARTIES**

8.    Answering paragraph eight, Defendants deny each and every allegation contained in that paragraph.

9.    Answering paragraph nine, Defendants deny that all conditions precedent to the institution of this lawsuit have been fulfilled. Defendants lack sufficient information to either admit or deny the remaining allegations of paragraph nine, and, on that basis, deny the allegations.

10.    Answering paragraph ten, Defendants admit that Plaintiff was an employee of Pitney Bowes. Defendants lack sufficient information to either admit or deny the allegations relating to Plaintiff's residence, and, on that basis, deny those allegations. Defendants assert that the statements regarding entitlement to the protections of the ADA constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. Defendants deny each and every remaining allegation contained in paragraph ten.

11.    Answering paragraph eleven, Defendants admit the allegations of that paragraph.

12.    Answering paragraph twelve, Defendants assert that the statements in that paragraph constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer.  To the extent the statements contain allegations of fact, Defendants deny each and every allegation.

13.    Answering paragraph thirteen, Defendants assert that the statements in that paragraph constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer.  To the extent the statements contain allegations of fact, Defendants deny each and every allegation.

14.    Answering paragraph fourteen, Defendants admit that Plaintiff was previously a participant in the Plan as defined by 29 U.S.C. § 1002(7).  Except as expressly admitted, Defendants deny the allegations of paragraph fourteen.

15.    Answering paragraph fifteen, Defendants admit that the Plan is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1).  Defendants further admit that Pitney Bowes sponsors the Plan, and that the Plan is administered according to its terms, including those provisions relating to employee eligibility and participation.  Defendants further incorporate their response to paragraph seven.  Except as expressly admitted, Defendants deny the allegations of paragraph fifteen.

16.    Answering paragraph sixteen, Defendants admit that the Employee Benefits Committee serves as a fiduciary to the Plan within the meaning of 29 U.S.C. § 1002(21)(A) to the extent it undertakes acts triggering such status under that section.  Defendants deny

that the Disability Department serves as a fiduciary within the meaning of 29 U.S.C. §

1002(21)(A). Defendants assert that the statements regarding ERISA constitute legal

assertions and conclusions, rather than factual allegations, thereby requiring no answer and,

in any event, that the statute speaks for itself. With respect to the remaining allegations,

Defendants respond that the text of the appended exhibit speaks for itself.

17.     Answering paragraph seventeen, Defendants incorporate their response to

paragraph seven. Except as expressly admitted, Defendants deny the allegations of

paragraph seventeen.

**IV.     STATEMENT OF FACTS**

18.     Answering paragraph eighteen, Defendants admit the allegations of that

paragraph.

19.     Answering paragraph nineteen, Defendants lack sufficient information to

either admit or deny the allegations of that paragraph, and, on that basis, deny the allegations.

20.     Answering paragraph twenty, Defendants admit receipt of a letter dated

January 18, 2001 that appears to be signed by Dr. Einbinder, which letter speaks for itself.

Except as expressly admitted, Defendants deny the allegations of paragraph twenty.

21.     Answering paragraph twenty-one, Defendants admit receipt of a letter dated

August 1, 2001 that appears to be signed by Dr. Einbinder, which letter speaks for itself.

Except as expressly admitted, Defendants deny the allegations of paragraph twenty-one.

22.     Answering paragraph twenty-two, Defendants admit receipt of a letter dated

December 18, 2001 that appears to be signed by Dr. Einbinder, which letter speaks for itself.

Except as expressly admitted, Defendants deny the allegations of paragraph twenty-two.

23.     Answering paragraph twenty-three, Defendants admit that Pitney Bowes sent a letter to Plaintiff dated July 3, 2002, which letter speaks for itself.  Except as expressly admitted, Defendants deny the allegations of paragraph twenty-three.

24.     Answering paragraph twenty-four, Defendants lack sufficient information to either admit or deny the allegations of that paragraph, and, on that basis, deny the allegations.

25.     Answering paragraph twenty-five, Defendants admit that Pitney Bowes sent a letter to Plaintiff dated July 10, 2002, which letter speaks for itself.  Except as expressly admitted, Defendants deny the allegations of paragraph twenty-five.

26.     Answering paragraph twenty-six, Defendants admit that Pitney Bowes sent a letter to Plaintiff dated July 22, 2002, which letter speaks for itself.  Except as expressly admitted, Defendants deny the allegations of paragraph twenty-six.

