UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JUL 12  A 10: 07

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

| | |
|---|---|
| GERTRUDE BAYONNE,<br>Plaintiff, | : |
| | :    Civ. Action No.<br>   3:03CV0712(WWE) |
| v. | : |
| PITNEY BOWES, INC. &<br>THE PITNEY BOWES, INC.<br>LONG TERM DISABILITY PLAN,<br>THE PITNEY BOWES, INC. LONG<br>TERM DISABILITY PLAN<br>ADMINISTRATOR AND THE<br>PITNEY BOWES, INC.<br>DISABILITY DEPARTMENT,<br>                Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:    JULY 9, 2004 |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants have objected to Ms. Bayonne's use of her Revised Amended Complaint and Administrative Appeal Memorandum of Law dated June 11, 2003. For the reasons set forth below, Defendants objections are without merit and should be overruled by the Court.

First and foremost, Ms. Bayonne filed a Motion for Partial Summary Judgment in an Employee Retirement Income Security Act ("ERISA") case. As such, the Court will review the administrative record, either upon a deferential or de novo review, inclusive of materials set forth therein. The administrative record Ms. Bayonne's originally filed with the Defendants on June 11, 2003 and set forth as Appendix A & B filed along with her

Motion, contains all the necessary relevant and admissible evidence that will allow the Court to determine whether Defendants denial of her benefits claim was legally correct.

**Objection: Revised Amended Complaint:**

Defendants objection to the use of the Revised Amended Complaint to support Ms. Bayonne's motion should be overruled. Local Civil Rule 56(a) states in pertinent part that Ms. Bayonne can use "evidence that would be admissible at trial." The Revised Amended Complaint and the Defendants Answer are admissible at trial because they form the basis for the lawsuit. Each party's pleading unequivocally presents the admissions and denials, thus they are admissible. Ms. Bayonne has also supported such admissions contained in her Revised Amended Complaint with appropriate references to the Administrative Record filed with the Defendants on June 11, 2003. None of the Federal Rules of Evidence basis apply, nor are they clearly articulated in the Defendants objection. Defendants merely cite to the rule without any clarification. Defendants have the burden to factually and legally demonstrate each subcomponent objection, this the Defendants have failed to do. Defendants cite no legal authority in an ERISA case that hold for the exclusion of the claimant's federal complaint. Ms. Bayonne is unable to locate any such legal citation.

Defendants objection must be overruled.

**Objection: Administrative Appeal Memorandum of Law dated June 11, 2003:**

Defendants object to the use of her June 11, 2003 Memorandum of Law filed in support of her ERISA Appeal. Such objection should be overruled. Ms. Bayonne had a right to file such administrative memorandum of law to clearly and precisely identify to the Defendants (Plan Administrators) why she believed the denial of her disability

2

benefits was unlawful. ERISA does not prohibit such action on the part of a claimant. The appeal memorandum of law is a comprehensive statement of facts, contained in the administrative record, and legal arguments based thereon. Defendants had a fiduciary obligation to review such appeal memorandum of law in evaluating whether to affirm the denial of benefits or grant the benefits. The appeal memorandum is entirely relevant because the Court can evaluate the extraordinary attempt Ms. Bayonne took to convince the Defendants that they should grant her disability benefits. The obvious reason why the Defendants object to the inclusion of the appeal memorandum is that it is so comprehensive and adds to the Court's understanding of the administrative process Ms. Bayonne initiated, in addition to her Memorandum of Law in Support of her Motion for Summary Judgment.

In addition, Defendants cite no legal authority why the appeal memorandum should be excluded. The Fifth Circuit in <u>Vega v. National Life Insurance Services</u>, 188 F.3d 287, 300 (5th Cir.1999) stated that an ERISA claimant had a right to submit additional information to the plan administrator prior to filing suit for a wrongful denial of benefits. The court held in pertinent part:

> <u>[B]efore filing suit, the claimant's lawyer can add additional evidence to the administrative record simply by submitting it to the administrator in a manner that gives the administrator a fair opportunity to consider it</u>. In <u>Moore</u>, we said that "we may consider only the evidence that was available to the plan administrator in evaluating whether he abused his discretion in making the factual determination." [<u>Southern Farm Bureau Life Ins., Co. v. Moore</u>], 993 F.2d [98] at 102 [(5th Cir.1993)]. <u>If the claimant submits additional information to the administrator, however, and requests the administrator to reconsider his decision, that additional information should be treated as part of the administrative record</u>. See, e.g., [<u>Wildbur v. ARCO Chem. Co.</u>], 974 F.2d [631] at 634-35 [(5th Cir.1992)]. Thus, we have not in the past, nor do we now, set a particularly high bar to a party's seeking to introduce evidence into the administrative record. We hold today that the administrative record consists of relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that

gives the administrator a fair opportunity to consider it. Thus, if the information in the doctors' affidavits had been presented to National Life before filing this lawsuit in time for their fair consideration, they could be treated as part of the record. [FN10] Furthermore, in restricting the district court's review to evidence in the record, <u>we are merely encouraging attorneys for claimants to make a good faith effort to resolve the claim with the administrator before filing suit in district court</u>; we are not establishing a rule that will adversely affect the rights of claimants.

Obviously, Ms. Bayonne made a good faith effort to resolve the claim with the Defendants before filing suit, but Defendants did not make the same effort.

As to applicability of the Federal Rules of Evidence and the Defendants arguments based thereon, Ms. Bayonne's appeal memorandum of law is relevant as they are admissions by a party opponent. Defendants do not specifically explain each subcomponent objections as to admissibility, in particular the prejudicial value of the document. Defendants cite no legal authority in their objection. The Court should view the appeal memorandum of law as part of the administrative record and equivalent to a legal pleading containing admissions. Since this Court sits as an appellate body over the administrative determination made by the Defendants, such pleading memorandum of law is admissible before this Court.

Defendants objection must be overruled.

4

Dated: July 9, 2004  
Southport, Connecticut

GERTRUDE BAYONNE  
PLAINTIFF

By: _____  
Mark P. Carey(ct17828)  
Carey & Associates, P.C.  
71 Old Post Road, Suite One  
Southport, CT 06890  
(203) 255-4150 tel.  
(203) 255-0380 fax.  
Mcarey@capclaw.com  
Her Attorney

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was delivered on this the 9th day of July, 2004 via United Parcel Service Second Day delivery, fee prepaid, to:

Theodore J. Tucci  
Robinson & Cole, LLP  
280 Trumbull Street  
Hartford, CT 06103  
Counsel for Defendants

Sandra R. McCandless  
Joanne M. Krakora  
Nichole A. Diller  
Sonnenschein, Nath & Rosenthal, LLP  
685 Market Street, 6th Floor  
San Francisco, CA 94105  
Counsel for Defendants

_____  
Mark P. Carey