UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GERTRUDE BAYONNE, | : | |
| Plaintiff, | : | |
| v. | : | Docket No. 303 CV 0712 (WWE) |
| PITNEY BOWES INC., et al., | : | |
| Defendants. | : | September 7, 2004 |

## MOTION TO COMPEL FURTHER RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 37(a)(3) and the corresponding local rule of the same number, Defendant Pitney Bowes Inc. ("Pitney Bowes") moves to compel Plaintiff to provide further responses to Defendant's First Set of Interrogatories (the "Interrogatories").

### I.    INTRODUCTION

On April 28, 2004, Pitney Bowes propounded the Interrogatories, which seek to ascertain the nature of Plaintiff's contentions underlying this action in order to prepare Pitney Bowes' defense of the case. Instead of providing responsive information to these straightforward requests, Plaintiff referred Defendant to the complaint on file in this action and the 500-plus pages Plaintiff produced in her initial disclosures, with no indication of which documents Plaintiff deems responsive to any particular request.

The Official Advisory Committee Notes to the overhaul of the Federal Rules of Civil Procedure advise that discovery under the Rules should foster the prompt exchange of relevant information among litigants. The Committee states:

> The purpose of discovery is to provide a mechanism for making relevant information available to the litigants. Mutual knowledge of all the relevant facts gathered by both parties is essential to

- 1 -

> proper litigation.... Thus the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues by overuse of discovery or unnecessary use of defensive weapons or evasive responses. All of this results in excessively costly and time-consuming activities that are disproportionate to the nature of the case, the amount involved, or the issues or values at stake.

*See* F.R.Civ.P., Rule 26, Comment to 1983 Amendment (internal citations and quotations omitted).

As discussed below, Plaintiff's responses to the Interrogatories, and her meet and confer behavior, offend the "just, speedy and inexpensive determination of every action" demanded by the Federal Rules. F.R.Civ.P., Rule 1. Accordingly, the Court should order Plaintiff to produce the responsive information, and award Pitney Bowes reimbursement of its attorneys fees relating to the preparation of this motion.

## II. FACTUAL BACKGROUND

Defendant propounded the Interrogatories on April 28, 2004, to which Plaintiff served unverified responses on June 7, 2004. *See* Affidavit of Nicole A. Diller ("Diller Affidavit" or "Diller Aff."), Exhibits A and B, respectively. Counsel for Defendant contacted Plaintiff's counsel numerous times to request that Plaintiff provide supplemental responses to the Interrogatories, pointing out the infirmities of the initial responses under the governing law. *See id.*, ¶¶ 5 to 9. To date, Pitney Bowes has not received further responses or any indication of Plaintiff's agreement to provide such responses. *See id.*, ¶ 9.

Plaintiff's responses, in large part, merely reference her revised amended complaint (the "Complaint") or other documents on file in this litigation, without providing any specific information responsive to the request. Interrogatory Nos. 2, 7, 14, 15, 16, 20, 21, 22 and 23 ask Plaintiff to state all facts upon which she bases various allegations in the Complaint. Diller Aff.,

Exh. A. Plaintiff's responds by reference to the Complaint and her Initial Disclosures. *See* Diller Aff., Exhibit B. These responses do not identify any specific document(s) within the over 500-page set of initial disclosures, nor do they provide a single statement designed to inform Pitney Bowes of the facts, if any, providing the basis for the specified allegation.

Interrogatory Nos. 3, 4 and 5 request the amount and calculation of the income, earning capacity and benefits Plaintiff claims to have lost as a result of Defendants' alleged conduct. *See* Diller Aff., Exhibit A. In response, Plaintiff references a previously-filed "damages analysis," which contains none of the requested information. *See* Diller Aff., Exhibits B (Plaintiff's responses) and C (Plaintiff's "damages analysis"). These replies make it impossible to prepare an effective cross-examination of Plaintiff on these issues.

Interrogatory No. 6 seeks a description of what accommodations, if any, Plaintiff contends she needed to perform her job functions. Plaintiff's reply references her disability claim documentation and the denial of those claims, Plaintiff's attorney's and treating physician's correspondence, and, again, the 500-odd pages of Plaintiff's Initial Disclosures. *See* Diller Aff., Exhibit B. By referring to such far-ranging documents, some of which have no apparent nexus to the query, Plaintiff has provided no actual answer.

Finally, while Plaintiff provides factual statements in response to Interrogatory Nos. 17, 18 and 19, she adds an incorporation of the Complaint's allegations and her voluminous Initial Disclosures. *See* Diller Aff., Exhibit B. As such, Plaintiff's responses provide absolutely no basis for demarcating the parameters or character of the facts she contends support her claims. If allowed to stand, these responses may well allow Plaintiff, at a later date, to include anything even hinted at in any of the referenced documents as a core "fact" upon which she bases her contentions.

