UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GERTRUDE BAYONNE,                          :
                                           :
                    Plaintiff,             :
                                           :
        v.                                 :        Docket No. 303 CV 0712 (WWE)
                                           :
PITNEY BOWES INC., et al.,                 :
                                           :
                                           :
                    Defendants.            :        September 7, 2004

**AFFIDAVIT OF NICOLE A. DILLER IN SUPPORT OF MOTION TO COMPEL
FURTHER RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

        Nicole A. Diller, having been duly sworn, says:

        1.      I submit this affidavit in connection with Pitney Bowes Inc.'s Motion to Compel

Further Responses to Defendant's First Set of Interrogatories. I am a member of the law firm of

Morgan, Lewis & Bockius LLP ("Morgan Lewis"), counsel of record for Pitney Bowes. Except

as otherwise noted, I have personal knowledge of the facts set forth below.

        2.      The Certificate of Service indicates that Plaintiff's counsel received a copy of

Defendant's First Set of Interrogatories (the "Interrogatories") by hand delivery on April 28,

2004. A true and correct copy of the Interrogatories, as maintained by Morgan Lewis in

connection with its business records relating to this litigation, is attached as Exhibit A.

        3.      According to the Certificate of Service, Plaintiff served its response to the

Interrogatories by UPS second day delivery on June 7, 2004. A true and correct copy of

Plaintiff's Responses, as maintained by Morgan Lewis in connection with its business records

relating to this litigation, is attached as Exhibit B.

4.      A true and correct copy of Plaintiff's Damages Analysis, as maintained by Morgan Lewis in connection with its business records relating to this litigation, is attached as Exhibit C.

5.      On June 22, 2004, I spoke with Plaintiff's counsel, Mark P. Carey, and requested that Plaintiff voluntarily provide supplemental responses to the Interrogatories. Mr. Carey requested that I write him a letter outlining Defendant's position on the matter.

6.      On June 22, 2004, I sent Mr. Carey the letter providing him with authority supporting the request that Plaintiff supplement her responses to the Interrogatories. A true and correct copy of the June 22, 2004 letter to Mr. Carey is attached as Exhibit D.

7.      Approximately one week later, I requested that Joanne Krakora, an associate working on this matter under my direction, contact Mr. Carey to follow up on the June 22nd letter. Ms. Krakora informed me that Mr. Carey told her that he would provide a response to the letter after he filed Plaintiff's Opposition to Defendant's Cross-Motion for Partial Summary Judgment, which was due on July 12, 2004.

8.      Ms. Krakora later informed me that she left Mr. Carey a voicemail message on July 14, 2004, and subsequently e-mailed him on July 16, 2004, asking whether Plaintiff would voluntarily supplement her responses to the Interrogatories. Ms. Krakora states that Mr. Carey did not return either her phone message or her subsequent e-mail message.

9.      On July 21, 2004, I sent a second letter to Mr. Carey requesting that Plaintiff supplement her discovery responses. A true and correct copy of the July 21, 2004 letter is attached as Exhibit E.

- 2 -

10.    Mr. Carey contacted me on July 21st, and indicated that he had not yet assessed whether Plaintiff would provide supplemental responses to the Interrogatories. I requested that he review the responses promptly and provide me with a response in the very near future.

11.    At the present time, Morgan Lewis has not received supplemental responses from Plaintiff.

12.    At the time of preparation of this affidavit, the attorney's fees accrued in the preparation of this motion total $6,898.50.

I declare under penalty of perjury that the foregoing is true and accurate.

_____
Nicole A. Diller

Subscribed and sworn to before me this 7th day of September, 2004.

