**INTERROGATORY NO. 7:**        If you contend that you needed any accommodation to perform any of the functions of your job position, describe each request for reasonable accommodation that you made to Pitney Bowes, Inc.

**OBJECTIONS:**        Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows.

**RESPONSE:** See response to Interrogatory No. 6.  See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

**INTERROGATORY NO. 8**:        For each request for reasonable accommodation that you made to Pitney Bowes Inc. describe in response to Interrogatory No. 7, state Pitney Bowes, Inc.'s response.

**OBJECTIONS:**        Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows.

**RESPONSE:** Defendant Pitney Bowes, Inc. denied her requests for reasonable accommodations.  See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

**INTERROGATORY NO. 9:**     If you contend that you should not have been terminated from your position at Pitney Bowes Inc., state all facts upon which you base this contention.

**OBJECTIONS:**     Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows.

**RESPONSE:** Plaintiff was not terminated, she was denied short and long term disability benefits. See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

**INTERROGATORY NO. 10:**     If you contend that you were a qualified individual with a disability at any time after the last date on which you performed services as an employee of Pitney Bowes, Inc., state all facts upon which you base this contention.

**OBJECTIONS:**     Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows.

**RESPONSE**:  Not applicable to the claims and defenses in this case.

**INTERROGATORY NO. 11**:     Describe any and all efforts made by you to locate new employment from October 1, 2003 to the present.

**OBJECTIONS:**    Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows.

**RESPONSE**: Plaintiff is still permanently and totally disabled, thus she is unable to obtain employment. Plaintiff continues to mitigate her damages by seeking a reversal of the denial of her short and long term disability benefits. See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

**INTERROGATORY NO. 12**:    If you have obtained other employment since October 1, 2003, describe such employment, including the date of its commencement.

**OBJECTIONS:**    Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows.

**RESPONSE:** See response to Interrogatory No. 11. See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

**INTERROGATORY NO. 13**:    If you contend that Pitney Bowes Inc. took any adverse employment action against you for participating in a protected activity, state all facts upon which you base this contention.

9

**OBJECTIONS:**    Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows.

**RESPONSE:** Plaintiff requested both short and long term disability benefits, which were wrongfully denied. Plaintiff also sent Defendant Pitney Bowes Inc. a proposed accommodation plan on November 27, 2002, which was denied. Plaintiff also filed charges of discrimination with state and federal agencies. Plaintiff also See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

**INTERROGATORY NO. 14**:    State all facts upon which you base your allegation of intent to discriminate, as alleged in paragraphs 68 and 97 of the complaint, that you "experienced adverse employment actions" and "intentional discrimination due to retaliation."

**OBJECTIONS:**    Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows. Plaintiff also objects to the interrogatory because it seeks a legal conclusion. Plaintiff was entitled to plead on information and belief, because the facts supporting Defendant's state of mind as to intentional discrimination are only known to the Defendant Pitney Bowes Inc.

**RESPONSE:** Plaintiff's Revised Amended Complaint sets forth the facts in support of the allegations contained in the above stated paragraphs, and incorporates the same

herein.   See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney

Bowes, Inc. LTD Appeal Record pp. 1-431.

**INTERROGATORY NO. 15:**       State all facts upon which you base your allegation

of retaliation, as alleged in paragraphs 68 and 97 of the complaint, that you "experienced

adverse employment actions" and "intentional discrimination due to retaliation."

**OBJECTIONS:**       Plaintiff incorporates her Specific Objections as if fully set forth

herein. Subject to and without waiving the foregoing objections, and to the extent the

Plaintiff understands this Interrogatory, Plaintiff responds as follows. Plaintiff was

entitled to plead on information and belief, because the facts supporting Defendant's state

of mind as to intentional discrimination are only known to the Defendant Pitney Bowes

Inc.

