UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GERTRUDE BAYONNE,                  :
               Plaintiff,

                      :    **Civ. Action No.**
                         3:03CV0712(WWE)

v.                                 :

PITNEY BOWES, INC., et al,          :
          Defendants.        **OCTOBER 31, 2004**
                      :

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY

Plaintiff Gertrude Bayonne files this memorandum of law in opposition to the Defendants' Motion to Compel dated September 24, 2004.

I.    **STATEMENT OF FACTS**

On April 21, 2003, Plaintiff filed her original complaint in this matter.[Doc.#1]. In her complaint, Plaintiff alleges discriminatory retaliation pursuant to the Americans With Disabilities Act based on the unlawful denial of her short term disability benefits. On June 23, 2003, Defendant Pitney Bowes, Inc. filed a motion to dismiss. [Doc.7]. Plaintiff filed a brief in opposition on August 18, 2003.[Doc.# 11]. Such motion was denied by the Court on January 27, 2004. [Doc.#33]. Plaintiff filed a revised first amended complaint on January 14, 2004, which included all the named Defendants herein. [Doc.#29]. The amended complaint brought in the additional defendants under Plaintiff's Employee Retirement Income Security Act (ERISA) claims based on an

unlawful denial of Long Term Disability Benefits and retaliation. Defendants filed their Answer and Thirty-Three (33) Affirmative Defenses on March 26, 2004.

On May 7, 2004, Plaintiff filed her motion for partial summary judgment on the ERISA claims. [Doc.#48]. On May 28, 2004, Defendants Pitney Bowes, Inc. Long Term Disability Plan, the Pitney Bowes, Inc. Long Term Disability Plan Administrator and the Pitney Bowes, Inc. Disability Department filed their cross motion for partial summary judgment and response to Plaintiff's motion for partial summary judgment. [Doc.#50]. On July 12, 2004, Plaintiff filed her response to Defendants motion for partial summary judgment. [Doc.#61]. The parties' dispositive motions on the ERISA claims are currently pending before the Court.

On April 28, 2004, Plaintiff served her First Request for Production on the Defendants. On April 28, 2004, Defendants served their First Set of Interrogatories and First Request for Production of Documents on the Plaintiff. On June 4, 2004, the Defendants responded to Plaintiff's First Request for Production.

On June 7, 2004, Plaintiff served her initial discloses upon the Defendants, which included 594 pages of documents. Plaintiff provided the Defendants with all the documents in her possession.

On September 9, 2004, Defendant Pitney Bowes, Inc. filed a motion to compel further responses to discovery. On September 27, 2004, Plaintiff sought an extension of time to respond until October 31, 2004. [Doc.#77], and a motion to extend discovery until February 14, 2005. [Doc.#78]. The Court endorsed both motions on October 4, 2004. [Doc.#79].

## II.    ARGUMENT

The Defendant has compelled further disclosure by the Plaintiff. Plaintiff responded appropriately in good faith and asserted objections. Plaintiff does realize the need for additional supplementation of her responses, even in the light of her previously asserted objections. This is not a case of an evasive Plaintiff, but a very active one. She has already made attempts to speed up the efficiency of the case resolution, by filing for her motion for partial summary judgment on her ERISA claims. Plaintiff was in no way attempting to be evasive in her responses to the Defendant's First Set of Interrogatories. Further, the undersigned was extremely overburden by this case (preparing and responding to cross motions for partial summary judgment) and in handling other cases, during the time period opposing counsel attempted to meet and confer. (Exhibit A Attached: Declaration of Attorney Mark P. Carey). The Court has extended the deadline for discovery in this case, such that the Defendant is not prejudiced in any way. The Defendant's motion must be denied and the Plaintiff's objections sustained. Furthermore, Plaintiff will supplement her responses in good faith where appropriate.

Plaintiff incorporates by reference herein Exhibits A-C as attached to the Affidavit of Attorney Nicole A. Diller in Support of Motion to Compel.

1.    **Interrogatory No's. 3, 4 & 5:**

Defendants argues that Plaintiff's response to Interrogatories No's. 3, 4 & 5 were not sufficient. Plaintiff asserts she responded appropriately to the interrogatories. She

provided further reference to her August 1, 2003 Damages Analysis and discovery she

produced to the Defendants.

