UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GERTRUDE BAYONNE, Plaintiff, | : | |
| v. | : | Docket No. 303 CV 0712 (WWE) |
| PITNEY BOWES INC., et al., Defendants. | : | November 12, 2004 |

**REPLY RE MOTION TO COMPEL FURTHER RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Defendant Pitney Bowes Inc. ("Pitney Bowes") submits the following reply to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Compel (the "Opposition" or "Opp. Mem.").

## I. INTRODUCTION

Dramatically avoiding any discussion of the facts that needlessly brought this dispute before the Court, Plaintiff's 18 page brief details irrelevant background material and mischaracterizes the law relating to parties' discovery obligations. Plaintiff admits that she failed to provide adequate answers to over half of the interrogatories at issue, yet she provides no real assurance of ever correcting her answers—refusing to even put a timeframe on her supposed supplementation. Far worse, Plaintiff misrepresents the controlling law relating to the

interrogatories she refuses to answer. In light of this conduct, Pitney Bowes respectfully requests that the Court grant its motion in its entirety.

## II. THE COURT SHOULD COMPEL FURTHER RESPONSES TO ALL INTERROGATORIES IN CONTENTION

### A. Plaintiff's Claim That She Will Provide Supplemental Responses Rings Hollow

Plaintiff's Opposition admits the "need for additional supplementation of her responses," and indeed states that she will voluntarily supplement her responses to eight of the interrogatories at issue. *See* Opp. Mem. at 3. Just like her promise to respond to Pitney Bowes' meet and confer efforts, Plaintiff has tailored this promise to have no real consequence. She fails to articulate when she plans to provide the requested information, thereby allowing her to wait until after her scheduled deposition to provide any response at all. Moreover, Plaintiff gives no indication of what information she intends to provide, carefully avoiding any mention of providing factual statements in response to the legitimate inquiries. Given the infirmity of Plaintiff's claimed supplementation, Pitney Bowes respectfully requests that with respect to Interrogatory Nos. 2, 3-7, 14-16, 19, and 21-23, the Court order Plaintiff to serve supplemental responses with factual statements on or before November 19, 2004.

### B. As Her Opposition Makes Clear, Plaintiff Has No Basis to Withhold the Requested Information

Plaintiff claims the disputed interrogatories need no supplementation because two cases, both of which predate the substantial overhaul to the Federal Rules' discovery provisions, preclude it. Plaintiff asserts that one case, *Harlem River Consumers Cooperative Inc. v. Associated Grocers of Harlem, Inc.*, 64 F.R.D. 459 (S.D.N.Y. 1974), stands for the proposition

that a party need not, during discovery, inform an opposing party of the evidence it intends to use at trial. *See, e.g.,* Opp. Mem. at 10 ("Defendant is requesting all the evidence Plaintiff will produce at trial. Such direction makes these interrogatories overbroad and unduly burdensome"). *Harlem River* hardly stands for such a proposition. Instead, that case informs that discovery "serves to specify and frame the issues more concretely. Its aim is … '***to enable the parties to learn what the facts are and where they may be found before trial****….*'" 64 F.R.D. at 462, *citing U.S. v. A.B. Dick Co.,* 7 F.R.D. 442 (N.D. Ohio 1947). *Harlem River* went on to hold that where, like here, a party cites to voluminous documents in purported response to an interrogatory, the response is insufficient. 64 F.R.D. at 463 ("A broad statement that the information sought is available from a mass of documents … is not a sufficient response to satisfy the aims of discovery").

The other case on which Plaintiff relies is *Pilling v. General Motors Corp.,* 45 F.R.D. 366 (D. Utah 1968). Here, Plaintiff does not mischaracterize the holding, but the facts. She admits that *Pilling* requires that if a party knows of no information, it must "so state." *See, e.g.,* Opp. Mem. at 8. As the text of Plaintiff's responses demonstrates, Plaintiff did no such thing. Instead of admitting that she had no knowledge of facts supporting specific allegations in her complaint, Plaintiff incorporated her Complaint in her responses and referenced over 600 pages of documents she produced in her initial disclosures, with no indication of which documents Plaintiff deemed responsive. *Pilling* provides no support for this conduct, but instead demands the opposite:

> Answers must be responsive, full, complete and unevasive. Insofar as practical they should be complete within themselves. Material outside the answers and their addendum ordinarily should not be incorporated by reference.

45 F.R.D. at 369.

In sum, no authority supports Plaintiff's evasive responses, and the Court should order her to provide supplemental responses detailing the requested information or provide a statement that she is unaware of any facts to support her allegations.

**C. Plaintiff's Conduct Is Sanctionable**

Plaintiff provides no real explanation for her failure to meet and confer in good faith instead of forcing Pitney Bowes to involve the Court in this discovery dispute. She simply claims that counsel was "extremely overburdened by this case ... and in handling other cases." Opp. Mem. at 3. For four months, Pitney Bowes requested that Plaintiff voluntarily supplement her responses. Remarkably, despite acknowledging the deficiency of certain responses, Plaintiff contends that the Court should not require reimbursement of Pitney Bowes' attorney's fees, on the apparent ground that sustaining such fees does not amount to prejudice. Given Plaintiff's failure to provide any reasonable basis for refusing to comply with the Federal and Local Rules, including Plaintiff's obligations to meet and confer in good faith, the Court should award Pitney Bowes reimbursement of the actual attorneys fees incurred in this dispute. See Local Rules 37(a)(2) and (4).

///

///

///

///

///

///

## III. CONCLUSION

For the reasons discussed above, Pitney Bowes respectfully requests that the Court order Plaintiff to provide supplemental responses to Interrogatory Nos. 2, 3-7, 14-19 and 20-23, without reference to pleadings or other documents, and pay Pitney Bowes attorney's fees in the amount of $8,178.50 as reimbursement for the costs of bringing its motion and filing this reply brief.

By ______________________

John G. Stretton (Fed. Bar No. 19902)
Edwards & Angell LLP
301 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 353-6844
Fax: (800) 232-0862
Email: jstretton@edwardsangell.com

Nicole A. Diller (admitted pro hac vice)
Donald P. Sullivan (admitted pro hac vice)
Morgan Lewis & Bockius
One Market, Spear Street Tower
San Francisco, CA 94105
Tel.: (415) 442-1000
Fax: (415) 442-1001
Email: ndiller@morganlewis.com