```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT
                                       :
GERTRUDE BAYONNE                       :
                                       :
                                       :
                                       :
v.                                     :   CIV. NO. 3:03CV712 (WWE)
                                       :
PITNEY BOWES, INC., ET AL              :
                                       :
                                       :
                                       :
```

RULING ON DEFENDANT'S MOTION TO COMPEL and SCHEDULING ORDER

Defendant Pitney Bowes, Inc. seeks an order compelling plaintiff to provide answers to its First Set of Interrogatories, dated April 28, 2004. Oral argument was held on January 13, 2005. For the reasons that follow, Pitney Bowes' Motion to Compel **[Doc. #73]** is **GRANTED** pursuant to Fed. R. Civ. P. 37(a)(3).

Defendant's Motion for Costs and Fees **[Doc. #73]** is **GRANTED**. The Court will award the reasonable costs and fees incurred in litigating this motion.  Defendant will submit its Motion for Costs with supporting affidavit and billing records to the Court within ten (10) days of this ruling.  Plaintiff's response is due ten (10) days thereafter.

Scheduling Order

Discovery will be completed in accordance with the current schedule, on **Monday, February 14, 2005.**  At oral argument, the parties agreed to the following schedule:

Plaintiff will provide supplemental answers to defendant's

1

interrogatories on or before **Wednesday, January 19, 2005.** At oral argument, plaintiff's counsel stated that he had not read the cases cited in support of defendant's Motion to Compel. Counsel is strongly advised to review defendant's case law prior to preparing the supplemental responses.

Plaintiff will also provide a detailed damages analysis on or before **Wednesday, January 19, 2005.**

The parties will complete the continued deposition of plaintiff on or before the close of discovery, **Monday, February 14, 2005.**

The parties will contact the Court immediately if there are any problems complying with this order, so that timely rulings may enter. The parties are required to confer on all issues in advance of contacting the Court.

Plaintiff's counsel indicated at oral argument that he was preparing a Motion to Compel interrogatory answers from Pitney Bowes.

D. Conn. L. Civ. R. 37(a)(2) states,

> No motion pursuant to Rules 26 through 37, Fed. R. Civ. P. Shall be filed unless counsel making the motion has <u>conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution</u>. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as part of the motion papers, <u>an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort</u>

>       <u>in good faith to resolve by agreement the
>       issues raised by the motion without the
>       intervention of the Court</u>, and has been
>       unable to reach such an agreement. If some of
>       the issues raised by the motion have been
>       resolved by agreement, the affidavit shall
>       specify the issues so resolved and the issues
>       remaining unresolved.

(emphasis added).

The local rule is reprinted here because plaintiff's counsel stated at oral argument that he has not contacted defendant's counsel to discuss the interrogatory answers in advance of preparing a motion and has not yet conferred in a "good faith effort to eliminate or reduce the area of controversy." D. Conn. L. Civ. R. 37(a)(2). Failure to comply with D. Conn. L. Civ. R. 37(a)(2) has already delayed the case and resulted in unnecessary expenditure of judicial resources.

Plaintiff filed this action in April 2003. Discovery is scheduled to close on Monday, February 14, 2005, nearly two years after the case was filed. At oral argument, plaintiff's counsel stated he plans to serve further interrogatories and depose various Pitney Bowes employees and Pitney Bowes consultants before discovery closes. No depositions have been noticed by plaintiff to date, nor have prospective depositions of defendant's employees been discussed with defense counsel.

On or before **Wednesday, January 19, 2005,** plaintiff will send a letter to the Court, providing a schedule for the completion of all depositions and any remaining written discovery. Counsel will confer in advance regarding the

3

availability of witnesses and plaintiff will notice the depositions for the agreed upon dates in advance of reporting to the Court.

Counsel are cautioned that further delay in this case will not be tolerated. Any requests for extension of time that are filed after the passing of a court deadline will not be considered. D. Conn. L. Civ. R. 7(b). Objections raised without good cause will not be considered. See D. Conn. L. Civ. R. 37(a)(4). Moreover, failure by counsel to confer in good faith to resolve disputes may result in future sanctions. The parties are hereby warned that failure to comply with the Court's rulings and orders may subject the non-complying party to sanctions including, but not limited to, attorneys' fees, costs, and other appropriate sanctions, which may include dismissal of this action. See Fed. R. Civ. P. 37.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 13th day of January 2005

____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE