UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

2005 FEB -2  P 4: 46

US DISTRICT COURT
BRIDGEPORT CT

| | |
|---|---|
| **GERTRUDE BAYONNE,** : | |
| Plaintiff, : | |
| : | Civ. Action No. |
| : | 3:03CV0712(WWE) |
| v. : | |
| : | |
| **PITNEY BOWES, INC., et al.** : | |
| Defendants. : | February 2, 2005 |
| : | |

<u>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S**</u>
<u>**SUPPLEMENTAL MOTION FOR COSTS AND FEES**</u>

Plaintiff Gertrude Bayonne files this Memorandum in Opposition to Defendants Supplemental Motion for Costs and Fees. The Court issued its Order, dated January 14, 2005, granting Defendants Motion to Compel. Pursuant to the Court's Order, Defendants filed the instant Supplemental Motion for Costs and Fees on January 24, 2005 [Doc.#90], and Plaintiff is to respond in opposition on this date. Plaintiff respectfully requests that the Court modify, in whole or in part, Defendants request for attorneys fees and costs.

**I.   ARGUMENT**

1.   <u>Defendants Hourly Rates Are Not Reasonable And Must be Reduced</u>

Plaintiff asserts the Defendants fees must be reduced because they are not reasonable in view of the prevailing rates awarded by this Court.

The Court is afforded broad discretion in assessing a reasonable fee award. See <u>Hensely v. Eckerhart</u>, 461 U.S. 424, 437 (1983); See Also, <u>Lunday v. City of Albany</u>, 42 F.3d 131, 133034 (2d Cir.1994). The proper calculation of legal fees pursuant to the Court's Order granting Defendants Motion to Compel is the lodestar amount, which is

calculated from the product of a reasonable hourly rate and the number of hours reasonably expended by each attorney. See Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir.1999). This amount is "derived by multiplying the number of hours expended by each attorney involved in each type of work on the case by the hourly rate charged for similar work by attorneys of like skill in the area." City of Detroit v. Grinnell Corp., 560 F.2d 1093, 1098 (2d Cir.1977)(Grinnell II). However, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensely, 461 U.S. at 437.

In determining the reasonable hour rate, the Court will look to the prevailing hourly rate in the relevant community for similar services by lawyers of reasonable comparable skill, experience and reputation. See Blum v. Stenson, 465 U.S. 886, 895 (1984). Over the past several years, District of Connecticut judges who have considered this issue have concluded that an hourly rate of $250-$300 prevailing market rate for attorneys with a high degree of experience in their field of law. For example, in Lieberman v. Dudley, 1998 WL 740827, at *4 (D.Conn. July 27, 1998), Judge Nevas awarded an hourly rate of $250.00, noting that the attorney was an experienced civil rights litigator with over 30 years of experience in Connecticut. In Calovine v. City of Bridgeport, 1998 WL 171432, at *3 (D.Conn. Feb.4, 1998), Judge Eginton awarded an attorney an hourly rate of $250.00 on the grounds that the attorney was "among the most experienced plaintiffs' civil rights litigators in the state." In Russo v. Coppola, No. 3:93CV1734(AHN), slip op. (D.Conn. Feb.6, 1995), Judge Nevas awarded fees under section 1988 based on an hourly rate of $250.00 for a partner with over thirty years of experience in this district, and $150.00 per hour for two associate attorneys with two and

three years of experience in this district. In <u>Omnipoint Communications, Inc. v. Planning and Zoning Com'n of Town of Wallingford</u>, 91 F.Supp.2d 497 (D.Conn.2000), a civil rights case brought pursuant to 42 U.S.C. § 1983, Judge Eginton found rates of $300 per hour and $250 per hour to be reasonable rates for partners in a Stamford, Connecticut law firm. In <u>Hardy v. Saliva Diagnostic Systems, Inc.</u>, 52 F.Supp.2d 333 (D.Conn.1999)(HBF), the court awarded an hourly rate of $185.00 to 200.00 per hour.

### a) Affidavit of Attorney John Stretton

The Defendants fee request for work performed by Attorney John Stretton must be reduced for the following reasons. Attorney Strettons' affidavit does not indicate the reasonableness of his fees, the hourly rate charged and any discussion for overlapping work product with other attorneys involved with the case. Defendants do not provide affidavits by other defense attorneys practicing in this District, attesting to the reasonableness of Attorney Strettons' hourly rate. Although not stated in his affidavit, it appears his hourly rate is $285.00 per hour. However, nowhere does he state that the requested rate is in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. <u>Blum</u>, 465 U.S. at 896. Attorney Strettons' affidavit does not indicate years in practice, experience, or if his work was duplicative or not of the other attorneys representing the Defendants.

