UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GERTRUDE BAYONNE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Docket No. 303 CV 0712 (WWE) |
| | : | |
| PITNEY BOWES INC., *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | FEBRUARY 9, 2005 |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S NUNC PRO TUNC OBJECTION TO MAGISTRATE'S DECISION GRANTING MOTION TO COMPEL WITH FEES

Plaintiff's objection (the "Objection") to the Court's decision to grant Defendant Pitney

Bowes Inc.'s request for fees in connection with its motion to compel exemplifies the soundness

of the Court's initial ruling. By including a number of factual misstatements and irrelevant legal

propositions in the Objection, Plaintiff has, once again, forced Pitney Bowes to incur legal fees

on a discovery matter that could – and should – have been easily resolved by the parties through

meet and confer efforts.[1]

## I. THE COURT PROPERLY DETERMINED THAT PLAINTIFF'S BAD FAITH CONDUCT IS SANCTIONABLE

While Plaintiff complains about the costs Defendant incurred in connection with its

motion to compel, Plaintiff makes no showing whatsoever that Defendant's bill of costs and fees

are unreasonable in any way. Instead, Plaintiff takes the tack of rearguing facts already

determined by the Court. She claims, without more, that she exhibited "no bad faith or harassing

delay tactics in this case," but fails to address in any meaningful manner the points raised in the

---

[1] In an attempt to reduce undue costs and further delay relating to the Court's January 14, 2005 Order, Defendant briefly responds only to factual and legal inaccuracies in the Objection, but does not address already-briefed issues.

detailed affidavit submitted by Defendant's counsel relating to Plaintiff's meet and confer

conduct. See Objection at pp. 1-2 (Plaintiff's claims of good faith); Affidavit of Nicole A. Diller

in Support of Motion to Compel Further Responses to Defendant's First Set of Interrogatories

(discussing Plaintiff's refusal to meet and confer in good faith for four months). Plaintiff's

counsel still cites to the press of business as her justification for her failure to provide adequate

discovery responses and refusal to respond to Defendant's request for supplemental responses.

This Court, however, already considered and rejected that rationale. *See* January 15, 2005 Order.

Plaintiff also points to her compliance with initial disclosure obligations and the Court's

directive that Plaintiff supplement her interrogatory responses[2] as reasons the Court should

withdraw its January 14 determination. Compliance with some of her obligations, however, does

nothing to reimburse Defendant for the costs incurred as a result of Plaintiff's bad faith.

Moreover, the deterrence goal behind an award of sanctions will not be met without its

imposition. See, *e.g.*, Local Rule 16(g) (requiring counsel to conduct themselves in a manner

that secures the just, speedy and inexpensive determination of the action and permitting sanctions

where counsel fail to comply with Rule).

## II. PLAINTIFF'S LEGAL CONTENTIONS HAVE NO RELEVANCE TO THIS ISSUE AND, IN ANY EVENT, ARE WITHOUT MERIT

Plaintiff's Opposition speaks at length about the legal theories she pursues in the

underlying litigation. Plaintiff's case has no relevance to her conduct during discovery, which is

the matter addressed by the Court's January 14 order. In any event, the Court awarded summary

judgment to Defendant on Plaintiff's claims for wrongful denial of benefits and breach of

---

[2] While Plaintiff emphasizes that her supplemental responses are over 150 pages in length, she fails to acknowledge that the great bulk of the responses are simply cut and paste from one, 8-page narrative, a substantial portion of which itself was cut and paste from Plaintiff's complaint.

fiduciary duty on January 27, 2005. In that Order, the Court held that "there was no wrongful denial [of benefits, and] the plaintiff's claim for breach of fiduciary duty based on that denial also fails." See Jan. 27, 2005 Order at 16. Given that Plaintiff herself describes her entire complaint as premised on the allegedly wrongful denial of benefits (*see* Opposition at 4), the Court has already rejected the entirety of Plaintiff's legal contentions. Nothing about Plaintiff's complaint should alter the Court's earlier finding with respect to Plaintiff's misconduct.

### III.  CONCLUSION

For the reasons discussed above, along with the papers and argument Defendant previously submitted, Defendant respectfully request that the Court affirm its earlier award of costs and fees. To promote no further briefing on this issue, Defendant does not seek reimbursement for the fees incurred in drafting this Response.

DEFENDANT
PITNEY BOWES INC.

By _____

John G. Stretton (Fed. Bar No. 19902)
Edwards & Angell LLP
301 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 353-6844
Fax: (800) 232-0862
Email: jstretton@edwardsangell.com

Nicole A. Diller (admitted pro hac vice)
Donald P. Sullivan (admitted pro hac vice)
Morgan Lewis & Bockius
One Market, Spear Street Tower
San Francisco, CA 94105
Tel.: (415) 442-1000
Fax: (415) 442-1001
Email: ndiller@morganlewis.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing DEFENDANT'S RESPONSE TO

PLAINTIFF'S NUNC PRO TUNC OBJECTION TO MAGISTRATE'S DECISION

GRANTING MOTION TO COMPEL WITH FEES has been sent via first class mail, postage

prepaid to:

        Mark P. Carey, Esq.
        Carey & Associates, P.C.
        71 Old Post Road, Suite One
        Southport, CT 06890

        Nicole A. Diller, Esq.
        Morgan Lewis & Bockius, LLP
        One Market, Spear Street Tower
        San Francisco, CA 94105

this 9th day of February, 2005.

                                            _____
                                            John G. Stretton