UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| GERTRUDE BAYONNE | : | |
| | : | |
| v. | : | CIV. NO. 3:03CV712 (WWE) |
| | : | |
| PITNEY BOWES, INC., ET AL | : | |

RULING ON DEFENDANT'S MOTION FOR COSTS AND FEES

On January 15, 2005, this Court granted defendant Pitney Bowes, Inc.'s Motion to Compel and Motion for Costs and Fees. [Doc. #73]. The Court directed defendant to submit a Supplemental Motion for Costs and Fees with supporting affidavit and billing records. [Doc. #89].

Pitney Bowes seeks attorneys' fees of $11,919 that it asserts were reasonably incurred in litigating the Motion to Compel. [Doc. #90]. This sum includes legal fees charged by lead counsel, Morgan, Lewis & Bockius LLP, in the amount of $8,284.50 [Doc. #90, Diller Aff, Ex. A-D]; and local counsel, Edwards & Angell LLP, in the amount of $2,878.50 [Doc. #90, Stretton Aff. Ex. A], for the preparation and litigation of the original motion to compel; and fees incurred of $756 by Attorney Donald P. Sullivan, of Morgan, Lewis, in the preparation of the supplemental motion for costs and fees.

1

STANDARD

The district court is afforded broad discretion in assessing a reasonable fee award based on the circumstances of the case. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Id. The defendant is entitled to the lodestar amount which is calculated from the product of a reasonable hourly rate and the number of hours reasonably expended by each attorney. See Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999); Greenbaum v. Svenska Handelsbanken, N.Y., 998 F. Supp. 301, 303 (S.D.N.Y. 1998). Such reasonableness must be demonstrated by time records that specify dates, hours, and nature of work done in the case. New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1140 (2d Cir. 1983). If adequate records are not provided, a court will not award the amount requested. K.F. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir. 1987). The lodestar figure may be adjusted based on several factors; however, there is a strong presumption that it represents a reasonable fee. See Quaratino, 166 F.3d at 425 (citations omitted). "In determining the number of hours reasonably expended for purposes of calculating the lodestar, the district court should exclude excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." Quaratino, 166 F.3d at 425 (citing Hensley, 461 U.S. at 433-35, 440). "[A]ttorney's fees are to be

2

awarded with an eye to moderation, seeking to avoid either the reality or the appearance of awarding windfall fees." <u>New York State Ass'n for Retarded Children, Inc.</u>, 711 F.2d at 1140.

The specific breakdown of time each attorney spent on this case, along with a requested hourly rate, is as follows:

|    | Attorney          | Hours Billed | Hourly Rate  |
|----|-------------------|--------------|--------------|
| 1. | John G. Stretton  | 10.1 hours   | $ 285[1]     |
| 2. | Donald P. Sullivan| 2.4 hours    | $ 315        |
| 3. | Nicole A. Diller  | 11.3 hours   | not provided |
| 4. | J.M. Krakora      | 15 hours     | not provided |

A.  <u>Reasonable Hourly Rates</u>

When calculating the lodestar, a court should use the reasonable hourly rates prevailing in the community where the district court sits. <u>Cruz v. Local Union Number 3 of Int'l Bhd. of Elec. Workers</u>, 34 F.3d 1148, 1159 (2d Cir. 1994).

"In seeking some basis for a standard, courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and

---

[1] This hourly rate was not provided by counsel but was calculated by the Court.

3

reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to--for convenience--as the prevailing market rate." Blum, 465 U.S. at 896. The fee affidavits fail to provide satisfactory evidence of the prevailing market rates and fail to state the attorneys' respective years of experience, skills and reputation.  Indeed, Attorneys Diller and Krakora did not provide their hourly rates and the Court is unable to calculate it from the billing records provided. This leaves the Court with little evidence on which to determine a reasonable hourly rate based on the experience of counsel and no evidence of the prevailing rate for similarly experienced attorneys in this district.

Based on this Court's extensive experience and knowledge of rates in this District and based on the absence of evidence in the record concerning the experience of defendant's attorneys, the Court finds a billing rate of $250 per hour to be reasonable.

B. Reasonable Time Spent

In calculating the lodestar, the court should consider the number of hours reasonably expended by each attorney.  Quaratino, 166 F.3d at 425.  Reasonableness must be demonstrated by time records that specify dates, hours, and the nature of work done in the case.  New York State Ass'n for Retarded Children, Inc., 711 F.2d at 1140.  A court "should exclude excessive, redundant or otherwise unnecessary hours." Quaratino, 166 F.3d at 425.

Defendant's counsel seek compensation for 38.8 hours of work

to prepare the Motion to Compel [doc. #73], to attend oral argument and to prepare the supplemental Motion for Costs and Fees [doc. #90]. After careful review of the billing records, this Court finds expenditure of such time to be excessive. There is no question that plaintiff failed to respond to the First Set of Interrogatories and that the Motion to Compel was warranted. However, 17.9 hours to research and write the motion is clearly excessive and duplicative. The Court further finds 10.2 hours to draft a two page letter to the Court and to prepare and attend oral argument to be excessive. Finally, the Court disallows compensation of 2.4 hours for the preparation of the supplemental motion for costs and fees. A properly prepared motion for costs and fees would have included affidavits and billing records in the original motion. The Court could have denied the request for fees on that basis alone. Rather, the Court provided counsel with an opportunity to provide evidence to support their request.

The Court applies an across-the-board reduction of fifty percent as follows: (1) Attorney Stretton, 5.1 hours; (2) Attorney Diller, 5.6 hours; and (3) Attorney Krakora, 7.5 hours, all totaling 18.2 hours.

CONCLUSION

For the reasons set forth above the Court awards the defendant attorney's fees in the amount of $4,550.[2] Plaintiff

---

[2]This amount represents an hourly rate of $250 multiplied by 18.2 hours totaling $4,550.

will pay these fees within ten (10) days of this ruling and order.

This is not a recommended ruling. This is a ruling on attorneys' fees and costs which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 2nd day of August 2005

```
    ___/s/_____
    HOLLY B. FITZSIMMONS
    UNITED STATES MAGISTRATE JUDGE
```