UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated Term of the United Stated Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 3rd day of January, two thousand and six.

Present: ROSEMARY S. POOLER,
ROBERT A. KATZMANN,
BARRINGTON D. PARKER,
            Circuit Judges.



GERTRUDE BAYONNE,

        Plaintiff-Appellant,

-v-     (05-1065)

PITNEY BOWES, INC., PITNEY BOWES, INC. LONG TERM DISABILITY PLAN, PITNEY BOWES, INC. LONG TERM DISABILITY PLAN ADM and PITNEY BOWES, INC. DISABILITY DEP'T,

        Defendants-Appellees.

Appearing for Plaintiff-Appellant: Mark P. Carey, Carey & Associates, Southport, CT.

Appearing for Defendants-Appellees: Nicole A. Diller, Morgan, Lewis, & Bockius LLP, San Francisco, CA (Donald P. Sullivan, on the brief).

Appeal from the United States District Court for the District of Connecticut, (Warren W. Eginton, District Judge).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

ISSUED AS MANDATE: JAN 2 4 2006

Plaintiff-appellant Gertrude Bayonne ("Bayonne") appeals from a January 27, 2005, decision of the United States District Court for the District of Connecticut (Eginton, J.) granting summary judgment in favor of defendants-appellees Pitney Bowes, Inc., et al. ("Pitney") as to Bayonne's claims for relief under ERISA §§ 502(a)(1)(B) and 502(a)(3). The district court granted summary judgment in favor of Pitney as to the first claim after determining that Pitney did not abuse its discretion in denying Bayonne long term disability ("LTD") benefits. Because the court found that denial was not wrongful, it also rejected plaintiff's second claim that Pitney breached its fiduciary duty by denying benefits and thus violated § 502(a)(3). Bayonne appeals this decision. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review the district court's grant of summary judgment *de novo*. Trans Sport, Inc. v. Starter Sportswear, Inc., 964 F.2d 186, 188 (2d Cir. 1992). In determining whether to grant summary judgment under Fed R. Civ. P. 56, we view the evidence in the light most favorable to the nonmoving party, and we draw all reasonable inferences in her favor. Id.; Del. & Hudson Ry. Co. v. Consol. Rail Corp., 902 F.2d 174, 177 (2d Cir. 1990).

ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), enables a plan participant to bring suit for the recovery of benefits due her under the terms of the plan. ERISA does not set out standards of review for actions challenging eligibility determinations, so courts have created standards. Zuckerbrod v. Phoenix Mut. Life Ins. Co, 78 F.3d 46, 49 (2d Cir. 1996). Where a plan gives its administrator broad discretion to determine whether a plan holder is entitled to payment of benefits, as is clearly the situation with the instant case, a court may reverse the *administrator's* decision only if it is arbitrary or capricious. Id. We review *de novo*, however, a *district court's* decision that a plan administrator has not acted arbitrarily or capriciously in denying benefits. Id. A denial of a claim under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), is arbitrary and capricious if the decision is unreasonable or unsupported by substantial evidence such that it constitutes a clear error of judgment. Zuckerbrod, 78 F.3d at 49. Substantial evidence is such evidence that a reasonable mind might accept as adequate. Id.

This evidence may include medical documentation. See Black & Decker Disability Plan v. Nord, 538 U.S. 822, 833 (2003). In evaluating this evidence, plan administrators need not accord special weight to the plan participant's treating physicians. Id. at 834. Of course, they may not arbitrarily refuse to credit a claimant's reliable evidence, which may include opinions from treating physicians, but this need not carry any special weight relative to the opinions of other doctors. Id. Additionally, courts may not impose on plan administrators the burden of explaining their reasons for crediting reliable evidence that happens to conflict with evidence that the claimant has submitted. Id.

On *de novo* review, we conclude that the plan administrator did not act arbitrarily or capriciously. The administrative record contains sufficient evidence to support the administrator's conclusion that Bayonne is not "totally disabled" within the Plan's definition of the term because she was capable of performing her tasks as a cashier. This is true even assuming that she had actually experienced all of the symptoms that she reported. Therefore, the decision to deny benefits is supported by substantial evidence.

In her brief, Bayonne also challenges the district court's decision to grant summary judgment in favor of Pitney for her ERISA § 502(a)(3) claim. See Bayonne's br. at 43. Although Bayonne seemingly conceded this claim during oral argument, we will address it in the interest of completeness. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), empowers a plan participant to bring suit *to enjoin* any act or practice that violates provisions of this sub-chapter or the terms of the plan. Alternatively, a participant may obtain other appropriate equitable relief to redress such violations or to enforce any provisions of this sub-chapter. Id. Section 502(a)(3) acts as a safety net. See Devlin v. Empire Blue Cross & Blue Shield, 274 F.3d 76, 89 (2d Cir. 2001). It is possible, however, that a claimant could seek relief under § 502(a)(3) even though she could also seek relief under a different ERISA provision. Id. Although this is not normally appropriate, a court may determine, in its discretion, that other appropriate equitable remedy is necessary despite that a claimant has already received some remedy under a different ERISA section. Id. In this instance—or if a plan participant has no remedy under another ERISA section—equitable relief under § 502(a)(3) is a viable possibility. Id.

Bayonne alleges a claim under this section for breach of fiduciary duties stemming from Pitney's alleged procedural violations. Specifically, Bayonne first contends that Pitney failed to afford her a full and fair review of her LTD claim by failing to give her notice of the grounds for denying her claim. Bayonne correctly notes that the purpose behind this notice requirement is to ensure that claimant's have enough information so that they may adequately prepare for their appeal. Juliano v. Health Maint. Org., 221 F.3d 279, 287 (2d Cir. 2000). Secondly, Bayonne claims that in committing procedural violations, Pitney violated its fiduciary duties by failing to discharge its duties with the care, skill, prudence, and diligence that ERISA requires. Bayonne is again correct that ERISA fiduciaries possess these duties. Donovan v. Bierwirth, 680 F.2d 263, 271 (2d Cir. 1982). Fiduciaries also have a duty not to make misrepresentations or omissions. See Pocchia v. NYNEX Corp., 81 F.3d 275, 279 (2d Cir. 1996).

Bayonne's claim for equitable relief under § 502(a)(3) must fail. First, it is unlikely that Pitney committed any procedural notice violations that would properly support this claim. Upon review of Bayonne's remaining contentions, we find no violation of Pitney's obligations under the Plan sufficient to support Bayonne's claim for equitable relief.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT:
Roseann B. MacKechnie, Clerk of Court
By: *Lucille Carr*

A TRUE COPY
Roseann B. MacKechnie, CLERK
*Angela Martin*
DEPUTY CLERK

3