27.     Answering paragraph twenty-seven, Defendants admit receipt of a letter dated August 1, 2002 that appears to be signed by Plaintiff, which letter speaks for itself.  Except as expressly admitted, Defendants deny the allegations of paragraph twenty-seven.

28.     Answering paragraph twenty-eight, Defendants admit that Pitney Bowes sent a letter to Plaintiff dated August 12, 2002, which letter speaks for itself.  Except as expressly admitted, Defendants deny the allegations of paragraph twenty-eight.

29.     Answering paragraph twenty-nine, Defendants admit that Pitney Bowes sent a letter to Plaintiff dated August 12, 2002, which letter speaks for itself.  Except as expressly admitted, Defendants deny the allegations of paragraph twenty-nine.

30.    Answering paragraph thirty, Defendants admit receipt of a letter dated August 13, 2002 that appears to be signed by Dr. Einbinder, which letter speaks for itself.  Except as expressly admitted, Defendants deny the allegations of paragraph thirty.

31.    Answering paragraph thirty-one, Defendants admit receipt of a letter dated September 5, 2002 that appears to be signed by Dr. Einbinder, which letter speaks for itself.  Except as expressly admitted, Defendants deny the allegations of paragraph thirty-one.

32.    Answering paragraph thirty-two, Defendants admit that Pitney Bowes sent a letter to Plaintiff dated September 12, 2002, which letter speaks for itself.  Except as expressly admitted, Defendants deny the allegations of paragraph thirty-two.

33.    Answering paragraph thirty-three, Defendants admit that Plaintiff underwent a Functional Capacity Evaluation by PhysioMetrics on September 18, 2002.  Defendants further admit that Jamie Hupp and Edward M. Velasquez, M.P.T. issued a report dated September 23, 2002, which report speaks for itself.  Except as expressly admitted, Defendants deny the allegations of paragraph thirty-three.

34.    Answering paragraph thirty-four, Defendants admit that Pitney Bowes sent a letter to Plaintiff dated September 27, 2002, which letter speaks for itself.  Except as expressly admitted, Defendants deny the allegations of paragraph thirty-four.

35.    Answering paragraph thirty-five, Defendants admit receipt of a letter dated September 30, 2002 that appears to be signed by Dr. Einbinder, which letter speaks for itself.  Except as expressly admitted, Defendants deny the allegations of paragraph thirty-five.

36.    Answering paragraph thirty-six, Defendants admit that Plaintiff underwent an Independent Medical Examination by Elliott G. Gross, M.D. on October 15, 2002.

Defendants further admit that Dr. Gross issued a report dated October 29, 2002, which report speaks for itself. Except as expressly admitted, Defendants deny the allegations of paragraph thirty-six.

37.     Answering paragraph thirty-seven, Defendants admit that Arthur I. Broder, M.D. prepared a report on November 1, 2002, which report speaks for itself. Except as expressly admitted, Defendants deny the allegations of paragraph thirty-seven.

38.     Paragraph thirty-eight was omitted by Plaintiff.

39.     Answering paragraph thirty-nine, Defendants admit that Brent Pawlecki, M.D. prepared a report on November 4, 2002, which report speaks for itself. Except as expressly admitted, Defendants deny the allegations of paragraph thirty-nine.

40.     Answering paragraph forty, Defendants admit receipt of a letter dated November 12, 2002 that appears to be signed by Dr. Einbinder, which letter speaks for itself. Except as expressly admitted, Defendants deny the allegations of paragraph forty.

41.     Answering paragraph forty-one, Defendants admit receipt of a letter dated November 16, 2002 that appears to be signed by Plaintiff, which letter speaks for itself. Except as expressly admitted, Defendants deny the allegations of paragraph forty-one.

42.     Answering paragraph forty-two, Defendants admit receipt of a letter dated November 19, 2002 that appears to be signed by Plaintiff, which letter speaks for itself. Except as expressly admitted, Defendants deny the allegations of paragraph forty-two.

43.     Answering paragraph forty-three, Defendants admit that on or around November 22, 2002, Plaintiff was notified of the determination that she was not entitled to short-term disability benefits under the terms of that Plan. Defendants further admit that

Plaintiff did not satisfy, among other things, the Plan's requirements with respect to its Qualifying Period as defined in the Plan. Except as expressly admitted, Defendants deny the allegations of paragraph forty-three.