### III. THE COURT SHOULD ISSUE AN ORDER COMPELLING COMPLETE RESPONSES

Contention interrogatories seek discoverable information to which a defendant is entitled in the preparation of its defense. *In re Savitt/Adler Litigation*, 176 F.R.D. 44, 50 (N.D.N.Y. 1997). Although Rule 33(d) allows a responding party to specify business records from which an answer may be derived when "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served," the Interrogatories—and Plaintiff's responses—do not fit within this rule.

Most fundamentally, because the Interrogatories seek an explanation of Plaintiff's bases for her contentions, pointing to a pile of underlying documents will not allow Pitney Bowes to "deriv[e] or ascertain[]" the information, as only Plaintiff can know what she bases her own contentions on. *See* Rule 33(d). As stated in *Pouliot v. Paul Arpin Van Lines, Inc.*, 2004 U.S. Dist. LEXIS 10871, *6 (D. Conn. June 14, 2004), "[d]ocuments and testimony are often subject to interpretation and they do not serve the same purposes as interrogatories. Only a full response to the interrogatories comports with the requirements of the Federal Rules." *Id.* at *6. Pitney Bowes already had a copy of the Complaint when it propounded the Interrogatories. The Interrogatories seek an explanation of the facts on which Plaintiff asserts specific claims and allegations; reference to the Complaint simply does nothing to provide the discoverable information.

Further, the Complaint and other documents Plaintiff references do not constitute business records as required by Rule 33(d). In *re Savitt/Adler Litigation*, 176 F.R.D. 44, 49-50 (N.D.N.Y. 1997) (documents generated during the course of discovery are not business records as required for use of Rule 33(d)).

In addition, a party must answer interrogatories "separately and fully" pursuant to Federal Rule of Civil Procedure 33(b)(1), making a response that only references records inappropriate. *Savitt/Adler Litigation*, 176 F.R.D. at 48-50 (proper form of response is a narrative answer, not a reference to documents where the answers might be found); *see also New Colt Holding Corp. v. RJG Holdings of Florida,* 2003 U.S. Dist. LEXIS 18039, *6, n.2 (D. Conn. 2003) (responding party may not simply point to prior production and refuse to answer a discovery request absent some showing that that identified prior production identifies the responsive information); *DiPietro v. Jefferson Bank*, 144 F.R.D. 279, 282 (E.D. Pa. 1992) (answers to interrogatories should be complete in and of themselves, and should not refer to pleadings, depositions or other documents).

Put simply, the Federal Rules required Plaintiff to identify the facts on which she bases her allegations, not refer to a multitude of documents. *See*, F.R.Civ.P. 33(d) Advisory Committee's Note. In order to permit the preparation of its defense of this action, Pitney Bowes requests that the Court order Plaintiff to provide supplemental responses to Interrogatory Nos. 2, 3-7, 14-19, 20-23, without reference to pleadings or other documents.

Finally, the Affidavit of Nicole A. Diller discusses Pitney Bowes' repeated meet and confer attempts, and attaches correspondence sent to Plaintiff highlighting the deficiencies of her responses. See Diller Affidavit, ¶¶ 5 – 9. Plaintiff repeatedly spurned these meet and confer attempts, refusing on more than one occasion to so much as inform Pitney Bowes as whether she would voluntarily supplement her responses. Given this history, Pitney Bowes requests an award the reasonable attorney's fees and costs incurred in making this motion. *See* F.R.Civ.P. Rule 37(a)(4)(A) (providing for award of fees to party forced to bring motion to compel further

1-SF/7144314.4

responses); Local Rule 37(a)(4) (same); *see also*, Diller Aff., ¶ 10 (stating amount of fees incurred).

## IV.  CONCLUSION

For the reasons discussed above, Pitney Bowes respectfully requests that the Court order Plaintiff to provide supplemental responses to Interrogatory Nos. 2, 3-7, 14-19, 20-23, without reference to pleadings or other documents, and pay Pitney Bowes attorney's fees in the amount of $6,898.50 as reimbursement for the costs of bringing this motion.

By _____
John G. Stretton
Fed. Bar No. 19902
Edwards & Angell LLP
301 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 353-6844
Fax: (800) 232-0862
Email: jstretton@edwardsangell.com

Nicole A. Diller (admitted pro hac vice)
Morgan Lewis & Bockius
One Market, Spear Street Tower
San Francisco, CA 94105
Tel.: (415) 442-1000
Fax: (415) 442-1001
Email: ndiller@morganlewis.com