_____
Notary Public

LISA O. RIVERS
Commission # 1327258
Notary Public — California
San Francisco County
My Comm. Expires Oct 28, 2005

- 3 -

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **GERTRUDE BAYONNE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION NO.** |
| **v.** | : | **303 CV 0712 (WWE)** |
| | : | |
| **PITNEY BOWES, INC., THE PITNEY** | : | |
| **BOWES, INC. LONG TERM** | : | |
| **DISABILITY PLAN, THE PITNEY** | : | |
| **BOWES, INC. LONG TERM** | : | |
| **DISABILITY PLAN** | : | |
| **ADMINISTRATOR AND THE PITNEY** | : | |
| **BOWES, INC. DISABILITY** | : | |
| **DEPARTMENT,** | : | |
| | : | |
| **Defendants.** | : | **APRIL 28, 2004** |

## <u>DEFENDANT'S FIRST SET OF INTERROGATORIES</u>

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Pitney Bowes

Inc. requests that Plaintiff Gertrude Bayonne answer the following interrogatories under oath

within 30 days after service of it.

### PRELIMINARY STATEMENT

Pitney Bowes Inc. contends that the employee welfare benefit plan at issue (the

"Plan") confers discretionary authority on the Plan's claims review fiduciary with respect to

benefit determinations under the Plan. As such, the abuse of discretion standard of review

governs the Court's review of Plaintiff's claim for benefits, and the evidence relating to that

claim will be limited to the administrative record. Because discovery is generally

unavailable in benefit claim cases reviewed for an abuse of discretion, none of these

interrogatories should be construed, in any way, to seek information beyond the administrative record with respect to Plaintiff's ERISA Section 502(a)(1)(B) claim for benefits.

## INSTRUCTIONS

In responding to these requests for production, please furnish all documents that are in your actual or constructive possession, custody or control or in the possession, custody or control of any of your representatives, agents or attorneys.

In answering each interrogatory, if the information furnished is not based on Plaintiff's personal knowledge, identify each document or other source upon which Plaintiff relies for the response.

When identifying or describing any oral statement made, any document, or any act committed by a corporation, specify the natural person or persons who made the statement, authored the document, or committed the act.

If you cannot fully respond to any of the following interrogatories after exercising due diligence to secure the information requested, please respond to the extent possible, specifying your inability to fully respond and providing whatever information you have concerning the interrogatory.

With respect to each document or communication as to which you assert a claim of privilege, the work product doctrine, or other immunity, please provide all information required under Local Rule 37(a).

Any agreements for extensions of time in which to respond or object to these interrogatories must be in writing.

These interrogatories are continuing in character, requiring you to promptly amend or supplement your response if you obtain further material information.

## DEFINITIONS

The full text of the definitions and rules of construction set forth in Local Rule 26(c)-(d) is incorporated by this reference, except to the extent a term is otherwise defined below.

"ADVERSE EMPLOYMENT ACTION" means any termination, suspension, demotion, reprimand, loss of pay, failure or refusal to hire, failure or refusal to promote, or other action or failure to act by PITNEY BOWES INC. that adversely affects YOUR rights or interests.

"BENEFIT" means any benefit from an "employee welfare benefit plan" or "employee pension benefit plan," as those terms are defined in 29 U.S.C. § 1002(1) or (2), respectively, which plan is or was sponsored by PITNEY BOWES INC.

"COMPLAINT" means the Revised Amended Complaint filed by Plaintiff in the above-captioned litigation on or around January 14, 2004.

"EMPLOYMENT" means the provision of services for compensation, including an independent contractor relationship.

"PITNEY BOWES INC." refers to Pitney Bowes Inc., including any and all of its employees, agents, managers, officers and representatives.

"PLAN" means the Pitney Bowes Inc. Long-Term Disability Plan.

"YOU" or "YOUR" refers to Gertrude Bayonne.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

If YOU contend that PITNEY BOWES INC. took ADVERSE EMPLOYMENT ACTION(S) against YOU, describe each such ADVERSE EMPLOYMENT ACTION.

**RESPONSE:**

**INTERROGATORY NO. 2:**

If YOU contend that PITNEY BOWES INC. took ADVERSE EMPLOYMENT ACTION(S) against YOU that was/were discriminatory, state all facts upon which YOU base each such claim of discrimination.

**RESPONSE:**

**INTERROGATORY NO. 3:**

If YOU attribute any loss of income to any ADVERSE EMPLOYMENT ACTION, state the total amount of income YOU claim to have lost to date and how YOU calculated the amount.