**RESPONSE:** Plaintiff's Revised Amended Complaint sets forth the facts in support of

the allegations contained in the above stated paragraphs, and incorporates the same

herein. See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney

Bowes, Inc. LTD Appeal Record pp. 1-431.

**INTERROGATORY NO. 16**:       State all facts upon which you base your allegation

in paragraph 94 of the complaint that a causal connection exists between your protected

activities and any adverse employment action that you allegedly experienced.

**OBJECTIONS:**        Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows. Plaintiff objects to the interrogatory because it calls for a legal conclusion, and she was entitled to plead in her Revised Amended Complaint based on information and belief.

**RESPONSE:** Plaintiff's Revised Amended Complaint sets forth the facts in support of the allegations contained in the above stated paragraphs, and incorporates the same herein See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

**INTERROGATORY NO. 17:**        If you contend that Pitney Bowes Inc discharged or discriminated against you for exercising any right to which you are entitled under the plan, state all facts upon which you base this contention.

**OBJECTIONS:**        Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows.

**RESPONSE:** See Revised Amended Complaint and the allegations therein. Plaintiff was entitled to request reasonable accommodations in good faith, including proposing an accommodation plan and requesting short and long term disability benefits. The Defendant Pitney Bowes, Inc. discriminated against her in unlawfully denying her claims for benefits pursuant to the company's benefit policies and for filing charges of employment discrimination with state and federal agencies. See Initial Disclosures and

12

Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

**INTERROGATORY NO. 18**:      If you contend that Pitney Bowes Inc. interfered with the attainment of any right to which you were entitled under the plan, state all facts upon which you base this contention.

**OBJECTIONS:**      Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows. Plaintiff was entitled to plead on information and belief, because the facts supporting Defendant's state of mind as to intentional discrimination are only known to the Defendant Pitney Bowes Inc.

**RESPONSE**: See Revised Amended Complaint and the allegations contained therein, incorporated herein in this response. Basically, Defendant Pitney Bowes, Inc. interfered with Plaintiff's attainment of her short and long term disability benefits, because it controlled the administration of her short term disability benefits. The same rationale used in denying the short term disability benefits was used in denying the long term disability benefits.   Specifically, See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

**INTERROGATORY NO. 19**:    State facts upon which you base your allegation in paragraph 85 of the complaint that "Pitney Bowes deliberately interrupted your medical coverage."

**OBJECTIONS**:    Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows. Plaintiff was entitled to plead on information and belief, because the facts supporting Defendant's state of mind as to intentional discrimination are only known to the Defendant Pitney Bowes Inc.

**RESPONSE**: See Plaintiff's Revised Amended Complaint and the allegations contained therein, incorporated herein.  Defendant Pitney Bowes, Inc. interrupted her medical benefits in an attempt to interfere with her ability to seek adequate medical care, but placing her on a medical policy for which she did not elect to receive and which had less beneficial coverage.  See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

**INTERROGATORY NO. 20**:    State all facts upon which you base your allegation in paragraph 86 of the complaint that your application for long-term disability benefits was "deliberately denied."

**OBJECTIONS**:    Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the

Plaintiff understands this Interrogatory, Plaintiff responds as follows. Plaintiff was entitled to plead on information and belief, because the facts supporting Defendant's state of mind as to intentional discrimination are only known to the Defendant Pitney Bowes Inc.

**RESPONSE**: See Revised Amended Complaint and the allegations set forth therein, incorporated herein the same. See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

**INTERROGATORY NO. 21**:    State all facts upon which you base your allegation of intent to discriminate, as alleged in paragraph 90 of the complaint, that "Pitney Bowes acted with the specific intent to discriminate against you in the form of retaliation."

**OBJECTIONS:**    Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows. Plaintiff was entitled to plead on information and belief, because the facts supporting Defendant's state of mind as to intentional discrimination are only known to the Defendant Pitney Bowes Inc.