**INTERROGATORY NO. 3:**      If you attribute any **loss of income** to any
adverse employment action, state the total amount of income you claim to have
lost to date and how you calculated the amount.
**OBJECTIONS:**      Plaintiff incorporates her Specific Objections as if fully set
forth herein. Subject to and without waiving the foregoing objections, and to the
extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows.
**RESPONSE:** Plaintiff served a damages analysis with the Defendants on August
1, 2003.  Plaintiff is also seeking damages in the amount of her short term
disability benefits denied by Defendant Pitney Bowes, Inc., pursuant to the Pitney
Bowes Inc. short term disability policy.  Plaintiff is also seeking equitable
damages for the denial of her long term disability benefits, as calculated pursuant
to the Pitney Bowes, Inc. Long Term Disability Plan, to the date a judgment is
rendered in her favor.  See Initial Disclosures and Documents: Bayonne 1-594
and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.


**INTERROGATORY NO. 4:**      If you attribute any loss of earning capacity
to any adverse employment action, state the total amount of earning capacity you
claim to have lost to date and how you calculated the amount.
**OBJECTIONS:**      Plaintiff incorporates her Specific Objections as if fully set
forth herein. Subject to and without waiving the foregoing objections, and to the
extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows.
**RESPONSE:** See Plaintiff's damages analysis served on Defendants on August
1, 2003. Plaintiff interprets earning capacity to also mean her right to receive long
term disability benefits pursuant to the Pitney Bowes, Inc. Long Term Disability
Plan, as such benefits are calculated under the plan.  See Initial Disclosures and
Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal
Record pp. 1-431.

**INTERROGATORY NO. 5:**      If you attribute any loss of benefits to any
adverse employment action, state the total amount of benefits you claim to have
lost to date, and how you calculated that amount.
**OBJECTIONS:**      Plaintiff incorporates her Specific Objections as if fully set
forth herein. Subject to and without waiving the foregoing objections, and to the
extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows.
**RESPONSE:** See Plaintiff's damages analysis served on Defendants on August
1, 2003. Plaintiff interprets earning capacity to also mean her right to receive long
term disability benefits pursuant to the Pitney Bowes, Inc. Long Term Disability
Plan, as such benefits are calculated under the plan.  See Initial Disclosures and
Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal
Record pp. 1-431.

Plaintiff complied with the request in her response by stating that she interprets the phrases "loss of income", "loss of earning capacity" and "loss of benefit" to mean her right to receive benefits under the Pitney Bowes Inc. LTD Plan, as such benefits are calculated under such plan. Plaintiff notes, the Defendant does not define "loss of income", "loss of earning capacity" or "loss of benefit" in its discovery request. Plaintiff's response was sufficient, given that she cannot determine what her earnings capacity will be. Plaintiff's only source of future earnings capacity is directly connected and controlled by the Court's determination of her Motion for Summary Judgment for the unlawful denial of such benefits. The reference to documentation previously disclosed was actually requested for in the general instructions to the Interrogatories, and not intended to be evasive.

Defendant's motion to compel as to these interrogatories must be denied.

**2.    Interrogatory Nos. 6 & 7:**

The Defendant's argument with regard to Interrogatory No. 6 (and implicitly Interrogatory No. 7) intentionally disregards what Plaintiff specifically stated in her response.

**INTERROGATORY NO. 6:**    If you contend that you needed any accommodation to perform any of the functions of you job position at Pitney Bowes, Inc., describe the accommodations needed.
**OBJECTIONS:**    Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows.
**RESPONSE:** Plaintiff requested short term disability benefits prior to request for long term disability benefits. Plaintiff's treating physicians also requested reasonable accommodations in letters sent to Defendant Pitney Bowes, Inc. Plaintiff also requested long term disability benefits as a reasonable accommodation. Plaintiff also sent Defendant Pitney Bowes Inc. an accommodation plan on November 27, 2002, such accommodations are

incorporated herein. See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

**INTERROGATORY NO. 7:**     If you contend that you needed any accommodation to perform any of the functions of your job position, describe each request for reasonable accommodation that you made to Pitney Bowes, Inc.
**OBJECTIONS:**     Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows.
**RESPONSE:** See response to Interrogatory No. 6. See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

Plaintiff specifically responded each interrogatory with factual information and additional identifiable references to such specific facts, namely her request for short and long term disability benefits. The Court has also previously endorsed Plaintiff's requests for short and long disability benefits as reasonable accommodations. In denying the Defendant Pitney Bowes, Inc.'s motion to dismiss, the Court held, "

> Construing the complaint in the light most favorable to the plaintiff for purposes of ruling on this motion, the Court assumes that an application for short-term disability benefits was necessitated by the need for a leave of absence. Accordingly, the Court finds that plaintiff has alleged that she engaged in a 'protected activity' under the ADA.

Bayonne v. Pitney Bowes, Inc. et al., 2004 WL 213168 *2 (D.Conn.), 15 A.D. Cases 341, (Courtesy Copy Attached As Exhibit B). The reference to documentation previously disclosed was actually requested for in the general instructions to the Interrogatories, and not intended to be evasive.