Defendants fee request for Attorney Stretton should also be reduced due to inadequate and vague documentation. According to the invoices submitted, Attorney Stretton spent $2,878.50 (10.1 hours) working preparing for oral argument on Defendants Motion to Compel and attendance at the Oral Argument on February 13, 2005. The Court will discover the descriptions of services performed by Attorney Stretton are less

than specific. Many time entries contain descriptions of multiple tasks. This "bundling" or commingling of several tasks in one time entry prevents the Court from assessing the length of time counsel spent on each task. Absent such specificity, it is difficult to determine whether the time spent on a particular task was reasonable. See Soler v. G & U, Inc., 801 F.Supp. 1056, 1061 (S.D.N.Y. 1992).

The Court should reduce Attorney Strettons' hourly rate to $150-$200 per hour.

### b) Affidavit of Attorney Donald Sullivan

The Defendants fee request for work performed by Donald Sullivan must be reduced for the following reasons. Attorney Sullivans' affidavit does not indicate the reasonableness of his fees. Defendants do not provide affidavits by other defense attorneys practicing in this District, attesting to the reasonableness of Attorney Sullivans' hourly rate. As set forth in his affidavit, his hourly rate is $315.00 per hour and he charged $756.00 for work associated with Defendants Motion to Compel. He also indicates he is an associate with the Defendants law firm of Morgan, Lewis & Bockius, LLP, based in San Francisco, California. Attorney Sullivan does not indicate in his affidavit that his requested rate is in line with those prevailing in the community for similar services by lawyers of reasonable skill, experience and reputation. Blum, 465 U.S. at 896. His affidavit does not indicate years in practice, experience, or if his work was duplicative or not of the other attorneys representing the Defendants. In addition, the Defendants never provided a billing statement reflective of Attorney Sullivans' work product time. "Any attorney who hopes to obtain an allowance from the court should keep accurate and current records of work done and time spent." In Re Hudson & Manhattan Railroad Co., 339 F.2d 114, 115 (2d Cir.1964).

The Court must reduce Attorney Sullivans' hourly rate to $150-$200 per hour.

### c) Affidavit of Attorney Nicole Diller

The Defendants fee request for work performed by Attorney Nicole Diller must be reduced for the following reasons. Attorney Diller states in her affidavit that she billed the Defendants for $8,284.50 in fees (26.3 hours), but never provided her hourly rate. Plaintiff assumes Attorney Diller is a partner in the law firm of Morgan Lewis & Bockius, LLP, based in San Francisco, California. Defendants do not provide affidavits by other defense attorneys practicing in this District, attesting to the reasonableness of Attorney Dillers' hourly rate. Based on the billing records submitted to the Court, Plaintiff assumes her hourly rate is $315.00 per hour. This is the same rate charged by Attorney Sullivan, an associate. Attorney Diller does not state that the assumed hourly rate is in line with those prevailing in the community for similar services by lawyers of reasonable comparable skill, experience, and reputation. Blum, 465 U.S. at 896. Attorney Diller does not state the number of years in practice, her level of experience and skill.

Attorney Diller charged for 26.3 hours of work performed by her in connection with Defendants Motion to Compel. An examination of the billing statements in Exhibit A to Attorney Dillers' Affidavit, reveals that much of her purported work was performed by a J.M. Krakora, formerly with Defendants law firm Sonnenschein, Nath & Rosenthal, LLP, based in San Francisco, California. The Defendants have produced no affidavit of Attorney Krakor. Nor has the Defendants identified Attorney Krakora's hourly rate, experience, skill and whether her rate is in line with prevailing rates. Blum, 465 U.S. at 896. According to the Defendants billing statements submitted, Attorney Krakora

performed 15 hours of work, for which Attorney Diller is claiming are her fees. Attorney Diller is directly claiming 11.3 hours of work. In addition, much of the work set forth in Attorney Diller's affidavit is duplicative with the work performed by Attorney Krakora.

The Court must reduce Attorney Dillers' hourly rate to $200-250 per hour.

## II. CONCLUSION

Plaintiff respectfully requests the Defendants fee request be substantially reduced for the reasons set forth herein.

                                    GERTRUDE BAYONNE
                                    Plaintiff

                                    By: _____
                                    Mark P. Carey(ct17828)
                                    Carey & Associates, P.C.
                                    71 Old Post Road, Suite One
                                    Southport, CT 06890
                                    (203) 255-4150 tel.
                                    (203) 255-0380 fax.
                                    Mcarey@capclaw.com
                                    Her Attorney

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY, that the foregoing was delivered via first class mail, postage prepaid, this the 2nd day of February, 2005 to:

John G. Stretton
Edwards & Angell, LLC
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901

                                                              Mark P. Carey