44.    Answering paragraph forty-four, Defendants admit that Plaintiff submitted an application for long-term disability benefits to the Plan Administrator on or around November 27, 2002. Except as expressly admitted, Defendants deny the allegations of paragraph forty-four.

45.    Answering paragraph forty-five, Defendants deny the allegations set forth in the discrimination charges quoted in that paragraph. Defendants lack sufficient information to either admit or deny the remaining allegations of paragraph forty-five, and, on that basis, deny the allegations.

46.    Answering paragraph forty-six, Defendants admit that Peter Griffin, M.D., prepared a memo dated December 5, 2002, which memo speaks for itself. Except as expressly admitted, Defendants deny the allegations of paragraph forty-six.

47.    Answering paragraph forty-seven, Defendants admit that, by letter dated December 16, 2002, Plaintiff was notified of the determination that she was not entitled to long-term disability benefits under the terms of the Plan, which letter speaks for itself. Defendants further admit that Plaintiff's symptom magnification formed a basis for her ineligibility for benefits under the Plan. Except as expressly admitted, Defendants deny the allegations of paragraph forty-seven.

48.    Answering paragraph forty-eight, Defendants admit that the documents attached to the Complaint as Exhibit A appear to include two "Dismissal and Notice of

Rights" issued by the EEOC. One attachment does not bear an EEOC date mark, while the other appears to have been issued on September 26, 2003. Defendants assert that both documents indicate that the EEOC found that Plaintiff is not a qualified individual with a disability as defined by the ADA. Except as expressly admitted, Defendants deny the allegations of paragraph forty-eight.

49.    Answering paragraph forty-nine, Defendants admit receipt of a letter dated January 21, 2003 that appears to be signed by Plaintiff's counsel, which letter speaks for itself. Except as expressly admitted, Defendants deny the allegations of paragraph forty-nine.

50.    Answering paragraph fifty, Defendants admit receipt of a letter dated January 21, 2003 that appears to be signed by Plaintiff's counsel, which letter speaks for itself. Except as expressly admitted, Defendants deny the allegations of paragraph fifty.

51.    Answering paragraph fifty-one, Defendants admit that Plaintiff filed her initial complaint in this matter on April 21, 2003.

52.    Answering paragraph fifty-two, Defendants admit receipt of a report dated June 11, 2003 that appears to have been prepared by the Connecticut Mental Health Center in relation to a psychiatric evaluation of Plaintiff, which report speaks for itself. Except as expressly admitted, Defendants deny the allegations of paragraph fifty-two.

53.    Answering paragraph fifty-three, Defendants admit that Michael Lalli has had telephone discussions with Plaintiff's counsel relating to Plaintiff's benefit claims. Except as expressly admitted, Defendants deny the allegations related to that issue.

54.     Answering paragraph fifty-four, Defendants admit receipt of a letter dated March 4, 2003 that appears to be signed by Plaintiff's counsel, which letter speaks for itself. Except as expressly admitted, Defendants deny the allegations of paragraph fifty-four.

55.     Answering paragraph fifty-five, Defendants admit that Pitney Bowes sent a letter to Plaintiff dated March 10, 2003, the content and date of which speak for themselves. Except as expressly admitted, Defendants deny the allegations of paragraph fifty-five.

56.     Answering paragraph fifty-six, Defendants admit receipt of a letter dated March 14, 2003 that appears to be signed by Plaintiff's counsel, which letter speaks for itself. Except as expressly admitted, Defendants deny the allegations of paragraph fifty-six.

57.     Answering paragraph fifty-seven, Defendants admit receipt of a letter dated April 3, 2003 that appears to be signed by Plaintiff's counsel, which letter speaks for itself. Except as expressly admitted, Defendants deny the allegations of paragraph fifty-seven.

58.     Answering paragraph fifty-eight, Defendants lack sufficient information to either admit or deny the allegations of that paragraph, and, on that basis, deny the allegations. Defendants further assert that the rigor of the Social Security Administration's standard for determining disability has no relevance to Plaintiff's eligibility for benefits under the terms of the Plan, and, on that basis, deny the allegation.