**RESPONSE:**

**INTERROGATORY NO. 4:**

If YOU attribute any loss of earning capacity to any ADVERSE EMPLOYMENT

ACTION, state the total amount of earning capacity YOU claim to have lost to date and how

YOU calculated the amount.

**RESPONSE:**

**INTERROGATORY NO. 5:**

If YOU attribute any loss of BENEFITS to any ADVERSE EMPLOYMENT

ACTION, state the total amount of BENEFITS YOU claim to have lost to date, and how

YOU calculated that amount.

**RESPONSE:**

**INTERROGATORY NO. 6:**

If YOU contend that YOU needed any accommodation to perform any of the

functions of YOUR job position at PITNEY BOWES INC., describe the accommodations

needed.

**RESPONSE:**

**INTERROGATORY NO. 7:**

If YOU contend that YOU needed any accommodation to perform any of the

functions of YOUR job position, describe each request for reasonable accommodation that

YOU made to PITNEY BOWES INC.

**RESPONSE:**

**INTERROGATORY NO. 8:**

For each request for reasonable accommodation that YOU made to PITNEY BOWES

INC. described in response to Interrogatory No. 7, state PITNEY BOWES INC.'S response.

**RESPONSE:**

**INTERROGATORY NO. 9:**

If YOU contend that YOU should not have been terminated from YOUR position at

PITNEY BOWES INC., state all facts upon which YOU base this contention.

**RESPONSE:**

**INTERROGATORY NO. 10:**

If you contend that YOU were a qualified individual with a disability at any time after the last date on which YOU performed services as an employee of PITNEY BOWES INC., state all facts upon which YOU base this contention.

**RESPONSE:**

**INTERROGATORY NO. 11:**

Describe any and all efforts made by YOU to locate new EMPLOYMENT from October 1, 2003 to the present.

**RESPONSE:**

**INTERROGATORY NO. 12:**

If YOU have obtained other EMPLOYMENT since October 1, 2003, describe such EMPLOYMENT, including the date of its commencement.

**RESPONSE:**

**INTERROGATORY NO. 13:**

If YOU contend that PITNEY BOWES INC. took any ADVERSE EMPLOYMENT

ACTION against YOU for participating in a protected activity, state all facts upon which

YOU base this contention.

**RESPONSE:**

**INTERROGATORY NO. 14:**

State ALL facts upon which you base YOUR allegation of intent to discriminate, as

alleged in paragraphs 68 and 97 of the COMPLAINT, that YOU "experienced adverse

employment actions" and "intentional discrimination due to retaliation."

**RESPONSE:**

**INTERROGATORY NO. 15:**

State ALL facts upon which you base YOUR allegation of retaliation, as alleged in

paragraphs 68 and 97 of the COMPLAINT, that YOU "experienced adverse employment

actions" and "intentional discrimination due to retaliation."

**RESPONSE:**

**INTERROGATORY NO. 16:**

State ALL facts upon which you base YOUR allegation in paragraph 94 of the

COMPLAINT that a causal connection exists between YOUR protected activities and any

ADVERSE EMPLOYMENT ACTION that YOU allegedly experienced.

**RESPONSE:**

**INTERROGATORY NO. 17:**

If you contend that PITNEY BOWES INC. discharged or discriminated against YOU

for exercising any right to which YOU are entitled under the PLAN, state all facts upon

which YOU base this contention.

**RESPONSE:**

**INTERROGATORY NO. 18:**

If you contend that PITNEY BOWES INC. interfered with the attainment of any right

to which YOU were entitled under the PLAN, state all facts upon which YOU base this

contention.

**RESPONSE:**

**INTERROGATORY NO. 19:**

State facts upon which you base YOUR allegation in Paragraph 85 of the

COMPLAINT that "Pitney Bowes deliberately interrupted [YOUR] medical coverage."

**RESPONSE:**



**INTERROGATORY NO. 20:**

State all facts upon which you base YOUR allegation in Paragraph 86 of the

COMPLAINT that YOUR application for long-term disability benefits was "discriminatorily

denied."

**RESPONSE:**



**INTERROGATORY NO. 21:**

State all facts upon which you base YOUR allegation of intent to discriminate, as

alleged in Paragraph 90 of the COMPLAINT, that "Pitney Bowes acted with the specific

intent to discriminate against [YOU] in the form of retaliation."