**RESPONSE**: See Revised Amended Complaint and the allegations contained therein, incorporated the same herein. See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

15

**INTERROGATORY NO. 22**:      State all facts upon which you base your allegation

of retaliation, as alleged in paragraph 90 of the complaint, that "Pitney Bowes acted with

specific intent to discriminate against you in the form of retaliation." Plaintiff was

entitled to plead on information and belief, because the facts supporting Defendant's state

of mind as to intentional discrimination are only known to the Defendant Pitney Bowes

Inc.

**OBJECTIONS**:      Plaintiff incorporates her Specific Objections as if fully set forth

herein. Subject to and without waiving the foregoing objections, and to the extent the

Plaintiff understands this Interrogatory, Plaintiff responds as follows.

**RESPONSE**: See Revised Amended Complaint and the allegations set forth therein,

incorporated the same herein. See Initial Disclosures and Documents: Bayonne 1-594 and

Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

**INTERROGATORY NO. 23**:      State all facts upon which you base your allegation

in paragraph 91 of the complaint that Pitney Bowes Inc. maintains a "discriminatory

policy that has a disproportionate impact upon employees like you."

**OBJECTIONS**:      Plaintiff incorporates her Specific Objections as if fully set forth

herein. Subject to and without waiving the foregoing objections, and to the extent the

Plaintiff understands this Interrogatory, Plaintiff responds as follows. Plaintiff was

entitled to plead on information and belief, because the facts supporting Defendant's state of mind as to intentional discrimination are only known to the Defendant Pitney Bowes Inc.

**RESPONSE**: See Revised Amended Complaint and the allegations set forth therein, incorporated the same herein.  See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

GERTRUDE BAYONNE
Plaintiff

By:_____
Mark P. Carey(ct17828)
Carey & Associates, P.C.
71 Old Post Road, Suite One
Southport, CT 06890
(203) 255-4150 tel.
(203) 255-0380 fax.
Mcarey@capclaw.com
Her Attorney

## **CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing was delivered on this the 7th day of June, 2004 via United Parcel Service Second Day delivery, fee prepaid, to:

Theodore J. Tucci
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103
Counsel for Defendants

_____
Mark P. Carey

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **GERTRUDE BAYONNE,** | : | |
| **Plaintiff,** | | |
| | : | **Civ. Action No.** |
| | | **3:03CV0712(WWE)** |
| **v.** | : | |
| | | |
| **PITNEY BOWES, INC.,** | : | |
| **Defendant.** | | **JULY 30, 2003** |
| | : | |

**PLAINTIFF'S DAMAGES ANALYSIS**

Gertrude Bayonne (hereinafter "Plaintiff") serves this analysis of her damages in this case against the Defendant Pitney Bowes, Inc. (hereinafter "Defendant"). Plaintiff reserves the right to amend this damages analysis at a later time, when more information becomes available. This analysis is an approximation based on existing financial data, assumptions and other available valuation data, and is subject to further amendment.

**I.     BACKGROUND FACTS:**

Plaintiff filed her complaint on April 21, 2003, alleging: (Count 1) retaliation pursuant to the ADA, 42 U.S.C. § 12101 et.seq. and (Count Two) pendent claim for a breach of covenant of good faith and fair dealing.

## II.     MITIGATION EFFORTS

Plaintiff continues to fully met her obligations to mitigate her damages in this

case. She applied for Long Term Disability Benefits through Pitney Bowes, Inc. Long

Term Disability Plan. On July 28, 2003, Plaintiff received notice of the Defendant's

denial of her LTD claim.