Defendant's motion to compel as to these interrogatories must be denied.

3.     **Interrogatory No's. 2, 14, 15 & 16:**

Defendant argues that Plaintiff's responses to Interrogatories No's. 14, 15, & 16

were insufficient.

**INTERROGATORY NO. 2:**      If you contend that Pitney Bowes Inc. took adverse employment action(s) against you that was/were discriminatory, state all facts upon which you base each such claim of discrimination.

**OBJECTIONS:**      Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows.

**RESPONSE:** Plaintiff's Revised Amended Complaint sets forth in detail the facts in support of her claims of discrimination and retaliation, incorporated herein the same. In particular paragraph No.'s ¶¶ 23, 25, 26, 39, 41, 43, 46, 47, 53, 54, 56, 57, 59, 62. See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

**INTERROGATORY NO. 14:**      State all facts upon which you base your allegation of intent to discriminate, as alleged in paragraphs 68 and 97 of the complaint, that you "experienced adverse employment actions" and "intentional discrimination due to retaliation."

**OBJECTIONS:**      Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows. Plaintiff also objects to the interrogatory because it seeks a legal conclusion. Plaintiff was entitled to plead on information and belief, because the facts supporting Defendant's state of mind as to intentional discrimination are only known to the Defendant Pitney Bowes Inc.

**RESPONSE:** Plaintiff's Revised Amended Complaint sets forth the facts in support of the allegations contained in the above stated paragraphs, and incorporates the same herein.   See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

**INTERROGATORY NO. 15:**      State all facts upon which you base your allegation of retaliation, as alleged in paragraphs 68 and 97 of the complaint, that you "experienced adverse employment actions" and "intentional discrimination due to retaliation."

**OBJECTIONS:**      Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows. Plaintiff was entitled to plead on information and belief, because the facts supporting Defendant's state of mind as to intentional discrimination are only known to the Defendant Pitney Bowes Inc.

**RESPONSE:** Plaintiff's Revised Amended Complaint sets forth the facts in support of the allegations contained in the above stated paragraphs, and incorporates the same herein. See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

**INTERROGATORY NO. 16**:       State all facts upon which you base your allegation in paragraph 94 of the complaint that a causal connection exists between your protected activities and any adverse employment action that you allegedly experienced.

**OBJECTIONS**:       Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows. Plaintiff objects to the interrogatory because it calls for a legal conclusion, and she was entitled to plead in her Revised Amended Complaint based on information and belief.

**RESPONSE:** Plaintiff's Revised Amended Complaint sets forth the facts in support of the allegations contained in the above stated paragraphs, and incorporates the same herein See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

Plaintiff asserted an appropriate objection that she cannot identify facts supporting Defendant's state of mind as to the issue of "intentional discrimination due to retaliation," because such facts are only known to the Defendant. Pilling v. General Motors Corp., 45 F.R.D. 366, 369 (D.Utah 1968). "If plaintiff knows of no further information it is required to so state. If it can only answer partially it should state that its answers reflect all the information it has." Harlem River Comsumers Cooperative, Inc. v. Associated Grocers of Harlem, Inc., 64 F.R.D. 459, 463 (S.D.N.Y. 1974). Plaintiff should be compelled to respond with facts supportive of intentional discrimination, because those facts are only known to the Defendant if they exist at all.

The reference to documentation previously disclosed was actually requested for in the general instructions to the Interrogatories, and not intended to be evasive.

Additionally, Defendant propounds that Plaintiff should "state all facts" supporting her allegations. "It has been stated by a judge in this Court that a party 'may not be required by interrogatories to submit every item it will produce at trial.' Id. at 466.[internal citation omitted]. Here, Defendant is requesting all the evidence Plaintiff

will produce at trial. Such direction makes these interrogatories overbroad and unduly burdensome.

The Court has previously endorsed the sufficiency of Plaintiff's protected activities, ". . .the Court assumes that an application for short-term disability benefits was necessitated by the need for a leave of absence. Accordingly, the Court finds that plaintiff has alleged that she engaged in a 'protected activity' under the ADA . . . Here, the denial of benefits is akin to a reduction in pay, and therefore, the Court is satisfied that plaintiff has alleged an adverse employment action." Bayonne v. Pitney Bowes, Inc. et al., 2004 WL 213168 *2 (D.Conn.), 15 A.D. Cases 341, (Courtesy Copy Attached As Exhibit B).

Plaintiff will supplement her response to these interrogatories by the inclusion of facts, asserted on information and belief, facts supportive of adverse actions taken against her and their relation to her protected status. Plaintiff's supplementation is made in good faith and to conform to Rule 33 of the federal rules of civil procedure.