59.     Answering paragraph fifty-nine, Defendants admit receipt of a letter dated April 30, 2003 that appears to be signed by Plaintiff's counsel, which letter speaks for itself. Except as expressly admitted, Defendants deny the allegations of paragraph fifty-nine.

60.     Answering paragraph sixty, Defendants admit receipt of a report dated June 11, 2003 that appears to have been prepared by the Connecticut Mental Health Center in

relation to a psychiatric evaluation of Plaintiff, which report speaks for itself. Except as expressly admitted, Defendants deny the allegations of paragraph sixty.

61.    Answering paragraph sixty-one, Defendants admit receipt of a letter dated June 11, 2003 that appears to be signed by Plaintiff's counsel, which letter speaks for itself. Except as expressly admitted, Defendants deny the allegations of paragraph sixty-one.

62.    Answering paragraph sixty-two, Defendants admit that by letter dated August 8, 2003, Plaintiff was notified of the determination by the Employee Benefits Committee that Plaintiff was not entitled to long-term disability benefits under the terms of the Plan, which letter speaks for itself. Defendants assert that the phrases "physician consultants" and "consultive and employment functions" are so ambiguous and ill-defined as to render Defendants unable to evaluate the meaning of the final sentence of paragraph sixty-two, and, on that basis, deny the allegations of that sentence. Except as expressly admitted, Defendants deny the allegations of paragraph sixty-two.

63.    Answering paragraph sixty-three, Defendants incorporate their response to paragraph forty-eight. Except as expressly admitted, Defendants deny the allegations of paragraph sixty-three.

64.    Answering paragraph sixty-four, Defendants incorporate their response to paragraph forty-eight. Except as expressly admitted, Defendants deny the allegations of paragraph sixty-four.

### DEFINITION OF DISABILITY UNDER THE LTD PLAN

65.    Answering paragraph sixty-five, Defendants deny that the Summary Plan Description defines "Totally Disabled" or "Total Disability" as quoted in that paragraph.

66.    Answering paragraph sixty-six, Defendants deny that the Summary Plan Description defines "proof of disability" as quoted in that paragraph.

**V.    COUNT ONE: RETALIATION AGAINST BAYONNE IN VIOLATION OF THE ADA**

67.    Answering paragraph sixty-seven, Defendants incorporate by this reference their responses to paragraphs one through sixty-six above.

68.    Answering paragraph sixty-eight, Defendants deny the allegations of that paragraph.

69.    Answering paragraph sixty-nine, Defendants deny the allegations of that paragraph. Defendants further deny that Plaintiff is entitled to any such relief.

**VI.    COUNT TWO: CLAIM FOR BENEFITS PURSUANT TO ERISA SECTIONS 502(a)(1)(B) AND (a)(3)**

70.    Answering paragraph seventy, Defendants incorporate by this reference their responses to paragraphs one through sixty-nine above.

71.    Answering paragraph seventy-one, Defendants deny the allegations of that paragraph.

72.    Answering paragraph seventy-two, Defendants deny the allegations of that paragraph.

73.    Answering paragraph seventy-three, Defendants deny the allegations of that paragraph.

74.    Answering paragraph seventy-four, Defendants deny the allegations of that paragraph.

75.    Answering paragraph seventy-five, Defendants deny the allegations of that paragraph.

76.    Answering paragraph seventy-six, Defendants deny the allegations of that paragraph.

77.    Answering paragraph seventy-seven, Defendants deny the allegations of that paragraph.  Defendants further deny that Plaintiff is entitled to any such relief.

## VII.    COUNT THREE: ERISA SECTION 510 VIOLATION

78.    Answering paragraph seventy-eight, Defendants incorporate by this reference their responses to paragraphs one through seventy-seven above.

79.    Answering paragraph seventy-nine, Defendants assert that the statements in that paragraph constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer.  To the extent the statements contain allegations of fact, Defendants deny each and every allegation.

80.    Answering paragraph eighty, Defendants deny the allegations of that paragraph.

81.    Answering paragraph eighty-one, Defendants admit that Plaintiff's claim for additional short-term disability benefits was denied on or around November 2002.  Except as expressly admitted, Defendants deny the allegations of paragraph eighty-one.

82.    Answering paragraph eighty-two, Defendants admit that Plaintiff submitted a claim for long-term disability benefits on or around November 27, 2002.  Except as expressly admitted, Defendants deny the allegations of paragraph eighty-two.