**RESPONSE:**

**INTERROGATORY NO. 22:**

State all facts upon which you base YOUR allegation of retaliation, as alleged in

Paragraph 90 of the COMPLAINT, that "Pitney Bowes acted with the specific intent to

discriminate against [YOU] in the form of retaliation."

**RESPONSE:**


**INTERROGATORY NO. 23:**

State all facts upon which you base YOUR allegation in Paragraph 91 of the

COMPLAINT that PITNEY BOWES INC. maintains a "discriminatory policy that has a

disproportionate impact upon employees like [YOU]."

**RESPONSE:**

DEFENDANT
PITNEY BOWES, INC.

By _Er O'B—Choquette_____

Theodore J. Tucci (ct05249)
ttucci@rc.com
Erin O'Brien Choquette (ct18585)
echoquette@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Tel. No.: (860) 275-8210
Fax No.: (860) 275-8299

Nicole A. Diller (ct25573)
ndiller@sonnenschein.com
Sandra R. McCandless (ct16494)
smccandless@sonnenschein.com
Joanne M. Krakora (ct25574)
jkrakora@sonnenschein.com
Sonnenschein Nath & Rosenthal LLP
685 Market Street, 6th Floor
San Francisco, CA 94105
Tel. No.: (415) 882-5000
Fax No.: (415) 543-5472

Attorneys for Defendants

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Interrogatories, was hand served on counsel

for Plaintiff at the following address:

> Mark P. Carey
> Carey & Associates, P.C.
> 71 Old Post Road South, Suite One
> Southport, CT 06890

this 28th day of April 2004.

Erin O'Brien Choquette

27166412\V-1

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GERTRUDE BAYONNE, | : | |
| Plaintiff, | | |
| | : | Civ. Action No. |
| | | 3:03CV0712(WWE) |
| v. | : | |
| | | |
| PITNEY BOWES, INC. & | : | |
| THE PITNEY BOWES, INC. | | |
| LONG TERM DISABILITY PLAN, | : | |
| THE PITNEY BOWES, INC. LONG | | |
| TERM DISABILITY PLAN | : | |
| ADMINISTRATOR AND THE | | |
| PITNEY BOWES, INC. | : | |
| DISABILITY DEPARTMENT, | | |
| Defendants. | : | JUNE 7, 2004 |

## PLAINTIFF'S RESPONSE TO DEFENDANTS FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff

Gertrude Bayonne ("Plaintiff") hereby objects and responds to Defendants First Set of

Interrogatories as follows:

## I.    SPECIFIC OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.    The Plaintiff objects to these Interrogatories to the extent that the

Instructions and Definitions purport to place a greater obligation on the Plaintiff than that

provided for in the Federal Rules of Civil Procedure and the Local Civil Rules of

Procedure in the District of Connecticut. The Plaintiff has, pursuant to Fed.R.Civ.P. 26

and 34, made a reasonable and diligent search for such materials that are relevant to the

subject matter of this action and responsive to proper inquires below. The Plaintiff

reserves the right to modify and supplement these responses as she received and/or

discovers relevant, responsive information in accordance with the Federal Rules.

2.    The Plaintiff objects to these Interrogatories to the extent that the

Definitions used therein exceed the scope of the uniform Definitions Applicable to

Discovery Requests set forth in D.Conn. L.Civ.R. 26.

## II.    SPECIFIC OBJECITONS APPLICABLE TO ALL INTERROGATORIES

1.    The Plaintiff objects to these Interrogatories to the extent that the terms or

phrases contained therein are undefined, vague or ambiguous.

2.    The Plaintiff objects to these Interrogatories to the extent that they seek

responses protected from discovery by the attorney-client privilege, work product

doctrine, and/or any other applicable privilege.

3.    The Plaintiff objects to these Interrogatories to the extent that they seek

responses of information or documents for an indefinite time period or for a time period

beyond a reasonable scope of discovery appropriate to this action. Such Interrogatories

are overly broad, unduly burdensome, immaterial, irrelevant, and not reasonably

calculated to lead to the discovery of admissible evidence.