## III.     COMPENSATORY DAMAGES

The remedies for employment discrimination claims under the ADA are set forth

in 42 U.S.C. §§ 1981a. In establishing a remedy for employment discrimination, the

Court's goal should be to make the Plaintiff whole and place her in the position she

would have been absent the discriminatory conduct. See Landgraf v. USI Film Prods.,

511 U.S. 244, 254 (1994); Albermarle Paper Co. v. Moody, 422 U.S. 405, 418-19 (1975);

Muller v. Costello, 997 F.Supp. 299, 305 (N.D.N.Y.1998). As always, Plaintiff must

demonstrate a causal link between the specific violations proven and the injuries

sustained for which he seeks damages. See Buchanon v. City of San Antonio, 85 F.3d

196, 200 (5th Cir.1996); Saulpaugh v. Monroe Community Hosp., 4 F.3d 134, 144 (2d

Cir.1993)(holding plaintiffs only are "entitled to losses suffered 'as a result' of

defendants' discrimination").

Plaintiff can only estimate the value of the retaliation claim to include, but not

limited to, the loss of benefits due to the denial of short term disability claim by the

Defendant. Plaintiff is also entitled to an award of punitive damages as discussed below.

2

## IV.    PLAINTIFF'S FEPA CLAIMS

To be supplemented once Plaintiff receives a Release to Sue from the Connecticut

Commission on Human Rights & Opportunities (CHRO) and files an amended complaint

in this case.

## V.    PLAINTIFF'S BREACH OF THE COVENANT OF GOOD FAITH AND
## FAIR DEALING CLAIM

Plaintiff is entitled to compensatory and punitive damages for the Defendant's

violation of her common law claim for breach of the covenant of good faith and fair

dealing.

The Connecticut Supreme Court has held, "We have consistently stated that '[i]n

order to award punitive or exemplary damages, evidence must reveal a reckless

indifference to the rights of others or an intentional and wanton violation of those rights.

Collens v. New Canaan Water Co., 155 Conn. 477, 489, 234 A.2d 825 (1967).' Venturi v.

Savitt, Inc., 191 Conn. 588, 592, 468 A.2d 933 (1983); see West Haven v. Hartford Ins.

Co., 221 Conn. 149, 160, 602 A.2d 988 (1992). If the evidence discloses that a defendant

was recklessly indifferent to the rights of a plaintiff, an actual intention to do harm to the

plaintiff is not necessary. Collens., supra,155 Conn. at 490, 234 A.2d 825." Berry v.

Loiseau, 223 Conn. 786, 811, 614 A.2d 414, 427-428 (1992)

Plaintiff cannot estimate the value of these claims, as they can only be determined

by the Court, pursuant to a damages hearing at the conclusion of the trial in this matter.

Due to the July 28, 2003 denial of her LTD benefits, Plaintiff is also claiming the value

of such benefits pursuant to the Pitney Bowes, Inc. Long Term Disability Plan Summary

Plan Description.

## VI.    PUNITIVE DAMAGES

Plaintiff is entitled to punitive damages as a result of the Defendant's willful and

unlawful actions. The district court may award punitive damages in connection with an

ADA claim when the employer engaged in a "discriminatory practice or discriminatory

practices with malice or reckless indifference to the federally protected rights of an

aggrieved individual." See 42 U.S.C. § 1981a(b)(1).

In Kolstad v. American Dental Ass'n, 527 U.S. 526, 119 S.Ct. 2118, 144 L.Ed.2d

494 (1999), the United States Supreme Court held that establishing the requisite "malice

or reckless indifference" depends not on the egregiousness of the employer's misconduct,

but instead on the "employer's knowledge that it may be acting in violation of federal

law." Kolstad, 119 S.Ct. at 2124. Punitive damages are proper when the employer

discriminates "in the face of a perceived risk that its actions will violate federal law." Id.

at 2125.

Pursuant to the ADA, Plaintiff can recover up to **$300,000** for punitive damages

in this case, based on the total number of Defendants' employees exceeding 501. See 42

U.S.C. § 1981a(b)(3).