4.    **Interrogatory No. 17:**

Defendant asserts that Plaintiff's answer to Interrogatory No. 17 "provide absolutely no basis for demarcating the parameters or character of the facts she contends support her claims." (Defendant's Motion p. 3). Contrary to Defendant's myopic view, Plaintiff specifically stated all facts upon which she based her discriminatory claims.

> **INTERROGATORY NO. 17:**    If you contend that Pitney Bowes Inc discharged or discriminated against you for exercising any right to which you are entitled under the plan, state all facts upon which you base this contention.
> **OBJECTIONS:**    Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows.

**RESPONSE**: See Revised Amended Complaint and the allegations therein. Plaintiff was entitled to request reasonable accommodations in good faith, including proposing an accommodation plan and requesting short and long term disability benefits. The Defendant Pitney Bowes, Inc. discriminated against her in unlawfully denying her claims for benefits pursuant to the company's benefit policies and for filing charges of employment discrimination with state and federal agencies. See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

As the response indicates, Plaintiff was entitled to request reasonable accommodations, including her proposal of an accommodation plan, and requests for short and long term disability benefits; the defendant discriminated against her in unlawfully denying benefits and because she filed two charges of employment discrimination.   The answer was responsive to the interrogatory.  The reference to documentation previously disclosed was actually requested for in the general instructions to the Interrogatories, and not intended to be evasive.

Additionally, Defendant propounds that Plaintiff should "state all facts" supporting her allegations. "It has been stated by a judge in this Court that a party 'may not be required by interrogatories to submit every item it will produce at trial.' Harlem River Comsumers Cooperative, Inc., 64 F.R.D. at 466 [internal citation omitted]. Here, Defendant is requesting all the evidence Plaintiff will produce at trial. Such direction makes these interrogatories overbroad and unduly burdensome.

Defendant's motion to compel as to this interrogatory must be denied.


5.    **Interrogatory No. 18:**

Defendant argues that Plaintiff's response to Interrogatory No. 18 was insufficient.

**INTERROGATORY NO. 18**:      If you contend that Pitney Bowes Inc. interfered with the attainment of any right to which you were entitled under the plan, state all facts upon which you base this contention.

**OBJECTIONS:**      Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows. Plaintiff was entitled to plead on information and belief, because the facts supporting Defendant's state of mind as to intentional discrimination are only known to the Defendant Pitney Bowes Inc.

**RESPONSE**: See Revised Amended Complaint and the allegations contained therein, incorporated herein in this response.  Basically, Defendant Pitney Bowes, Inc. interfered with Plaintiff's attainment of her short and long term disability benefits, because it controlled the administration of her short term disability benefits.  The same rationale used in denying the short term disability benefits was used in denying the long term disability benefits.   Specifically, See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

Plaintiff objected and responded that Plaintiff was entitled to plead on information and belief, because the facts supporting Defendant's state of mind as to intentional discrimination are only known to the Defendant.  "If the respondent is unable to answer for lack of information or for other reason he should indicate the reasons rather than ignore the inquiry in whole or in part; if an interrogatory is deemed in good faith to be improper, objection should be timely filed." See Pilling, 45 F.R.D. at 369. "If plaintiff knows of no further information it is required to so state. If it can only answer partially it should state that its answers reflect all the information it has." Harlem River Comsumers Cooperative, Inc., 64 F.R.D. at 463. Furthermore, the answer provided was responsive. The reference to documentation previously disclosed was actually requested for in the general instructions to the Interrogatories, and not intended to be evasive.

Additionally, Defendant propounds that Plaintiff should "state all facts" supporting her allegations. "It has been stated by a judge in this Court that a party 'may not be required by interrogatories to submit every item it will produce at trial.' Harlem

<u>River Comsumers Cooperative, Inc.</u>, 64 F.R.D. at 466 [internal citation omitted].  Here,

Defendant is requesting all the evidence Plaintiff will produce at trial. Such direction

makes these interrogatories overbroad and unduly burdensome.

Defendant's motion to compel as to this interrogatory must be denied.

6.    **Interrogatory No. 19:**

Defendant asserts that Plaintiff's response to Interrogatory No. 19 was

insufficient.

> **INTERROGATORY NO. 19**:      State facts upon which you base your
> allegation in paragraph 85 of the complaint that "Pitney Bowes deliberately
> interrupted your medical coverage."
> **OBJECTIONS:**      Plaintiff incorporates her Specific Objections as if fully set
> forth herein. Subject to and without waiving the foregoing objections, and to the
> extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows.
> Plaintiff was entitled to plead on information and belief, because the facts
> supporting Defendant's state of mind as to intentional discrimination are only
> known to the Defendant Pitney Bowes Inc.
>
> **RESPONSE:** See Plaintiff's Revised Amended Complaint and the allegations
> contained therein, incorporated herein.  Defendant Pitney Bowes, Inc. interrupted
> her medical benefits in an attempt to interfere with her ability to seek adequate
> medical care, [by] placing her on a medical policy for which she did not elect to
> receive and which had less beneficial coverage.  See Initial Disclosures and
> Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal
> Record pp. 1-431.