83. Answering paragraph eighty-three, Defendants deny that the submission of a claim for short-term disability benefits is a "protected activity." Defendants further incorporate their response to paragraph forty-five. Except as expressly admitted, Defendants deny the allegations of paragraph eighty-three.

84. Answering paragraph eighty-four, Defendants deny the allegations of that paragraph.

85. Answering paragraph eighty-five, Defendants deny the allegations of that paragraph.

86. Answering paragraph eighty-six, Defendants deny the allegations of that paragraph.

87. Answering paragraph eighty-seven, Defendants admit that Plaintiff filed her initial complaint in this matter on April 21, 2003. Except as expressly admitted, Defendants deny the allegations of paragraph eighty-seven.

88. Answering paragraph eighty-eight, Defendants incorporate their response to paragraph sixty-one. Except as expressly admitted, Defendants deny the allegations of paragraph eighty-eight.

89. Answering paragraph eighty-nine, Defendants admit that by letter dated August 8, 2003, Plaintiff was notified of the determination by the Employee Benefits Committee that she was not entitled to long-term disability benefits under the terms of the Plan, which letter speaks for itself. Except as expressly admitted, Defendants deny the allegations of paragraph eighty-nine.

90.     Answering paragraph ninety, Defendants incorporate their response to
paragraph seven.  Except as expressly admitted, Defendants deny the allegations of
paragraph ninety.

91.     Answering paragraph ninety-one, Defendants deny the allegations of that
paragraph.

92.     Answering paragraph ninety-two, Defendants deny the allegations of that
paragraph.  Defendants further deny that Plaintiff is entitled to any such relief.

**VIII.    COUNT FOUR: PLAINTIFF'S SECOND RETALIATION CLAIM
PURSUANT TO THE ADA FOR A DISCRIMINATORY DENIAL OF HER
LONG TERM DISABILITY CLAIM FOR BENEFITS**

93.     Answering paragraph ninety-three, Defendants incorporate by this reference
their responses to paragraphs one through ninety-two above.

94.     Answering paragraph ninety-four, Defendants assert that the statements in that
paragraph constitute legal assertions and conclusions, rather than factual allegations, thereby
requiring no answer.  To the extent the statements contain allegations of fact, Defendants
deny each and every allegation.

95.     Answering paragraph ninety-five, Defendants deny the allegations of that
paragraph.  Defendants further deny that Plaintiff is entitled to any such relief.

**IX.     COUNT FIVE: PLAINTIFF'S CLAIM FOR RETALIATION PURSUANT TO
CONNECTICUT'S FAIR EMPLOYMENT PRACTICES ACT (CFEPA)**

96.     Answering paragraph ninety-six, Defendants incorporate by this reference
their responses to paragraphs one through ninety-five above.

97.     Answering paragraph ninety-seven, Defendants deny the allegations of that
paragraph.

98.    Answering paragraph ninety-eight, Defendants deny the allegations of that paragraph. Defendants further deny that Plaintiff is entitled to any such relief.

99.    In addition to the responses to the allegations in the Complaint set forth in paragraphs one through ninety-eight of this Answer to the Complaint, Defendants deny each and every allegation of fact and conclusion of law in the Complaint not otherwise specifically admitted in this Answer to the Complaint, and Defendants deny that Plaintiff is entitled to the relief demanded in the Complaint or to any relief whatsoever.

## X.    DEMAND FOR RELIEF

100.    Answering Plaintiff's demand for relief, Defendants deny the allegations of those paragraphs. Defendants further deny that Plaintiff is entitled to any such relief.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail to state facts upon which relief may be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

To the extent that any of Plaintiff's claims are based on other statutory theories or relief or otherwise assert any other cause of action including and arising under state law, such claims are preempted by ERISA.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), fail because the relief Plaintiff seeks is not available under that provision.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims under ERISA Section 510, 29 U.S.C. § 1140, fail because Defendants did not interfere with a protected right.

### FIFTH AFFIRMATIVE DEFENSE

Any alleged damage suffered by Plaintiff was in no way caused by, or the result of, any fault, act or omission by Defendants, but rather was caused by circumstances, persons, and/or entities for which and/or for whom Defendants are not and may not be held responsible, including Plaintiff, for which Defendants cannot be held liable.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

It is Plaintiff's responsibility to provide proof of disability. Plaintiff's condition, as evidenced by her medical records, did not establish disability within the meaning of the Plan; therefore, Plaintiff is not entitled to recovery of Plan benefits.