4.    The Plaintiff objects to these Interrogatories to the extent that they seek

responses of information or documents that overbroad, unduly burdensome, immaterial,

irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

5.    The Plaintiff has, in good faith, performed a reasonable and diligent search

for responses derived from documents in her possession as requested by Defendants and,

based upon that effort, the Plaintiff submits the following responses based on the

Plaintiff's knowledge, information and belief at this time. The Plaintiff's investigation

2

related to this action is ongoing, and the Plaintiff specifically reserves her right to amend and/or supplement any responses to these Interrogatories. These Specific Objections are continuing and therefore applicable to each of the following Interrogatories. The responses herein in response to these Interrogatories are made without waiving any objections the Plaintiff may have with respect to the admissibility of the document or any portion thereof for which the response is based upon.

**INTERROGATORY NO. 1**:        If you contend that Pitney Bowes Inc. took adverse employment action(s) against you, describe each such adverse employment action.

**OBJECTIONS:**        Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows.

**RESPONSE**: Defendants wrongfully denied Plaintiff short term and long term disability benefits, and retaliated against her for requesting reasonable accommodations. See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

**INTERROGATORY NO. 2**:        If you contend that Pitney Bowes Inc. took adverse employment action(s) against you that was/were discriminatory, state all facts upon which you base each such claim of discrimination.

**OBJECTIONS:**      Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows.

**RESPONSE**: Plaintiff's Revised Amended Complaint sets forth in detail the facts in support of her claims of discrimination and retaliation, incorporated herein the same.  In particular paragraph No.'s ¶¶ 23, 25, 26, 39, 41, 43, 46, 47, 53, 54, 56, 57, 59, 62. See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

**INTERROGATORY NO. 3:**      If you attribute any loss of income to any adverse employment action, state the total amount of income you claim to have lost to date and how you calculated the amount.

**OBJECTIONS:**      Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows.

**RESPONSE:** Plaintiff served a damages analysis with the Defendants on August 1, 2003.  Plaintiff is also seeking damages in the amount of her short term disability benefits denied by Defendant Pitney Bowes, Inc., pursuant to the Pitney Bowes Inc. short term disability policy.  Plaintiff is also seeking equitable damages for the denial of her long term disability benefits, as calculated pursuant to the Pitney Bowes, Inc. Long Term Disability Plan, to the date a judgment is rendered in her favor.  See Initial Disclosures

and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

**INTERROGATORY NO. 4**:        If you attribute any loss of earning capacity to any adverse employment action, state the total amount of earning capacity you claim to have lost to date and how you calculated the amount.

**OBJECTIONS:**        Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows.

**RESPONSE**: See Plaintiff's damages analysis served on Defendants on August 1, 2003. Plaintiff interprets earning capacity to also mean her right to receive long term disability benefits pursuant to the Pitney Bowes, Inc. Long Term Disability Plan, as such benefits are calculated under the plan.  See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

**INTERROGATORY NO. 5**:        If you attribute any loss of benefits to any adverse employment action, state the total amount of benefits you claim to have lost to date, and how you calculated that amount.

**OBJECTIONS:**    Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows.

**RESPONSE**: See Plaintiff's damages analysis served on Defendants on August 1, 2003. Plaintiff interprets earning capacity to also mean her right to receive long term disability benefits pursuant to the Pitney Bowes, Inc. Long Term Disability Plan, as such benefits are calculated under the plan.  See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

**INTERROGATORY NO. 6:**    If you contend that you needed any accommodation to perform any of the functions of you job position at Pitney Bowes, Inc., describe the accommodations needed.

**OBJECTIONS:**    Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows.

**RESPONSE:** Plaintiff requested short term disability benefits prior to request for long term disability benefits.  Plaintiff's treating physicians also requested reasonable accommodations in letters sent to Defendant Pitney Bowes, Inc.  Plaintiff also requested long term disability benefits as a reasonable accommodation.  Plaintiff also sent Defendant Pitney Bowes Inc. an accommodation plan on November 27, 2002, such accommodations are incorporated herein. See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.