## VII.    OTHER DAMAGES:

### A.    Additional Damages:

Plaintiff is entitled to other compensatory damages such as:

4

i)      reimbursement for any medical insurance coverage after the

discriminatory action took place;

ii)     reasonable costs and attorneys fees to be determined by attorney

fee petition, after judgment, as prevailing party;

iii)    reimbursement for loss of 401k investments and pension program,

including lost interest:

**B.    Prejudgment Interest**:

Plaintiff is also entitled to prejudgment interest, which "is an element of complete compensation." Loeffler v. Frank, 486 U.S. 549, 558 (1988). Prejudgment interest is "presumptively available to victims of federal law violations." McKnight v. General Motors Corp., 973 F.2d 1366, 1372 (7th Cir.1992). "In a suit to enforce a federal right, the question of whether or not to award prejudgment interest is ordinarily left to the discretion of the district court." Gierlinger v. Gleason, 160 F.3d 858, 873 (2d Cir.1998). Courts most often make prejudgment interest available to prevailing parties in employment discrimination cases with respect to back pay awards. See, EEOC v. County of Erie, 751 F.2d 79, 81 (2d Cir.1984). However, courts also have awarded prejudgment interest on compensatory damages awards. See, Perdue v. City Univ. of N.Y., 13 F.Supp.2d 326 342 (E.D.N.Y.1998).

The Second Circuit has held that a successful plaintiff may be entitled to both liquidated damages and prejudgment interest. Reichman v. Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 278. 281-82 (2d Cir.1987).

"It is clear that Connecticut case law establishes that prejudgment interest is to be awarded if, in the discretion of the trier of fact, equitable considerations deem that it is

warranted." <u>Paulus v. LaSala</u>, 56 Conn.App. 139, 147, 742 A.2d 379 (1999), cert. denied,

252 Conn. 928, 746 A.2d 789 (2000).

    **C.**    **Post Judgment Interest**:

    Plaintiff is also entitled to post judgment interest under 28 U.S.C. § 1961(a),

which provides the following:

> [s]hall be calculated from the date of the entry of the judgment, at a rate equal to
> the coupon issue yield equivalent (as determined by the Secretary of the Treasury)
> of the average accepted auction price for the last auction of fifty-two week United
> States Treasury bills settled immediately prior to the date of judgment.

    Prevailing plaintiffs are entitled to post judgment interest on all money judgments

obtained in federal court. See <u>Ford v. Uniroyal Pension Plan</u>, 154 F.3d 613, 616 (6th

Cir.1998).  "Post-judgment interest is designed to compensate the plaintiff for the delay it

suffers from the time damages are reduced to an enforceable judgment to the time the

defendant pays the judgment." <u>Andrulonis v. United States</u>, 26 F.3d 1224, 1230 (2d

Cir.1994).


                   GERTRUDE BAYONNE,
                   PLAINTIFF

        By:

                   Mark P. Carey (ct17828)
                   Carey & Associates, P.C.
                   Attorneys At Law
                   71 Old Post Road, Suite One
                   Southport, CT 06490
                   (203) 255-4150 tel.
                   (203) 255-0380 fax.
                   Mcareyesq@MPCAssoc.com

                   Attorney for Plaintiff

## CERTIFICATION OF SERVICE

This is to certify that a signed original copy of the foregoing Plaintiff's Damages Analysis was delivered this the 1st day of August, 2003, by first class mail, postage prepaid, to:

Marc L. Zaken
Edwards & Angell, LLC
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901


_____
Mark P. Carey

**EXHIBIT D**

# S☉nnenschein

SONNENSCHEIN NATH & ROSENTHAL LLP

685 Market Street
6th Floor
San Francisco, CA 94105
415.882.5000
415.543.5472 fax
www.sonnenschein.com

Chicago
Kansas City
Los Angeles
New York
San Francisco
Short Hills, N.J.
St. Louis
Washington, D.C.
West Palm Beach

Nicole A. Diller
415.882.2405
ndiller@sonnenschein.com

June 22, 2004

VIA FACSIMILE AND U.S. MAIL

Mark P. Carey, Esq.
Carey & Associates
71 Old Post Road, Suite One
Southport, CT  06890