Plaintiff objected and responded that she cannot know Defendant's state of mind.

See <u>Pilling</u>, 45 F.R.D. at 369. "If plaintiff knows of no further information it is required

to so state. If it can only answer partially it should state that its answers reflect all the

information it has." <u>Harlem River Comsumers Cooperative, Inc.</u>, 64 F.R.D. at 463.

Further, Plaintiff specifically stated the Defendant "interrupted her medical benefits in an

attempt to interfere with her ability to seek adequate medical care, by [sic] placing her on

a medical policy for which she did not elect to receive and which had less beneficial

coverage." The response is specific. The reference to documentation previously disclosed was actually requested for in the general instructions to the Interrogatories, and not intended to be evasive.

Additionally, Defendant propounds that Plaintiff should "state all facts" supporting her allegations. "It has been stated by a judge in this Court that a party 'may not be required by interrogatories to submit every item it will produce at trial.' <u>Harlem River Comsumers Cooperative, Inc.</u>, 64 F.R.D. at 466 [internal citation omitted]. Here, Defendant is requesting all the evidence Plaintiff will produce at trial. Such direction makes these interrogatories overbroad and unduly burdensome.

Defendant's motion to compel as to this interrogatory must be denied.

7.    **Interrogatory No. 20:**

Defendant asserts that Plaintiff's response to Interrogatory No. 20 was insufficient.

> **INTERROGATORY NO. 20:**    State all facts upon which you base your allegation in paragraph 86 of the complaint that your application for long-term disability benefits was "deliberately denied."
> **OBJECTIONS:**    Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows. Plaintiff was entitled to plead on information and belief, because the facts supporting Defendant's state of mind as to intentional discrimination are only known to the Defendant Pitney Bowes Inc.
>
> **RESPONSE:** See Revised Amended Complaint and the allegations set forth therein, incorporated herein the same. See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

Plaintiff objected and responded, specifically indicating that she cannot know the Defendant's state of mind, thus she can adduce no additional facts. See <u>Pilling</u>, 45 F.R.D.

at 369. "If plaintiff knows of no further information it is required to so state. If it can only answer partially it should state that its answers reflect all the information it has." <u>Harlem River Comsumers Cooperative, Inc.</u>, 64 F.R.D. at 463.

The reference to documentation previously disclosed was actually requested for in the general instructions to the Interrogatories, and not intended to be evasive.

Additionally, Defendant propounds that Plaintiff should "state all facts" supporting her allegations. "It has been stated by a judge in this Court that a party 'may not be required by interrogatories to submit every item it will produce at trial.' <u>Harlem River Comsumers Cooperative, Inc.</u>, 64 F.R.D. at 466 [internal citation omitted]. Here, Defendant is requesting all the evidence Plaintiff will produce at trial. Such direction makes these interrogatories overbroad and unduly burdensome.

Plaintiff will supplement her response to this interrogatory by the inclusion of facts, asserted on information and belief, that her long term disability benefits were wrongfully denied. Plaintiff's supplementation is made in good faith and to conform to Rule 33 of the federal rules of civil procedure.


**8.    Interrogatory No.'s 21 & 22:**

Defendant asserts that Plaintiff's responses to Interrogatories No.'s 21 & 22 were insufficient.

> **INTERROGATORY NO. 21**:    State all facts upon which you base your allegation of intent to discriminate, as alleged in paragraph 90 of the complaint, that "Pitney Bowes acted with the specific intent to discriminate against you in the form of retaliation."
> **OBJECTIONS:**    Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows. Plaintiff was entitled to plead on information and belief, because the facts

supporting Defendant's state of mind as to intentional discrimination are only known to the Defendant Pitney Bowes Inc.

**RESPONSE**: See Revised Amended Complaint and the allegations contained therein, incorporated the same herein.  See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

**INTERROGATORY NO. 22**:     State all facts upon which you base your allegation of retaliation, as alleged in paragraph 90 of the complaint, that "Pitney Bowes acted with specific intent to discriminate against you in the form of retaliation." Plaintiff was entitled to plead on information and belief, because the facts supporting Defendant's state of mind as to intentional discrimination are only known to the Defendant Pitney Bowes Inc.

**OBJECTIONS:**     Plaintiff incorporates her Specific Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, and to the extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows. **RESPONSE:** See Revised Amended Complaint and the allegations set forth therein, incorporated the same herein. See Initial Disclosures and Documents: Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-431.