### EIGHTH AFFIRMATIVE DEFENSE

The decisions regarding Plaintiff's claims for short and long-term disability benefits were based on substantial evidence, and as such did not constitute an abuse of the discretionary authority granted to Defendants under the terms of the Plan. Therefore, Plaintiff is not entitled to recovery of Plan benefits.

### NINTH AFFIRMATIVE DEFENSE

Under applicable authority, Defendants, or some of them, are not properly named party-defendants under ERISA.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Disability Department fail as it does not have the capacity to be sued.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from appealing the denial of her claim for long-term disability benefits under the Plan, as she did not comply with the Plan's administrative requirements relating to the appeal of benefit denials.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because Plaintiff has failed to exhaust her administrative remedies and/or satisfy the procedural and/or jurisdictional prerequisites to her causes of action.

### THIRTEENTH AFFIRMATIVE DEFENSE

Under applicable authority, Plaintiff is not entitled to a jury trial.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any recovery of benefits, or other monies, due and owing under the Plan, or otherwise, is offset by other income benefits or entitlements.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not been injured or damaged in any way or in any manner as a result of any alleged act, conduct or omission of Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, as she was not "disabled" within the meaning of the ADA or the CFEPA.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, as she was not a qualified individual under the ADA or the CFEPA.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff claims she had a disability which rendered her unable to perform the essential duties of her position, even with reasonable accommodation, she was not a qualified individual under the ADA or the CFEPA.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim for retaliation in that she cannot show a causal link between a protected activity and an adverse employment action.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because she was provided with all "reasonable accommodations" required by law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because, if applicable, the accommodation she sought was not reasonable under the circumstances.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims fail because she was treated in a legitimate nondiscriminatory manner.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because all decisions made and actions taken with respect to plaintiff's employment would have been the same, irrespective of her participation in any protected activity.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any alleged disparity in treatment of which Plaintiff complains, which is expressly denied, was not based on Plaintiff's alleged disability or any perceived disability but on one or more legitimate, nondiscriminatory reasons.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part,  because Plaintiff failed to mitigate her damages, if any.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were the result of her own negligence, conduct, acts or omissions.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, as Defendants have at all times acted in good faith due to business necessity.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, as Plaintiff did not act in good faith.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Intervening, superseding and/or supervening acts proximately caused Plaintiff's damages, if any.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, to the extent that any alleged damages were caused by third parties not under the control of Defendants and not caused by any acts or omissions of defendants.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering punitive and/or compensatory damages, in whole or in part, under the applicable law.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, as Defendants acted in conformity with legal requirements.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Because Plaintiff's Revised Amended Complaint is vague, ambiguous, uncertain, mispled, and couched in conclusory terms, Defendants cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Defendants reserve the right to assert additional defenses if and to the extent that such defenses are applicable.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by the Complaint and judgment be entered for Defendants;

2. That Defendants be awarded their costs of suit incurred herein;

3. That Defendants be awarded their reasonable attorneys' fees; and

4. That Defendants be granted such further relief as the Court deems just and proper.

DEFENDANTS

By _____

    Theodore J. Tucci (ct05249)
    ttucci@rc.com
    Erin O'Brien Choquette (ct 18585)
    echoquette@rc.com
    Robinson & Cole LLP
    280 Trumbull Street
    Hartford, CT 06103
    Tel. No.: (860) 275-8210
    Fax No.: (860) 275-8299

    Nicole A. Diller (ct25573)
    ndiller@sonnenschein.com
    Sandra R. McCandless (ct16494)
    smccandless@sonnenschein.com
    Joanne M. Krakora (ct25574)
    jkrakora@sonnenschein.com
    Sonnenschein Nath & Rosenthal LLP
    685 Market Street, 6th Floor
    San Francisco, CA 94105
    Tel. No.: (415) 882-5000
    Fax No.: (415) 543-5472

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Answer to Revised Amended Complaint

was mailed via first class mail, postage prepaid to counsel for Plaintiff, addressed as follows:

> Mark P. Carey, Esq.
> Carey & Associates, P.C.
> 71 Old Post Road South, Suite One
> Southport, CT 06890

this 26th day of March, 2004.

_____
Theodore J. Tucci