Re:    *Bayonne v. Pitney Bowes Inc. et al.*
       D. Conn. Action No. 3:03CV0712 (WWE)

Dear Mark:

Further to our brief telephone discussion today, Defendants would like to know whether Plaintiff is willing to voluntarily amend her responses to the First Set of Interrogatories.  As I explained on the telephone, the responses to Interrogatories 2, 5-7, 10, 12, 14-18, and 20-23, in whole or great part, incorporate the allegations of the Revised Amended Complaint and/or reference approximately 1000 pages of documents in lieu of providing a direct answer to the query.

Courts in this district and elsewhere within the Second Circuit regularly hold that incorporation by reference of pleading allegations or other documents does not meet a party's obligations under the Federal Rules, which instead contemplate answers in a form that may be readily introduced at trial.  *See, e.g., Pouliot v. Paul Arpin Van Lines, Inc.*, 2004 U.S. Dist. Lexis 10871 (D. Conn. 2004); *Delaney Carpet Co. v. Forrest Mills, Inc.*, 34 F.R.D. 152 (S.D.N.Y. 1963).  Moreover, the plain language of Rule 33(d) makes clear that reference to business documents in lieu of a narrative response must specify a particular document or documents from which the answer may be readily ascertained.  F.R.Civ.P. 33(d).  Foisting a mass of documents upon a party as a response "is 'an abuse of'" Rule 33(d).  *Natural Resources Defense Council, Inc. et al. v. Fox*, 1996 U.S. Dist. Lexis 12810 (S.D.N.Y. 1996); *see also, In re Master Key Antitrust Litig.*, 53 F.R.D. 87 (D. Conn. 1971); *In re Savitt/Adler Litig.*, 176 F.R.D. 44 (N.D.N.Y. 1997).


**SONNENSCHEIN NATH & ROSENTHAL LLP**

Mark P. Carey, Esq.
June 22, 2004
Page 2

      We urge you to review the above authorities. Please contact us by the end of this week to let us know whether Plaintiff will voluntarily amend her responses. If this deadline poses a problem for you, please let us know immediately.

      If we do not hear from you in a timely fashion, we will assume that Plaintiff is unwilling to make the voluntarily amendment. Given the clarity of the case law on this matter, if we are forced to bring this issue to the attention of the Court, we currently anticipate seeking reimbursement for the attorneys' fees our client incurs in connection with the motion.

      We look forward to hearing from you.

Very truly yours,

SONNENSCHEIN NATH & ROSENTHAL LLP

By: _____

Nicole A. Diller

# EXHIBIT E

Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001
www.morganlewis.com

# Morgan Lewis
C O U N S E L O R S   A T   L A W

**Nicole A. Diller**
Partner
415-442-1312
ndiller@morganlewis.com

July 21, 2004

## Via Facsimile and U.S. Mail

Mark P. Carey, Esq.
Carey & Associates, P.C.
71 Old Post Road, Suite One
Southport, CT 06890

Re:    *Bayonne v. Pitney Bowes Inc.*
       Client/Matter No. 062074.0001

Dear Mark:

We write further to our letter dated June 22, 2004 (enclosed) regarding whether Plaintiff will voluntarily amend her responses to the First Set of Interrogatories to permit the parties to avoid incurring the costs related to a motion to compel. You previously indicated that you would advise us whether Plaintiff will supplement her responses following the filing of Plaintiff's Opposition to Defendants' Cross-Motion for Partial Summary Judgment. Plaintiff's Opposition was filed on July 9, 2004, however, despite numerous emails and messages, we have yet to receive a response from you on this issue.

If we do not hear from you by Friday, July 23, 2004, we will assume that Plaintiff is unwilling to voluntarily supplement her responses and proceed accordingly.

Very truly yours,

Nicole A. Diller

Enclosure
cc: Mark Zaken, Esq. (w/encl.)