Plaintiff objected and responded, specifically indicating that she cannot know the

Defendant's state of mind, thus she can adduce no additional facts. See <u>Pilling</u>, 45 F.R.D.

at 369. "If plaintiff knows of no further information it is required to so state. If it can only

answer partially it should state that its answers reflect all the information it has." <u>Harlem</u>

<u>River Comsumers Cooperative, Inc.</u>, 64 F.R.D. at 463.  The reference to documentation

previously disclosed was actually requested for in the general instructions to the

Interrogatories, and not intended to be evasive.

Additionally, Defendant propounds that Plaintiff should "state all facts"

supporting her allegations. "It has been stated by a judge in this Court that a party 'may

not be required by interrogatories to submit every item it will produce at trial.' <u>Harlem</u>

<u>River Comsumers Cooperative, Inc.</u>, 64 F.R.D. at 466 [internal citation omitted].  Here,

Defendant is requesting all the evidence Plaintiff will produce at trial. Such direction

makes these interrogatories overbroad and unduly burdensome.

Plaintiff will supplement her response to these interrogatories by the inclusion of

facts, asserted on information and belief, supporting retaliatory treatment. Plaintiff's

supplementation is made in good faith and to conform to Rule 33 of the federal rules of

civil procedure.

**9.      Interrogatory No. 23:**

Defendant asserts that Plaintiff's response to Interrogatory No. 23 was

insufficient.

> **INTERROGATORY NO. 23**:      State all facts upon which you base your
> allegation in paragraph 91 of the complaint that Pitney Bowes Inc. maintains a
> "discriminatory policy that has a disproportionate impact upon employees like
> you."
> **OBJECTIONS:**      Plaintiff incorporates her Specific Objections as if fully set
> forth herein. Subject to and without waiving the foregoing objections, and to the
> extent the Plaintiff understands this Interrogatory, Plaintiff responds as follows.
> Plaintiff was entitled to plead on information and belief, because the facts
> supporting Defendant's state of mind as to intentional discrimination are only
> known to the Defendant Pitney Bowes Inc.
>
> **RESPONSE:** See Revised Amended Complaint and the allegations set forth
> therein, incorporated the same herein.  See Initial Disclosures and Documents:
> Bayonne 1-594 and Bayonne v. Pitney Bowes, Inc. LTD Appeal Record pp. 1-
> 431.

Plaintiff objected and responded that she cannot know the Defendant's state of

mind, such is only known to the Defendant. See Pilling, 45 F.R.D. at 369. "If plaintiff

knows of no further information it is required to so state. If it can only answer partially it

should state that its answers reflect all the information it has." Harlem River Comsumers

Cooperative, Inc., 64 F.R.D. at 463.  The reference to documentation previously

disclosed was actually requested for in the general instructions to the Interrogatories, and not intended to be evasive.

Additionally, Defendant propounds that Plaintiff should "state all facts" supporting her allegations. "It has been stated by a judge in this Court that a party 'may not be required by interrogatories to submit every item it will produce at trial.' Harlem River Comsumers Cooperative, Inc., 64 F.R.D. at 466 [internal citation omitted]. Here, Defendant is requesting all the evidence Plaintiff will produce at trial. Such direction makes these interrogatories overbroad and unduly burdensome.

Plaintiff will supplement her response to this interrogatory by the inclusion of facts, asserted on information and belief, that the Defendant maintains a policy that has a disproportionate impact upon employers like herself. Plaintiff's supplementation is made in good faith and to conform to Rule 33 of the federal rules of civil procedure.


**10.    Attorneys Fees Should Be Denied**

Defendant has sought attorneys fees as a sanction against the Plaintiff. Such fees asserted by the Defendant are excessive and not in conformity to the work produced, as evidenced by the six page motion and brief affidavit of counsel. Plaintiff has acted in good faith in responding to the discovery requests in question and has further supplemented such responses. Defendants request for attorneys fees must be denied.

**11.    Sworn Answers to Interrogatories**

The undersign will obtain Plaintiff's sworn signature as to all responses to the Defendant's First Set of Interrogatories. The mistaken omission of such sworn signature

was caused by the undersign, and the absence thereof has not caused any prejudice to the

Defendant.

## III.   CONCLUSION

The Defendant's motion to compel and monetary sanctions should be denied.

Plaintiff respectfully requests the Court's endorsement of her objections to each

interrogatory.

Dated: Southport, CT
November 1, 2004

PLAINTIFF,
GERTRUDE BAYONNE

By: _____
       Mark P. Carey (ct17828)
       Carey & Associates, P.C.
       Attorneys At Law
       71 Old Post Road, Suite One
       Southport, CT 06490
       (203) 255-4150 tel.
       (203) 255-0380 fax.
       Mcarey@capclaw.com

       Attorney for Plaintiff

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY, that the foregoing was delivered via first class mail,
postage prepaid, this the 1st day of November, 2004 to:

John G. Stretton
Edwards & Angell, LLC
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901

_____
Mark P. Carey

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GERTRUDE BAYONNE,                    :
         Plaintiff,

                              :    Civ. Action No.
                                   3:03CV0712(WWE)

v.                                    :

PITNEY BOWES, INC., et al,           :
             Defendants.          NOVEMBER 1, 2004

                           :

## DECLARATION OF ATTORNEY MARK P. CAREY

Mark P. Carey, duly, deposes, states and says:

1.     I am over the age of 21 and understand the meaning of an oath. The following is my declaration in support of Plaintiff's memorandum in opposition to Defendant's motion to compel further discovery. The following is stated under penalty of perjury.

2.     I am the principal of Carey & Associates, P.C. located in Southport, Connecticut and attorney for the Plaintiff Gertrude Bayonne.

3.     In responding to the Defendant's First Set of Interrogatories, I made every good faith attempt to respond to the requests and opposing counsel attempts to resolve any discovery disputes. Defendant has unfairly blamed the undersigned for avoiding their requests to resolve the discovery dispute in question. During such time period of opposing counsel's communications to this office, I inform each opposing counsel that I would respond but was under great pressure to deal with the cross motions for summary

judgment in this case. In addition, I was also involved during the same time period with

filing and responding to cross motions for summary judgment in two other cases during

the same time period. Finally, my office is a one attorney practice and I routinely handle

some twenty to thirty cases that involve litigation or dispute resolutions.


4.      The Defendant has not been prejudiced by the Plaintiff's responses to the

Defendant's First Set of Interrogatories. In addition, the undersigned has supplemented

on this date Plaintiff's responses.


Dated: Southport, CT
November 1, 2004

By: _____
        Mark P. Carey (ct17828)
        Carey & Associates, P.C.
        Attorneys At Law
        71 Old Post Road, Suite One
        Southport, CT 06490
        (203) 255-4150 tel.
        (203) 255-0380 fax.
        Mcarey@capclaw.com

        Attorney for Plaintiff

# EXHIBIT B

15 AD Cases 341
2004 WL 213168 (D.Conn.), 15 A.D. Cases 341
(Cite as: 2004 WL 213168 (D.Conn.))
**H**

Motions, Pleadings and Filings

United States District Court,
D. Connecticut.

Gertrude **BAYONNE**, Plaintiff,
v.
**PITNEY BOWES,** INC. et al., Defendants.

No. 3:03CV712.

Jan. 27, 2004.

BNA Labor Relations Reporter Headnote - AD Cases
AMERICANS WITH DISABILITIES ACT
1 Retaliation
C360.44 C377.01 C702.05
D.Conn.,2004.
Employee's allegation that employer retaliated against her when it denied her application for short-term disability benefits sufficiently alleged that she engaged in protected activity, where she contends that her application was request for reasonable accommodation, short-term leaves of absence may constitute reasonable accommodation, and her application was necessitated by need for leave of absence.
Bayonne v. Pitney Bowes, Inc.
15 AD Cases 341
BNA Labor Relations Reporter Headnote - AD Cases
AMERICANS WITH DISABILITIES ACT
2 Adverse employment action
C371.15 C377.03 C702.05
D.Conn.,2004.
Denial of short-term disability benefits to employee who had surgery to remove brain tumor constitutes adverse employment action, where denial is akin to reduction in pay.
Bayonne v. Pitney Bowes, Inc.
15 AD Cases 341
Mark Paul Carey, Carey & Associates, Southport, CT, for Plaintiff.

John Gerard Stretton, Marc L. Zaken, Edwards & Angell, Stamford, CT, Theodore J. Tucci, Robinson & Cole, Hartford, CT, Joanne M. Krakora, Nicole A. Diller, Sandra R. McCandless, Sonnenschein, Nath & Rosenthal-CA, San Francisco, CA, for Defendants.

RULING ON MOTION TO DISMISS

EGINTON, Senior J.

*1 Plaintiff Gertrude **Bayonne** filed an action against defendant **Pitney Bowes** for, inter alia, retaliation in violation of the Americans with Disabilities Act ("ADA").

Defendant **Pitney Bowes** has moved to dismiss the action. For the following reasons, the motion to dismiss will be denied.

BACKGROUND

The following factual background is reflected in the allegations of the amended complaint.

Gertrude **Bayonne** underwent surgery to remove a small tumor behind her left ear in April, 2000. In October, 2000, plaintiff began treatment with a neurologist who later diagnosed her with "a permanent neurological deficit."

In August, 2002, plaintiff wrote to defendant to request a reduced work schedule of 32 hours per week. Defendant granted plaintiff's request for the reduced hours. In September, 2002, plaintiff's neurologist determined that plaintiff was "temporarily 100% disabled" and medically unable to work.

Plaintiff's request for short-term disability benefits was denied on November 22, 2002.

On April 21, 2003, plaintiff commenced the instant action alleging retaliation based on Pitney Bowes' denial of short-term benefits.

DISCUSSION

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The function of a motion to dismiss "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir.1980). In considering a motion to dismiss, a court must presume all factual allegations of the complaint to be true and must draw any reasonable inferences in favor of the non-moving party. Cruz v. Beto, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Plaintiff alleges that defendant retaliated against her in violation of the ADA by denying her short-term disability benefits after she had applied for them as a reasonable accommodation. Defendant asserts that she cannot base her ADA retaliation claim on the alleged denial of benefits.

The retaliation provision of the ADA, 42 U.S.C. Section 12203, provides as follows. Section 12203(a) states that no "person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act." Section 12203(b), [FN1] which makes it unlawful "to coerce, intimidate, threaten or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed ... any right granted or protected by this chapter." Section 12203(c) explicitly adopts the same remedies for violations of the retaliation and intimidation provisions as are available under section 12117 for violations of the ADA's prohibition against discrimination and failure to accommodate.

> FN1. Plaintiff's brief cites to section 12203(b), but it is not clear from the complaint whether plaintiff alleges a violation of that section.

*2 To state a claim for retaliation under the ADA, a plaintiff must allege that: (1) she engaged in a protected activity; (2) the employer knew about her participation in the protected activity; (3) an adverse employment action occurred; and (4) there is a causal connection between the adverse employment action and the employee's participation in the protected activity. Sarno v. Douglas Ellman-Gibbons & Ives, Inc., 183 F.3d 155, 159 (2d. Cir.1999).

Defendants argue that plaintiff has not alleged the first element, that she "engaged in a protected activity." Sarno v. Douglas Ellman-Gibbons & Ives, Inc., 183 F.3d 155, 159 (2d Cir.1999). Plaintiff counters that her request for benefits from defendant's short term disability program is a protected activity under the ADA. Plaintiff argues that the short-term disability benefits are a "reasonable accommodation" under the Act. Therefore, plaintiff argues her request to receive such benefits is a "request for a reasonable accommodation" and should be protected activity.

The filing of complaints with the Equal Employment Opportunity Commission and opposition by an employee to an employer's discriminatory practices are examples of protected activities under the ADA. Sacay v. The Research Foundation of the City University of New York, 44 F.Supp.2d 505, 509 (E.D.N.Y.1999). Another example of a protected activity is a "request for a reasonable accommodation." Conley v. United Parcel Service, 88 F.Supp.2d 16, 20 (E.D.N.Y.2000). The First Circuit has stated that a short term leave of absence may constitute a "reasonable accommodation." Criado v. IBM Corp., 145 F.3d 437, 443 (1st Cir.1998) .

Construing the complaint in the light most favorable to the plaintiff for purposes of ruling on this motion, the Court assumes that an application for short-term disability benefits was necessitated by the need for a leave of absence. Accordingly, the Court finds that plaintiff has alleged that she engaged in a "protected activity" under the ADA.

The second element, that the employer had knowledge of the activity, is not contested. Plaintiff has alleged that her protected activity was a communication with her employer.

Plaintiff has adequately alleged an adverse employment action. The Second Circuit instructs that an adverse employment action can include negative evaluation letters, express accusations of lying, assignment of lunchroom duty, reduction of class preparation periods, failure to process teacher's insurance forms, transfer from library to classroom teaching as an alleged demotion, and assignment to a classroom on the fifth floor. Bernheim v. Litt, 79 F.3d 318, 324-26 (2d Cir.1996). Adverse employment action has also been defined broadly to include "discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand." Morris v. Lindau, 196 F.3d 102, 110 (2d Cir.1999).

Here, the alleged denial of benefits is akin to a reduction in pay, and therefore, the Court is satisfied that plaintiff has alleged an adverse employment action.

*3 As to the fourth element of retaliation of a causal connection between her participation in a protected activity and the adverse employment action, the Court will leave plaintiff to her proof. Accordingly, the motion to dismiss will be denied.

CONCLUSION

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

 For the foregoing reasons, the motion to dismiss [doc.
# 7] is DENIED. The plaintiff is instructed to amend
the complaint to clarify whether plaintiff alleges a
cause of action for coercion, harassment or interference
pursuant to Section 12203(b).

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.